United States District Court
Southern District of Texas
FILED

FEB 2 8 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-047 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, INC., | § | |
| AND MBA OF WYOMING, INC. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Companion Life Insurance Company, Managed Benefits Administrator and Insurance Consultants, Inc., J. Allan Hall & Associates, Inc., and MBA of Wyoming, Inc., pursuant to 28 U.S.C. §§ 1441 and 1446 hereby remove this action from the 138th District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas. In support of this notice, Defendants would respectfully show unto the Court as follows:

**BACKGROUND**

1.    On November 27, 2002, Plaintiff commenced this action by filing its original petition against these Defendants in the 138th District Court of Cameron County, Texas. (A copy of Plaintiff's Original Petition is attached hereto as Exhibit "1.") All Defendants have appeared and answered herein. (Copies of Defendants' answers are attached hereto Exhibits "3", "5", "6", "7" and "8.")

2.    Recently, on or about February 11, 2003, Plaintiff filed its Motion for Non-suit dismissing Defendant Michael M. Swetnam, Jr.  In addition, Defendant Swetnam filed his Motion for Non-suit of cross-claims against Plaintiff.  The state district court entered its order dismissing Defendant Swetnam on February 18, 2003.  (A copy of the state district court's Order is attached hereto as Exhibit "7.")

## BASIS FOR REMOVAL

### A.    Diversity of Citizenship

3.    Upon information and belief, Plaintiff is resident of Cameron County, Texas, and therefore is a citizen of Texas.

4.    Defendant Companion Life Insurance Company is an insurance company organized under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina.

5.    Defendant Managed Benefits Administrator and Insurance Consultants, Inc. is a corporation organized under the laws of the State of Utah, with its principal place of business in the State of Utah.

6.    Defendant J. Allan Hall & Associates, Inc. is a corporation organized under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

7.    Defendant MBA of Wyoming, Inc. is a corporation organized under the laws of the State of Wyoming, with its principal place of business in the State of Wyoming.

8.    Complete diversity exists between Plaintiff and Defendants thereby conferring jurisdiction with this Court pursuant to 28 U.S.C. § 1332.

### B.    Amount in Controversy

9.    Upon information and belief, the amount in controversy exceeds $75,000.00. Plaintiff claims actual damages "are in excess of $800,000.00." (See Plaintiff's Original Petition ¶ VII.)

10.    This action may be removed to a Federal District Court pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Accordingly, this Court has original jurisdiction of this matter under 28 U.S.C. § 1332(a).

### C.    Prerequisites to Removal

11.    Timeliness of Removal.    This Notice of Removal is being filed within 30 days after receipt by these Defendants of the Plaintiff's Motion for Nonsuit dismissing the only non-diverse, Texas resident (Swetnam). This Motion constitutes the first "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. 1446. Further, this Notice is being filed within 30 days of the state district court's Order dismissing the only non-diverse Texas defendant from this lawsuit. This matter has been on file less than one year. Therefore, removal is timely under 28 U.S.C. § 1446(b).

12.    Consent of Defendants.    All Defendants in this action consent to the removal of this action to the Federal District Court and join in this Notice of Removal.

13.    Pleadings and Process.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this notice "A copy of all process, pleadings, and orders served upon it." More specifically, pursuant to Local Rule 81, attached are the following documents:

|        |        |
|--------|--------|
| Exhibit 1: | Plaintiff's Original Petition |
| Exhibit 2: | Processes of Service on Defendants |
| Exhibit 3: | Michael N. Swetnam, Jr.'s Original Answer and Special Exceptions |

| | |
|---|---|
| Exhibit 4: | Michael N. Swetnam's Counter Claim |
| Exhibit 5: | Companion Life Insurance Company's Original Answer and Special Exceptions Subject to Motion to Compel Arbitration |
| Exhibit 6: | J. Allan Hall & Associates, Inc.'s Original Answer Subject to Plea in Abatement |
| Exhibit 7: | MBA of Wyoming, Inc.'s Original Answer and Verified Denial to Original Petition |
| Exhibit 8: | Managed Benefits Administrator and Insurance Consultants, Inc.'s Original Answer and Verified Denial to Original Petition |
| Exhibit 9: | Interlocutory Default Judgment |
| Exhibit 10: | Order Granting Nonsuit Without Prejudice |
| ~~Exhibit 11:~~ | ~~Order Setting Aside Default Judgment and Granting a New Trial~~ |
| Exhibit 12: | State Court's Civil Docket Sheet |
| Exhibit 13: | Index of Exhibits to Notice of Removal |
| Exhibit 14: | List of All Counsel of Record |

14.    Notice.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been served on Plaintiff and will be filed with the clerk of the 138th District Court of Cameron County, Texas.

WHEREFORE, Defendants Companion Life Insurance Company, Managed Benefits Administrator and Insurance Consultants, Inc., J. Allan Hall & Associates, Inc., and MBA of Wyoming, Inc. request that this case be removed from the 138th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Dated: February 28, 2003

Respectfully submitted,

PIPER RUDNICK, L.L.P.

Shelby J. Bush
State Bar No. 03497045
Federal I.D. No. 16578
1717 Main Street, Suite 4600
Dallas, Texas 75201
214.743.4500
214.743.4545 (fax)
**ATTORNEYS FOR COMPANION LIFE INSURANCE COMPANY**

THE GARCIA LAW FIRM, P.C.

Cindy A. Garcia
State Bar No. 07631710
Federal I.D. No. _____
Lesslie L. Eanes
State Bar No. 24036513
Federal I.D. No. _____
201 North First Street
Harlingen, Texas  78550
956.412.7055
956.412.7105
**ATTORNEYS FOR MANAGED BENEFITS
ADMINISTRATOR AND INSURANCE CONSULTANTS,
INC. AND MBA OF WYOMING, INC.**

BRACEWELL & PATTERSON, L.L.P.

Roberta J. Hegland
State Bar No. 09375000
Federal I.D. No. 6842
Joseph A. Stallone
State Bar No. 00797485
2000 One Shoreline Plaza - South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas  78401-3700
Telephone No.:   (361) 882-6644
Telecopier No.:   (361) 903-7000
**ATTORNEYS FOR DEFENDANT J. ALLAN HALL &
ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the parties listed below on this the 28th day of February, 2003:

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Steven E. Walraven
Otto S. Good
Shaddox, Compere, Walraven & Good, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209

Roberta J. Hegland
Joseph A. Stallone



Exhibit "1"

AURORA DE LA GARZA DIST. CLERK

NOV 21 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY

NO. _2002-11-4661-B_

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § | IN THE DISTRICT COURT |
| VS. | § | _138th_ JUDICIAL DISTRICT |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** and files this its Original Petition, complaining of **COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC.,** and for its claims, would show unto the Court as follows:

### Discovery Level

### I.

Because of the nature and complexity of this case, Plaintiff intends to file a Motion with the Court to conduct discovery under Level 3 of Rule 190, TEXAS RULES OF CIVIL PROCEDURE.

### Jurisdiction and Venue

### II.

This Court has jurisdiction of this case as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue of this lawsuit is proper in Cameron County, Texas pursuant to Section 15.002 of the TEXAS CIVIL PRACTICES & REMEDIES CODE because this is the county in which all or a substantial part of the events or omissions giving rise to the claims occurred.

RECEIVED
DEC - 4 2002
JAH

Venue is further proper in Cameron County, Texas as to Defendant, **MICHAEL M. SWETNAM, JR.**, pursuant to Section 15.002(2) of the TEXAS CIVIL PRACTICES & REMEDIES CODE because this is the county of this Defendant's residence. Venue is proper as to the remaining Defendants pursuant to Section 15.005 of the TEXAS CIVIL PRACTICES & REMEDIES CODE since venue is proper in Cameron County, Texas, as to Defendant, **MICHAEL M. SWETNAM, JR.**

**Parties**

**III.**

Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** ("San Benito CISD" and/or the "School District") is a school district residing in Cameron County, Texas.

Defendant, **COMPANION LIFE INSURANCE COMPANY** ("Companion Life"), of Columbia South Carolina, is an insurance company licensed to do business in the State of Texas, and doing business in Texas, and may be served with process through its agent for service, Aldean E. Kainz, at 100 Congress Avenue, Suite 1100, Austin, Travis County, Texas 78701-4099.

Defendant, **MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.** ("MBAICI"), is a foreign corporation, with its principal place of business in Salt Lake City, Utah. It is not authorized to do business in the State of Texas but is doing business in this State. Defendant has not designated an agent in this State on whom service of citation may be made, and therefore, should be served with process by serving the Secretary of State of Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 17.044 and 17.045 (Vernon 1986), commonly known as the Long-Arm Statute, to be forwarded to said Defendant's registered agent in Utah as follows: Mr. Don W. Merrill, Registered Agent, Managed Benefits Administrator and Insurance Consultants, Inc., 3625 S. West Temple, Suite 200, Salt Lake City, UT 84115. This address is also the home office

Page -2-

DEC - 4 2002

JAH

address for this Defendant.

Defendant, **MICHAEL M. SWETNAM, JR., ("Swetnam"),** is an individual residing in San Benito, Cameron County, Texas and may be served with process by serving him at his place of business, 148 N. Sam Houston Boulevard, Suite 1A, San Benito, Texas 78586-1008.

Defendant, **J. ALLAN HALL & ASSOCIATES, INC.** ("J. Allan Hall"), is a foreign corporation licensed to do business in the State of Texas and doing business in Texas, and may be served with process by serving its agent for service, C T Corporation System, 350 N. St. Paul, Dallas, Dallas County, Texas.

Defendant, **MBA OF WYOMING, INC.** ("MBA"), is a foreign corporation authorized to do business in the State of Texas and is doing business in Texas, and may be served with process by serving its registered agent for service, The Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938, for forwarding to said Defendant as follows:  Don W. Merrill, Utah registered agent for MBA of Wyoming, Inc., 3625 S. West Temple, Salt Lake City, Utah 84115-4409.

### Background Facts

### IV.

Since the mid-to-late 1990s, the San Benito CISD has been self-insured with respect to the health insurance benefits which it provides to its employees, and their dependents. However, to protect the School District from large claims each year, it purchased a policy of reinsurance. The reinsurance was purchased by the School District for its sole benefit and the reinsurance in no way affected the benefits owed or paid to the School District's employees and their dependents.

### V.

During the 2000-2001 school year, the School District purchased reinsurance from Companion Life. Under the terms of the policy of reinsurance issued by Companion Life,

DEC - 2002

the School District would pay out of its own funds the first $75,000 incurred by any of its employees or their dependents for covered medical expenses. After expending the sum of $75,000 for any one employee or that employee's dependent, any additional sums spent by the School District for additional medical expenses would be reimbursed by Companion Life, up to a per person policy limit of One Million Dollars.

## VI.

The policy of insurance referred to above with Companion Life was procured through Swetnam as the resident agent in Texas and through MBAICI. J. Allan Hall acted as the agent and representative of Companion Life with respect to providing this policy of reinsurance to the School District. Plaintiff alleges that MBAICI operated as a unified economic entity with MBA, and MBA is therefore jointly and severally liable for the conduct of MBAICI.

## VII.

MBAICI and Swetnam advised the San Benito CISD that specific inquiry had been made to J. Allan Hall and Companion Life concerning their practices and procedures concerning the payment of benefits and the advance funding of benefits owed under the policy at the time the reinsurance was purchased. It was represented to the School District by J. Allan Hall, MBAICI, and Swetnam that if medical benefits were incurred during the policy period by an employee and/or an employee's dependent in excess of the self-insured retention of $75,000, such expenses would be reimbursed by Companion Life to the School District, even if the School District had not yet issued a check for the incurred expenses.

Contrary to these representations, in excess of $800,000 of payments made by the School District on behalf of its employees and their dependents were not reimbursed by Companion Life. Contrary to these representations, Companion Life asserted that although the medical expenses had been incurred during the policy period, because checks had not

DEC - 2002

been written by the School District during the policy period (and had not been deposited in the mail during the policy period), Companion Life refused to provide reimbursement to the School District for a sum in excess of $800,000. MBAICI has assured the School District that the actions taken by Companion Life was contrary to the representations made by J. Allan Hall on behalf of Companion Life.

### VIII.

The Companion Life policy period ended on August 31, 2001. Shortly before this date, MBAICI undertook to place new reinsurance for the 2001-2002 school year. MBAICI prepared the paperwork to solicit proposals for reinsurance, and obtained quotations from both Companion Life, and another entity known as BCS Insurance Company. The application and other appropriate documents were completed in August, 2001. The proposal from Companion Life was approximately $500,000 higher than the proposal from BCS, and MBAICI recommended that the School District accept the BCS proposal.

Unfortunately, the paperwork submitted to BCS by MBAICI was inadequate and incomplete. Although MBAICI continued to reassure the School District that it had purchased reinsurance from BCS, BCS had declined to provide the reinsurance. Late in the Fall of 2001, when the application paperwork had been corrected, and BCS had obtained the proper disclosures, it became apparent that there were a number of claims which would have been covered by the reinsurance had it already been purchased. BCS declined to provide the reinsurance for benefits already paid by the School District and severely limited the amount it would pay for other named employees and their dependents. These sums, totaling in excess of $800,000, would have been reimbursed to the School District had the reinsurance been properly and timely renewed for the 2001-2002 school year.

DEC - 2002
JAH

## Causes of Action

### First Cause of Action - Violations of Tex. Ins. Code Art. 21.21

### IX.

All Defendants have violated the provisions of TEX. INS. CODE Art. 21.21, including, but not limited to, the following:

1.   Misrepresenting the terms of the policy issued by Companion Life.

2.   In misrepresenting to Plaintiff material facts and policy provisions relating to coverages at issue.

3.   In making untrue statements of material fact.

4.   In failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

5.   In making a statement in such a manner as to mislead a reasonably prudent person to a false conclude of a material fact.

Such violations were a producing cause of Plaintiff's damages as hereinafter set forth.

### Second Cause of Action - Negligent Misrepresentation

### X.

All of the Defendants negligently misrepresented that certain sums of money would be reinsured by Companion Life, when in fact they were not, as described above. Such negligence was a proximate cause of damages to the Plaintiff has hereinafter set forth.

### Third Cause of Action - Negligence

### XI.

MBAICI was negligent in its handling of the renewal of the reinsurance for the 2001-2002 school year. Moreover, MBAICI was negligent in the manner and means it prepared the applications, disclosures and other required paperwork, and therefore negligent in causing a delay in the renewal of the policy. This negligence was a proximate cause of damages to Plaintiff as hereinafter set forth. In addition, MBA is jointly and severally liable

DEC - 2002
JAH

for the conduct of MBAICI because the two entities are a single business enterprise.

### Damages

### XII.

Plaintiff's actual damages are in excess of $800,000, which represents the sum of money for which it has not been reimbursed by Companion Life.

### XIII.

As to the First Cause of Action for violations of TEX. INS. CODE Art. 21.21, Plaintiff is entitled to its actual damages, and to the extent that the trier of fact finds that any of the Defendants knowingly committed the acts complained of, Plaintiff seeks additional damages not to exceed three times the amount of actual damages. In addition, Plaintiff is entitled to the reasonable and necessary attorney's fees incurred in prosecuting this lawsuit.

### XIV.

As to the Second Cause of Action for negligent misrepresentation, Plaintiff is entitled to its actual damages as set forth above.

### XV.

As to the Third Cause of Action for negligence, Plaintiff is entitled to its actual damages as set forth above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** prays that the Defendants be cited to appear and answer herein, and that Plaintiff have judgment of and from the Defendants, for its damages as set forth above, pre-judgment interest, post-judgment

DEC - 2002

interest, attorney's fees, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF RENE RAMIREZ
Celeste Guerra
1906 Tesoro
Pharr, Texas 78577
Telephone: 956/783-7880
FAX # 956/783-7884

AND

SHADDOX, COMPERE, WALRAVEN
   & GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: 210/822-2018
FAX: 210/822-4068

By:_____
        Stephen E. Walraven
        State Bar No. 20796800
        Otto S. Good
        State Bar No. 08139600
ATTORNEYS FOR PLAINTIFF

DEC - 2002

## JURY DEMAND

Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, hereby demands a trial by jury.

Respectfully submitted,

LAW OFFICES OF RENE RAMIREZ
Celeste Guerra
1906 Tesoro
Pharr, Texas 78577
Telephone: 956/783-7880
FAX # 956/783-7884

AND

SHADDOX, COMPERE, WALRAVEN
    & GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: 210/822-2018
FAX: 210/822-4068

By: _____
      Stephen E. Walraven
      State Bar No. 20796800
      Otto S. Good
      State Bar No. 08139600
ATTORNEYS FOR PLAINTIFF

DEC - 2002
JAN



Exhibit "2"

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.005.01

No. 2002-11-004661-B

**DELIVERED BY** _____
**DATE** ___12/2/02___

**T H E   S T A T E   O F   T E X A S**

**COPY** 2.16

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: J. ALLAN HALL & ASSOCIATES, INC.,
    SERVING REGISTERED AGENT
    CT CORPORATION SYSTEM
    350 N. ST. PAUL
    DALLAS, TEXAS

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004661-B.

The style of the case is:

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
VS.
COMPANION LIFE INSURANCE COMPANY, ET. AL

RECEIVED
DEC - 4 2002

Said petition was filed in said court by _____HON. STEPHEN E. WALRAVEN_____
(Attorney for _____PLAINTIFF_____), whose address is 1250 N. E. LOOP 410, SUITE 725 SAN ANTONIO, TX. 78209

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of NOVEMBER, A.D. 2002.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____RICK M. CORNEJO_____, Deputy

Dec-11-2002 14:44    From-BCBS LAW DEPT                    803-736-2713          T-061  P.003/012  F-215

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

No. 2002-11-004661-B

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COMPANION LIFE INSURANCE COMPANY
    SERVING REGISTERED AGENT
    ALDEAN E. KAINRZ
    100 CONGRESS AVENUE, STE 1100
    AUSTIN, TEXAS 78701-4098

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 21, 2002. A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004661-B.

The style of the case is:

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
VS.
COMPANION LIFE INSURANCE COMPANY, ET. AL

Said petition was filed in said court by _____ HON. STEPHEN E. WALRAVEN
(Attorney for _____ PLAINTIFF _____), whose address is
1250 N. E. LOOP 410, SUITE 725 SAN ANTONIO, TX. 78209

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of NOVEMBER, A.D. 2002.

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

RICK M. CORNEJO, Deputy

12/10 '02 18:17

FEB-27-03 THU 05:12 PM   THE   CIA LAW FIRM PC   FAX NO. 9564   105          P. 04

DEC 17-02   12:23PM   FROM-CAPITOL SPECIA'  TKS                    +7709370030           998  P 005   F-330

itation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.006.01

## No. 2002-11-004661-B

### T H E   S T A T E   O F   T E X A S                    COPY

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
ou or your attorney do not file a written answer with the clerk who issued this
itation by 10:00 a.m. on the Monday next following the expiration of twenty
ays after you were served this citation and petition, a default judgment may be
aken against you.

): MBA OF WYOMING, INC.
   SERVING DON W. MERRILL
   3625 S. WEST TEMPLE
   SALT LAKE CITY, UT 84115-4409
   the        DEFENDANT     , BY SERVING IN  TRIPLICATE COPIES TO THE
              COMMISSIONER OF INSURANCE
   333 GUADALUPE ST., AUSTIN, TEXAS  78714                          , GREETING:

You are commanded to appear by filing a written answer to the

LAINTIFF'S ORIGINAL PETITION

: or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
ays after the date of service of this citation before the Honorable District
ou.. 138th Judicial District of Cameron County, Texas at the Courthouse of said
ounty in Brownsville, Texas. Said        PETITION        was filed on

NVEMBER 21, 2002 . A copy of same accompanies this citation.

ie file number of said suit being No. 2002-11-004661-B.

.e style of the case is:

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
VS.
COMPANION LIFE INSURANCE COMPANY, ET. AL

filed in said court by        HON. STEPHEN E. WALRAVEN

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
| --- | --- |
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil vice and Remedies Code, if ot prepared by Clerk of Court. | I hereby certify that on the 21st of NOVEMBER 2002, I mailed to<br><br>MBA OF WYOMING, INC.<br><br>by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto. |

DEC 17 '02 12:27                                              +7709370030           PAGE.05

FEB-27-03 THU 05:12 PM   THE  RCIA LAW FIRM PC     FAX NO. 9564  185        P 003

02/19/03  WED 18:02 FAX 512 463 0873        TX SEC OF STATE-STAT DOC            ☒003

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

## No. 2002-11-004661-B

### T H E  S T A T E  O F  T E X A S                     **COPY**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: MANAGED BENEFITS ADMINISTRATOR & INSURAN
SERVING MR. DON W. MERRILL
3625 S. WEST TEMPLE, STE 200
SALT LAKE CITY, UT 84115
the       DEFENDANT     , BY SERVING IN DUPLICATE  COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX 78711-2079            , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court 138th Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas. Said        PETITION        was filed on

NOVEMBER 21, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004661-B.

The style of the case is:

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC
VS.
COMPANION LIFE INSURANCE COMPANY, ET. AL

Said petition was filed in said court by      HON. STEPHEN E. WALRAVEN

(Attorney for         PLAINTIFF          ), whose address is

1250 N. E. LOOP 410, SUITE 725 SAN ANTONIO, TX. 78209            .

The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the 21st day of NOVEMBER , A.D. 2002.

AURORA DE LA GARZA    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

RECEIVED
SECRETARY OF STATE
DEC 0 2 2002
2:30 PM
CITATIONS UNIT

RICK M. CORNEJO      , Deputy

070849



02/18/03 WED 14:02 FAX 512 463 0871    11 SEC OF STATE-STAT DOC                    @006

ADDRESSEE'S RECEIPTS WITH
ADDRESSEE'S SIGNATURE                   CERTIFICATE OF DELIVERY OF MAIL

Rule 106 (a)(2): The citation          I hereby certify that on the 21st of
shall be served by mailing to          NOVEMBER 2002, I mailed to
the defendant by Certified
Return Receipt Requested, a            MANAGED BENEFITS ADMINISTRATOR & INSURAN
copy of the citation.
Sec. 17.027, Rules of Civil            by registered mail or certified mail,
Practice and Remedies Code, it         delivery restricted to addressee only,
not prepared by Clerk of Court.        return receipt requested to addressee
                                       this citation with a copy of true
                                       attached hereto, a copy of the petition

NAME OF PREPARER

                                       CERTIFIED MAIL NO.
                                       RETURN RECEIPT REQUESTED
ADDRESS                                DELIVER TO ADDRESSEE ONLY     469214

                                       AURORA DE LA GARZA
CITY          STATE    ZIP             Cameron County, Texas
                                       Cameron County, Texas    RICK M. CORNEJO
                   TITLE                                        District Clerk

                                                               _____ Deputy



Exhibit "3"

CAUSE NO. 2002-11-004661-B

SAN BENITO CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT

IN THE DISTRICT COURT

138TH JUDICIAL DISTRICT

VS.

COMPANION LIFE INSURANCE
COMPANY, MANAGED BENEFITS
ADMINISTRATOR AND
INSURANCE CONSULTANTS, INC.,
MICHAEL M. SWETNAM, JR.,
J.ALLAN HALL & ASSOCIATES, INC.,
and MBA OF WYOMING, INC.



CAMERON COUNTY, TEXAS

DEFENDANT, MICHAEL N. SWETNAM, JR.'S
ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MICHAEL N. SWETNAM, JR.**, Defendant in the above styled and numbered cause, and files this Defendant's Original Answer and Special Exceptions to the Plaintiff's Original Petition, and for said answer would respectfully show the Court as follows:

I.

A.    This Defendant specifically excepts to that portion of Paragraph VI of Plaintiff's Original Petition wherein Plaintiff alleges that the policy of insurance was procured by the Plaintiff through Defendant and without more specific pleading, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff's procurement of the policy of insurance through this Defendant be stricken, and of this special exception this Defendant prays Judgment of the Court.

1

D.    This Defendant specifically excepts to that portion of Paragraph IX of Plaintiff's Original Petition wherein Plaintiff alleges that this Defendant violated the provisions of the TEX. Ins. Code Art. 21.21, including, but not limited to the following:

1.  Misrepresenting the terms of the policy issued by Companion Life Insurance Company.

2.  In misrepresenting to the Plaintiff material facts and policy provisions relating to coverages at issue.

3.  In making untrue statements of material fact.

4.  In failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

5.  In making a statement in such a manner as to mislead a reasonably prudent person to a false conclude of a material fact.

and without more specific pleading, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff that this Defendant violated any provisions of the TEX Ins. Code, Art. 21.21, including the above listed provisions, be stricken, and of this special exception this Defendant prays Judgment of the Court

E.   This Defendant specifically excepts to that portion of Paragraph X of Plaintiff's Original Petition wherein Plaintiff alleges that this Defendant negligently misrepresented that certain sums of money would be reinsured by Companion Life Insurance Company and without more specific pleading, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff that this Defendant negligently misrepresented that certain sums of money would be reinsured by Companion Life Insurance Company be stricken, and of this special exception this Defendant prays Judgment of the Court.

F.   This Defendant specifically excepts to that portion of Paragraph XIII of Plaintiff's Original Petition wherein Plaintiff alleges this Defendant knowingly committed the acts complained and without more specific pleading, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff's procurement of the policy of insurance through this Defendant be stricken, and of this special exception this Defendant prays Judgment of the Court.

G.   This Defendant specifically excepts to that portion of Plaintiff's Original Petition wherein the Cameron County Clerk's stamped filing date has been manually altered and changed from either November 15, 2002 or November 25, 2002 and without certified and verification Cameron County Clerk's files, records and / or testimony to ascertain and / or determine the actual date Plaintiff's Original Petition was actually filed with Cameron County Clerk, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff's procurement of the policy of insurance through this Defendant be stricken, and of this special exception this Defendant prays Judgment of the Court.

4

H.    This Defendant specifically excepts to that portion of Paragraph XIII of Plaintiff's Original Petition wherein Plaintiff alleges that Plaintiff is entitled to damages not to exceed three times the amount of actual damages. Plaintiff is not a consumer under deceptive trade practices because Plaintiff has assets of more than $25 million, this Defendant cannot properly prepare his answer and defenses for the trial of this cause without being materially and irreparably prejudiced and unduly surprised and this Defendant prays that these general allegations of Plaintiff's procurement of the policy of insurance through this Defendant be stricken, and of this special exception this Defendant prays Judgment of the Court.

**II.**

## ANSWER, DENIAL AND DEFENSES

A.    Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and this Defendant respectfully request that the Plaintiff be required to prove the charges and allegations made against this Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

B.    Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 99 of the Texas Rules of Civil Procedure, and this Defendant respectfully request that Cameron County Clerk be required to prove the actual date that Plaintiff's Original Petition was filed with the Cameron County Clerk against this Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

C.      Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 99 of the Texas Rules of Civil Procedure, and this Defendant respectfully request that Cameron County Clerk be required to prove the Plaintiff's Original Petition's file number was consecutively number with the Cameron County Clerk against this Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

D.      Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 84 of the Texas Rules of Civil Procedure, and this Defendant specifically asserts that this Defendant was properly authorized by Plaintiff to act for and at the direction of Plaintiff as such this Defendant was Plaintiff's broker and this Defendant was not an agent of and / or for any other Defendant involved in this cause.

E.      Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 93 of the Texas Rules of Civil Procedure, and this Defendant specifically asserts that this Defendant is not liable in the capacity as an agent for Defendant, Companion Life Insurance Company, in which this Defendant is sued.

F.      Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 93 of the Texas Rules of Civil Procedure, and this Defendant specifically asserts that notice and proof of loss or claim for damage has not been given to this Defendant as alleged by Plaintiff.

G.      Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 94 of the Texas Rules of Civil Procedure, and this Defendant respectfully request that the written instrument that Plaintiff's Original Petition was founded is without consideration against this Defendant.

H.    Subject to such stipulations and admissions as may herein be made, this Defendant asserts a general denial as is authorized by Rule 94 of the Texas Rules of Civil Procedure, and this Defendant respectfully request that if the Cameron County Clerk's actual filing date of the Plaintiff's Original Petition is determined to be November 25, 2002 that the applicable Statute of Limitations has expired against this Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant, **MICHAEL N. SWETNAM, JR.**, respectfully prays that upon a final hearing hereof that Plaintiff recovers nothing of and from this Defendant and that the Court enter judgment that the Defendant go hence without day will all costs of Court, that this Defendant's Special exceptions be sustained and that the excepted portions of Plaintiff's Original Petition be stricken, and for such other and further relief to which this Defendant might show himself justly entitled to receive.

Respectfully submitted,

By:    _____

MICHAEL N. SWETNAM, JR.

148 N. Sam Houston Blvd., Suite 1A
San Benito, TX 78586
(956) 399-4190 (Telephone)
(956) 399-4476 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record by the manner indicated below, in this the 12th day of December, 2002.


_____
Michael N. Swetnam, Jr.


Via: CMRRR No.: 7001 1940 0002 5248 5475
Law Offices of Rene Ramirez
Celeste Guerra
1906 Tesoro
Pharr, TX 78577
Telephone: (956) 783-7880
FAX: (956) 783-7884


Via: CMRRR No.: 7001 1940 0002 5248 5468
Shaddox, Compere, Walraven, & Good, P.C.
Steven E. Walraven
1250 N.E. Loop 410, Suite 725
San Antonio, TX 78209
Telephone: (210) 822-2018
FAX: (210) 822-4068

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record by the manner indicated below, in this the 19th day of December, 2002.

_____
Michael N. Swetnam, Jr.


Via:  CMRRR No.:  7001 1940 0002 5248 5840
Companion Life Insurance Company
Mr. Aldean E. Kainz
100 Congress Avenue
Austin TX  78701


Via:  CMRRR No.:  7001 1940 0002 5248 5857
Managed Benefit Administrators and  Insurance Consultants, Inc.
Mr. Don Merrill
3625 S. Temple, Suite 200
Salt Lake City, UT  84115


Via:  CMRRR No.  7001 1940 0002 5248 5864
J. Allen Hall & Associates, Inc.
CT Corporation System
350 N. St Paul
Dallas, TX  78502


Via: CMRRR No.:  7001 1940 0002 5248 5871
MBA of Wyoming, Inc.
Mr. Don Merrill
3625 S. Temple, Suite 200
Salt Lake City, UT  84115



CAUSE NO. 2002-11-004661-B

| | |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | IN THE DISTRICT COURT |
| | 138TH JUDICIAL DISTRICT |
| VS. | |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J.ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | # 9 |
| | CAMERON COUNTY, TEXAS |

DEFENDANT, MICHAEL N. SWETNAM, JR.,
COUNTER CLAIM AGAINST PLAINTIFF, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S BOARD OF TRUSTEES, MR. MARIO SILVA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. HECTOR LEAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. MANUEL GONZALES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. LEO RAMIREZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. JOE G. GONZALEZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. OSCAR DE LA FUENTE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE , MR. JOE D. GONZALEZ, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE, MR. LORENZO SANCHEZ, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MICHAEL N. SWETNAM, JR.**, Defendant in the above styled and numbered cause, and files this Defendant's Counter Claim against Plaintiff, Plaintiff's Board of Trustees and Mr. Mario Silva, Individually and in his official capacity as Board Trustee, Mr. Hector Leal, Individually and in his official capacity as Board Trustee, Mr. Leo Ramirez, Individually and in his official capacity as Board Trustee, Mr. Joe G. Gonzalez, Individually and in his official capacity as Board Trustee, Mr. Manuel Gonzalez, Individually and in his official capacity as Board Trustee, and Mr. Oscar de la Fuente, Individually and in his official capacity

1

as Board Trustee, Mr. Joe D. Gonzalez, Individually and in his capacity as employee and Mr. Lorenzo Sanchez, Individually and in his capacity as employee, for said counter claim would respectfully show the Court as follows:

## I.

Pursuant to Texas Rules of Civil Procedure Rule 97 (b), and as permitted by Texas Statute, Title 11 Education, Subtitle C, Subchapter D, 11.151 (a) Defendant, **MICHAEL N. SWETNAM, JR.**, asserts this counter claim for this Defendant-Counter Plaintiff's pain, mental anguish, suffering and damages caused by Plaintiff-Counter Defendant and / or Plaintiff-Counter Defendant's Board of Trustees and / or Mr. Mario Silva, Individually and in his official capacity as Trustee, and / or Mr. Hector Leal, Individually and in his official capacity as Trustee, and / or Mr. Leo Ramirez, Individually and in his official capacity as Trustee, and / or Mr. Joe G. Gonzalez, Individually and in his official capacity as Trustee, and / or Mr. Manuel Gonzales, Individually and in his official capacity as Trustee, and / or Mr. Oscar de la Fuente, Individually and in his official capacity as Trustee, Mr. Joe D. Gonzalez, Individually and in his official capacity as employee and Mr. Lorenzo Sanchez, individually and in his capacity as an employee, for which this Defendant-Counter Plaintiff seeks recovery of against said parties, jointly and severally.

## II.
### Discovery Level

Plaintiff-Counter Defendant's agent attorneys indicated their intention of filing a Motion with said Court to conduct discovery under level 3 of Rule 190, Texas Rules of Civil Procedure. Defendant-Counter Plaintiff intend to file Motion with said Court to conduct discovery under level 3 of Rule 190, Texas Rules of Civil Procedure should Plaintiff-Counter Defendant's agent attorneys fail to file said motion.

## III.

### Jurisdiction and Venue

This Court has jurisdiction for this counter lawsuit as the amount in controversy exceeds the minimal jurisdictional limits of said Court.

Venue for this counter claim and counter lawsuit is proper in Cameron County, Texas pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code because it is the county in which all or a substantial part of the events giving rise to claim occurred.

Venue is further proper in Cameron County, Texas as to Plaintiff-Counter Defendant, is located in San Benito, Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Plaintiff-Counter Defendant's Board of Trustees, which is located and /or conducts its meetings within Plaintiff-Counter's school district which is located in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Mario Silva, who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Leo Ramirez, who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Hector Leal, who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Manuel Gonzales, , who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Joe G. Gonzalez, who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Oscar de la Fuente, who is an individual and / or in his official capacity serves and / or served as a Board Trustee on Plaintiff-Counter Defendant's Board of Trustees, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Joe D. Gonzalez, who is an individual and an employee of Plaintiff-Counter Defendant, residing in Cameron County, Texas.

Venue is further proper in Cameron County, Texas as to Mr. Lorenzo Sanchez, who is an individual and an employee of Plaintiff-Counter Defendant, residing in Cameron County, Texas.

Venue is proper in Cameron County, Texas as to Law Offices of Rene Ramirez, who is a law firm located in Pharr, Hidalgo County, Texas due to a substantial part of the acts occurring in Cameron County, Texas.

Venue is proper in Cameron County, Texas as to Shaddox, Compere, Walraven & Good, P.C., who is a law firm located in San Antonio, Bexar County, Texas due to a substantial part of the acts occurring in Cameron County, Texas.

## IV.

### Parties

Defendant-Counter Plaintiff, **MICHAEL N. SWETNAM, Jr.**, hereinafter referred to as "Defendant-Counter Plaintiff", is an individual residing in Cameron County, Texas.

Plaintiff-Counter Defendant, San Benito Consolidated Independent School District, hereinafter referred to as "Plaintiff-Counter Defendant", is a school district as defined in CPRC, Title 5, Subchapter A, Subtitle 101.001 (3) (B), and is located in San Benito, Cameron County, Texas, doing business as a school district and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577

Defendant, Mr. Mario Silva, individually, hereinafter referred to as "**SILVA**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant's Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Leo Ramirez, individually, hereinafter referred to as "**RAMIREZ**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant's Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Manuel Gonzales, individually, hereinafter referred to as "**MGONZALES**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant's Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Hector Leal, individually, hereinafter referred to as "**LEAL**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant**'s** Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Oscar de la Fuente, individually, hereinafter referred to as "**FUENTE**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant**'s** Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Joe G. Gonzalez, individually, hereinafter referred to as "**JGONZALEZ**", is an individual and in his official capacity serves and / or served on Plaintiff-Counter Defendant**'s** Board as a Member and Trustee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Joe D. Gonzalez, individually, hereinafter referred to as "**JDGONZALEZ**", is an individual and in his capacity serves and / or served as Plaintiff-Counter Defendant**'s** employee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Mr. Lorenzo Sanchez, individually, hereinafter referred to as "**SANCHEZ**", is an individual and in his capacity serves and / or served as Plaintiff-Counter Defendant**'s** employee, residing in Cameron County, Texas and maybe served with process through its agent attorney, Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Plaintiff-Counter Defendant**'s**, Board of Trustees, hereinafter referred to as "**BOARD**", and are **SILVA**, **RAMIREZ**, **LEAL**, **JGONZALEZ**, **MGONZALES** and **FUENTE** acting collectively and / or acting in the majority as Plaintiff-Counter Defendant**'s** Board of Trustees.

Defendant, Law Offices of Rene Ramirez, hereinafter referred to "Plaintiff-Counter Defendant**'s agent attorneys**", is a law firm with its principle place of business located in Hidalgo County, Texas, who is and / or was employed by Plaintiff-Counter Defendant and maybe served with process through Ms. Celeste Guerra, Law Offices of Rene Ramirez, 1906 Tesoro, Pharr, Texas 78577.

Defendant, Shaddox, Compere, Walraven & Good, P.C., hereinafter referred to "Plaintiff-Counter Defendant**'s agent attorneys**", is a law firm with its principle place of business located in Bexar County, Texas who is / was employed by Plaintiff-Counter Defendant**'s** and maybe served with process through Mr. Stephen Walraven, Shaddox, Compere, Walraven & Good, PC, 1250 N.E. Loop 410, Suite 725, San Antonio, Texas  78209.

## V.
## Background Facts

In December, 1999 **BOARD** authorized and instructed **JDGONZALEZ** and / or **SANCHEZ** to enter into a three (3) year "insurance agent of record contract" (hereinafter referred to as "**AORC**") with Insurance Associates of the Valley, Inc. (hereinafter referred to as "**IAV**") to assist Plaintiff-Counter Defendant**'s** procurement of its employee group health stop loss insurance. Under certain terms of **AORC**, Plaintiff-Counter Defendant assumed liabilities for payment of the insurance agent's commissions or an amount equal to the insurance agent's commissions as determined by the insurance industry's standard commissions for similar insurance for Plaintiff-Counter Defendant**'s** employee group health stop-loss insurance renewal policy, policy 3044-1, hereinafter referred to as "**renewal policy**" for **IAV's** services.

### Collusion or Conspiracy

At unknown time(s), on unknown date(s) and at unknown location(s) after **IAV** advised Plaintiff-Counter Defendant and / or its **BOARD** and / or **JDGONZALEZ** and / or **SANCHEZ** that Plaintiff-Counter Defendant was still liable under the terms of the **AORC** for payment of the insurance agent commission for Plaintiff-Counter Defendant's **renewal policy**, **BOARD** and / or Plaintiff-Counter Defendant's agent attorneys and / or **SILVA** and / or **RAMIREZ** and / or **LEAL** and / or **MGONZALES** and / or **JGONZALEZ** and / or **FUENTE** and / or **JDGONZALEZ** and / or **SANCHEZ** colluded or conspired together developing a scheme or plan to breach its **AORC** and avoid its contractual liability and obligation for payment of the insurance agent's commission for their **renewal policy** to **IAV**.  Plaintiff-Counter Defendant colluded or conspired to develop said scheme or said plan to reduction of its overall employee group health self-insurance costs / expenses by the amount(s) equal to the insurance agent's commission for its **renewal policy**. Said scheme or plan enabled Plaintiff-Counter Defendant to avoid payments an insurance agent's commission to **IAV** and Smith-Reagan Life & Health Insurance Agency, Inc., hereinafter referred to as "**SRLHIA**", for their **renewal policy**.

Said scheme or plan included (1) termination and breach of their **AORC** with **IAV** to avoid their payment of the insurance agent's commission for their **renewal policy** to **IAV**, (2) termination of their expiring policy's (policy number 3044) existing insurance agent, **SRLHIA** to avoid payment of an insurance agent's commission for their **renewal policy** to **SRLHIA**; and thus, becoming liable under the terms of their **AORC** for a second payment of the same amount of insurance agent's commission to **IAV**, and (3) to order and procure Plaintiff-Counter Defendant's **renewal policy** on a "net basis" without including an amount for payment of an insurance agent's commission.

8

## Termination of AORC

Plaintiff-Counter Defendant was able to terminate its **AORC** with **IAV** at either (1) the end of the three (3) year contract period on or about November 30, 2002 or (2) by either Plaintiff-Counter Defendant or **IAV** providing sixty (60) day written notice of termination of **AORC** to the other party. However, Plaintiff-Counter Defendant remained liable for payment of the insurance agent commission for Plaintiff-Counter Defendant**'s renewal policy**, or an amount equal to the insurance agent's commission as determined by "standard insurance industry commission rates" for similar stop-loss insurance policies, for sixty (60) days after said written notice of termination was received by the other party.

On or about August 26, 2000 Plaintiff-Counter Defendant**'s BOARD** decided to terminate its **AORC**. **BOARD** and / or **JDGONZALEZ** and / or **SANCHEZ** or another employee of Plaintiff-Counter Defendant advised and / or informed **IAV** of **BOARD** decision to terminate said **AORC**. After being advised or informed of **BOARD** termination decision, **IAV** advised or informed **BOARD** and / or **JDGONZALEZ** and / or **SANCHEZ** and / or another employee of Plaintiff-Counter Defendant that the Plaintiff-Counter Defendant was still liable and obligated under the terms of the **AORC** for payment of an amount equal to the insurance agent commissions for their **renewal policy** to **IAV**.

## Termination of Expiring Policy's Insurance Agent

To prevent the payment of an insurance agent commission to **SRLHIA** for its **renewal policy**, **SILVA** and / or **Ramirez** and / or **Leal** and / or **Fuente** and / or **JGONZALEZ** and / or **MGONZALES** and / or **JDGONZALEZ** and / or **SANCHEZ** arranged for called special meeting of **BOARD** to discuss termination of **SRLHIA**. Said special meeting of **BOARD** occurred on or about September 25, 2000 and from said meeting **BOARD** decided to **SRLHIA** as their existing insurance agent for their expiring insurance policy, policy number 3044.

9

## Placement or Procurement of Renewal Policy

On or about October 1, 2000 Plaintiff-Counter Defendant contacted and asked its third party administrator, MBA of Wyoming, Inc., hereinafter referred to as "**MBAW**", to order or procure its **renewal policy** on a "net basis" without including an amount for payment of an insurance agent's commission.

## Plaintiff-Counter Defendant's Effort to License its Employee as its Insurance Agent

Plaintiff-Counter Defendant was not able to obtain its **renewal policy** from Defendant, Companion Life Insurance Company, unless Plaintiff-Counter Defendant submitted its insurance application to and said insurance application was accepted by Defendant, Companion Life Insurance Company. However, due to Plaintiff-Counter Defendant's scheme or plan to breach its **AORC** with **IAV** and the termination of their existing insurance agent **SRLHIA** for its expiring policy number 3044, Plaintiff-Counter Defendant was not able to use either **IAV** or **SRLHIA** for submission of its insurance application without incurring liabilities for payment of an insurance agent's commission for their **renewal policy** to **IAV** and / or possibly becoming liable for payment of a second additional amount equal to the insurance agent's commission to **SRLHIA** or **IAV**.

Plaintiff-Counter Defendant employee attempted to obtain a Texas Life Insurance Agent's insurance license so said employee could act as Plaintiff-Counter Defendant's insurance agent for their **renewal policy**. However, after Plaintiff-Counter Defendant and / or said employee discovered said employee was barred by State statute to be licensed as a Texas Life Insurance Agent with the sole purpose of procuring only Plaintiff-Counter Defendant's **renewal policy** and / or acting as agent only for Plaintiff-Counter Defendant. After being advised of said State statute, Plaintiff-Counter Defendant discontinued its efforts to obtain said Texas Life Insurance Agent's license for said employee.

**Plaintiff-Counter Defendant Agent Agreement with Defendant-Counter Plaintiff**

In November, 2000 after Plaintiff-Counter Defendant discontinued its efforts to obtain a Texas Insurance License for one of its employees, Plaintiff-Counter Defendant contacted and asked this Defendant-Counter Plaintiff to sign Plaintiff-Counter Defendant's insurance application for its **renewal policy**.   Defendant-Counter Plaintiff agreed to sign said insurance application for Plaintiff-Counter Defendant as its reinsurance broker intermediary representing Plaintiff-Counter Defendant.  Plaintiff-Counter Defendant understood and agreed this Defendant-Counter Plaintiff would sign Plaintiff-Counter Defendant's insurance application for and on behalf of Plaintiff-Counter Defendant as its reinsurance broker intermediary.  Plaintiff-Counter Defendant sent its insurance application to this Defendant-Counter Plaintiff and this Defendant-Counter plaintiff signed said insurance application for and as authorized by Plaintiff-Counter Defendant and then returned it back to Plaintiff-Counter Defendant.  Plaintiff-Counter Defendant did not disclose its scheme or plan to breach its **AORC** with **IAV** and avoid its liabilities and obligations for payments of the insurance agent's commission and / or an amount equal to the insurance agent's commission for their **renewal policy** to **IAV** and / or to **SRLHIA** and / or to both.

## VI.

## Causes of Action

### First Cause of Action – Breach of Agent Relationship – Duty to Indemnify

Defendant-Counter Plaintiff acted gratuitously and within scope of authority granted to this Defendant-Counter Plaintiff when signing Plaintiff-Counter Defendant's insurance application for its **renewal policy**.  As said Plaintiff-Counter Defendant's agent acting properly within the scope of authority granted to Defendant-Counter Plaintiff, Plaintiff-Counter Defendant owes duty to agent to indemnify said agent for all expenditures and losses incurred by agent for signing of Plaintiff-Counter Defendant's insurance application for its **renewal policy**.  Said breach of agent agreement and failure to indemnify said agent's expenditures and losses incurred are proximate causes of this Defendant-Counter Plaintiff pain, mental anguish, suffering and damages for which this Defendant-Counter Plaintiff now brings said counter claim before said Court.

11

### Second Cause of Action – Negligence Failure to make Reasonable Inquiries

Plaintiff-Counter Defendant, **BOARD** and Plaintiff-Counter Defendant's agent attorneys failed to make reasonable inquiries, prior to filing Plaintiff-Counter Defendant's lawsuit against this Defendant-Counter Plaintiff, as required by T.C.P.R., Rule 13. Said failure to make reasonable inquiries by Plaintiff-Counter Defendant, **BOARD** and Plaintiff-Counter Defendant's agent attorneys prior to Plaintiff-Counter Defendant's filing of its false, groundless and frivolous claims made in bad faith and or to harass this Defendant-Counter Plaintiff constitute negligence. Said failures to make reasonable inquires prior to filing said claims in bad faith are subject to sanctions as provided by TCPR, Rule 13. Said negligence by failing to make reasonable inquiries is a proximate causes of this Defendant-Counter Plaintiff's pain, mental anguish, suffering and damages for which this Defendant-Counter Plaintiff now brings this counter claim and seeks sanctions against Plaintiff-Counter Defendant, **BOARD**, and Plaintiff-Counter Defendant's agent attorneys.

### Third Cause of Action – Harassment

**BOARD** through their agent attorneys were advised by this Defendant-Counter Plaintiff and Plaintiff-Counter Defendant employee this Defendant-Counter Plaintiff was not involved in advices, recommendations, proposals or representations to **BOARD** or procurement of Plaintiff-Counter Defendant**'s renewal policy**. However, **BOARD** and Plaintiff-Counter Defendant**'s** agent attorneys have intentionally continued its prosecution of false, groundless and frivolous claims made in bad faith to harass this Defendant-Counter Plaintiff. Said harass is a proximate cause of this Defendant-Counter Plaintiff's pain, mental anguish, suffering and damages for which this Defendant-Counter Plaintiff seeks sanctions according to TRCP, Rule 13.

## VII.
### Damages

As to the first cause of action as stated above, Defendant-Counter Plaintiff is entitled to recover actual damages of $75,000 for loss of personal and business income as set forth above from Plaintiff-Counter Defendant and **BOARD** and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ**, and **SANCHEZ**.

As to the second cause of action as stated above, Defendant-Counter Plaintiff is entitled to recover a maximum amount of $250,000 awarded as special damages and sanctions in accordance with TRCP, Rule 13, for said acts by Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ**. Defendant-Counter Plaintiff further respectfully ask this Honorable Judge of said Court to impose sanctions in addition to said maximum amount of special damages in the amount of $5,000,000 as punishment for said acts and to discourage similar acts in the future by Plaintiff-Counter Defendant, **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ**.

As to the third cause of action as stated above, Defendant-Counter Plaintiff is entitled to recover amounts awarded as sanctions imposed by and as this Honorable Judge of said Court deems appropriate for said act of harassment by Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ**. Defendant-Counter Plaintiff respectfully ask this Honorable Judge of said Court to impose sanctions against in the amount of $5,000,000 as punishment for said act and to discourage similar act in the future by Plaintiff-Counter Defendant, **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ**.

## VIII.
### Public Official Immunity

Said above bad faith claims made against this Defendant-Counter Plaintiff by Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant**'s** agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ** are not barred by Public official immunity.

## IX.
### Governmental Immunity

Plaintiff-Counter Defendant is a political subdivision as defined by Texas Statutes, Title 5, Chapter 101.001, Subchapter A. (3) (B) and is subject to Texas Tort Claims Act for personal injury proximately caused by the wrongful act or omission or negligence of an employee acting within the scope of employment Texas Statutes, Title 5, Chapter 101.002, Subchapter B, 101.021 (1) (B) and (2). Said above bad faith claims made against this Defendant-Counter Plaintiff by Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant**'s** agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ** are not barred by governmental immunity.

## X.
### Plaintiff-Counter Defendant Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant-Counter Plaintiff, **MICHAEL N. SWETNAM, JR.**, respectfully prays that upon a final hearing hereof that Plaintiff-Counter Defendant recovers nothing of and from this Defendant-Counter Plaintiff, by way of its action and as permitted by Texas Revised Civil Procedure Rules, Honorable Judge of said Court imposes sanctions as respectfully requested against Plaintiff-Counter Defendant and / or Plaintiff-Counter Defendant**'s BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **RAMIREZ** and **LEAL** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **JDGONZALEZ** and **SANCHEZ** prays Honorable Judge will award the amount of $75,000 to this Defendant-

14

Counter Plaintiff for his loss of personal and business income as actual damages for Plaintiff-Counter Defendant's breach of its agent's agreement with this Defendant-Counter Plaintiff. This Defendant-Counter Plaintiff further prays further prays this Honorable Judge will award to this Defendant-Counter Plaintiff the maximum amount of $250,000 as special damages and Honorable Judge of said Court will find in favor of this Defendant-Counter Plaintiff award sanctions in the amount of $5,000,000 or an amount as this Honorable Judge deems appropriate against Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ** for said negligence in failing to make reasonable inquiries prior to filing of its groundless, frivolous claims made in bad faith and for filing of frivolous lawsuit against this Defendant-Counter Plaintiff. This Defendant-Counter Plaintiff yet further prays Honorable Judge of said Court will find in favor of this Defendant-Counter Plaintiff award sanctions in the amount of $5,000,000 or an amount as this Honorable Judge deems appropriate against Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ** for said harassment of this Defendant-Counter Plaintiff and adjudicate Plaintiff-Counter Defendant and **BOARD** and Plaintiff-Counter Defendant's agent attorneys and **SILVA** and **MGONZALES** and **JGONZALEZ** and **FUENTE** and **LEAL** and **RAMIREZ** and **JDGONZALEZ** and **SANCHEZ**, to be jointly and severally, liable for payments of all amounts awarded to this Defendant-Counter Plaintiff by Honorable Judge of said Court.

Respectfully submitted,


By:    _____

MICHAEL N. SWETNAM, JR.

148 N. Sam Houston Blvd., Suite 1A
San Benito, TX 78586
(956) 399-4190 (Telephone)
(956) 399-4476 (Facsimile)

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record by the manner indicated below, in this the 22nd day of January, 2003.

_____
Michael N. Swetnam, Jr.

Via: CMRRR No.:  7001 0320 0004 4812 0857
Law Offices of Rene Ramirez
Celeste Guerra
1906 Tesoro
Pharr, TX  78577
Telephone:  (956) 783-7880
FAX:  (956) 783-7884
Attorneys for Plaintiff, San Benito Consolidated Independent School District

Via: CMRRR No.:  7001 0320 0004 4812 0864
Shaddox, Compere, Walraven, & Good, P.C.
Steven E. Walraven
1250 N.E. Loop 410, Suite 725
San Antonio, TX  78209
Telephone:  (210) 822-2018
FAX:  (210) 822-4068
Attorneys for Plaintiff, San Benito Consolidated Independent School District

Via: CMRRR No.:  7001 0320 0004 4812 0871
Mr. Shelby J. Bush
Piper Rudnick
1717 Main Street, Suite 4600
Dallas, TX  75201-4605
FAX:  (214) 743-4545
Attorneys for Defendants, J. Allan Hall & Associates, Inc. and Companion Life Insurance Company

Via: CMRRR No.:  7001 0320 0004 4812 0840
Mr. Barton H. Kunz II
Ms. Karra J. Porter
Christensen & Jensen
50 South Main Street, Suite 1500
Salt Lake City, UT  84144
Attorneys for Defendant, Managed Benefits Associates and Insurance Consultants, Inc.
FAX:  (801) 355-3472

Via: CMRRR No.:  7001 1940 0002 5248 5666
Ms. Cindy A. Garcia
The Garcia Law Firm, P.C.
201 N. 1st Street
Harlingen, TX  78550
FAX:  (956) 412-7105
Attorney for Defendant, MBA of Wyoming, Inc.



Exhibit "5"

JAN-15-2003  15:50          J. ALLAN HALL ADMIN.                    3172640084     P.02/06

```
FILED ___9:00___ O'CLOCK ___A___M
AURORA DE LA GARZA DIST. CLERK

          DEC 3 0 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                  DEPUTY
```

CAUSE NO. 2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC. | § § § § § § § § § | CAMERON COUNTY, TEXAS |
| Defendants. | § § § | 138TH JUDICIAL DISTRICT |

### COMPANION LIFE INSURANCE COMPANY'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS (SUBJECT TO MOTION TO COMPEL ARBITRATION)

Defendant Companion Life Insurance Company ("Companion Life") files this original answer and special exceptions (subject to its Motion to Compel Arbitration) to Plaintiff's Original Petition (the "Petition") and respectfully states as follows:

#### Preliminary Statement

Companion Life and Plaintiff entered into a written agreement - a stop-loss health insurance contract. In Paragraph 18 of the stop-loss contract, the parties agreed to arbitrate "[a]ny controversy or claim arising out of or relating to this Policy, or the breach thereof." Absent an agreement, Companion Life will file a Motion to Compel Arbitration and to Stay. Because this contract concerns interstate commerce, the mandatory provisions of the Federal Arbitration Act apply.

1E1-137   P.002/006   T-542        803-786-6966      From-COMPANION LIFE INSURANCE    Jan-15-2003  10:11am

## Special Exceptions

1.        Companion Life specially excepts and objects to the Petition, in its entirety, as it fails to state a cause of action. Although the Petition appears to be attempting to assert causes of action for violations of article 21.21 of the Texas Insurance Code and negligent misrepresentation, the pleading fails to state a legally cognizable claim because the Petition fails to allege the existence of any legal duty owed by Companion Life to Plaintiff to support such claims. Plaintiff loosely identifies these claims in general terms which fails to apprise Companion Life of the type and character of proof necessary to meet such claims at the time of trial. Plaintiff fails to give Companion Life fair notice of its causes of action against Companion Life as required by Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff should be required to replead with specificity the causes of action it is asserting against Companion Life. Upon a failure to do so, said claims should be stricken from the pleadings.

2.        Companion Life specially excepts to the Petition and the proposed Level 3 course of discovery under TEXAS RULE OF CIVIL PROCEDURE 190.

3.        Companion Life specially excepts to sections VII and VIII of the Petition which references $800,000 of payments made by the [Plaintiff] but does not disclose when such payments were made. Plaintiff's cause of action against a co-defendant for negligence and the $800,000 in claimed damages in total brings Plaintiff's claim against Companion Life in doubt. This contradiction fails to apprise this Defendant of the type and character of proof necessary to meet such allegation at the time of trial. Plaintiff should be required to replead with specificity in the manner in which Companion Life was presented with proof of payment regarding specific claims and how such action related to the stop-loss contract in question. Upon a failure to do so, said allegation should be stricken from the pleadings.

COMPANION LIFE INSURANCE COMPANY'S ORIGINAL ANSWER
AND SPECIAL EXCEPTIONS (SUBJECT TO MOTION TO COMPEL ARBITRATION)

4.    Companion Life specially excepts to section X in its entirety of the Petition because the pleadings for negligent misrepresentation do not plead all the elements necessary to support such a cause of action including: (1) duty; (2) breach of that duty; (3) causation; and (4) damages.

5.    Companion Life specially excepts to the pleadings for violation of article 21.21 of the Texas Insurance Code in section IX because such pleadings do not allege that Plaintiff gave notice as required by article 21.21 of the Texas Insurance Code.

## Affirmative Defenses

6.    Plaintiff's Petition and the causes of action contained therein fail to state a claim upon which relief can be granted.

7.    Companion Life is not liable to Plaintiff because all conditions precedent to payment on the stop-loss contract were not performed.

8.    Plaintiff's claims are barred by the doctrine of equitable estoppel.

9.    Plaintiff has no standing to bring suit in this Court because of the arbitration clause.

10.    Plaintiff's claims, if any, are preempted by ERISA. Accordingly, Plaintiff's state law claims should be dismissed.

11.    Companion Life affirmatively pleads the pre-judgment interest limitations contained in section 41.007 of the Texas Civil Practices and Remedies Code.

12.    Companion Life affirmatively pleads the pre-judgment interest limitations contained in Chapter 304 of the Finance Code.

13.    Companion Life's actions or omissions were not the sole prominent cause of any damages suffered by Plaintiff.

COMPANION LIFE INSURANCE COMPANY'S ORIGINAL ANSWER

**General Denial**

19.    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 92, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof.

**Prayer**

For these reasons, subject to its Motion to Compel Arbitration, Companion Life asks the court to dismiss this action, to render a take-nothing judgment against Plaintiff, assess costs against Plaintiff, and award Companion Life all other relief to which it is entitled.

Respectfully submitted,

PIPER RUDNICK LLP

By: _____
Shelby J. Bush
State Bar No. 03497045

1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4500 (telephone)
(214) 743-4545 (facsimile)

COUNSEL FOR COMPANION LIFE
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served in compliance with Texas Rules of Civil Procedure 21 and 21a on this 27th day of December, 2002 to counsel of record:

_____
Shelby J. Bush

COMPANION LIFE INSURANCE COMPANY'S ORIGINAL ANSWER
AND SPECIAL EXCEPTIONS (SUBJECT TO MOTION TO COMPEL ARBITRATION)



Exhibit "6"

CAUSE NO. 2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| MICHAEL M. SWETNAM, JR., | § | |
| J. ALLAN HALL & ASSOCIATES, INC., | § | |
| AND MBA OF WYOMING, INC. | § | CAMERON COUNTY, TEXAS |

**DEFENDANT J. ALLAN HALL & ASSOCIATES, INC.'S
ORIGINAL ANSWER SUBJECT TO PLEA IN ABATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant J. Allan Hall & Associates, Inc., and files this Original Answer to Plaintiff's Original Petition Subject to Plea in Abatement, and would show the Court as follows:

**GENERAL DENIAL**

**I.**

Defendant enters this general denial as permitted by Rule 92, Tex. R. Civ. P., and demands strict proof of Plaintiff's allegations as required by the law and constitution of the State of Texas.

**AFFIRMATIVE DEFENSES**

**II.**

Pursuant to Texas Rule of Civil Procedure 93, this Defendant specially denies that it is liable in the capacity in which it has been sued.

### III.

By way of further or alternative defense, should such be necessary, Defendant avers that Plaintiff has failed to fulfill conditions precedent and has failed to comply with the following applicable contract provision to invoke any obligation requiring payment:

"Applicant acknowledges that the contract which is the subject of this Application is a reimbursement contract. Applicant must first pay claims before submitting them for reimbursement."

### IV.

By way of further or alternative defense, should such be necessary, Plaintiff failed to provide the proper notice required by the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

### V.

Further answering, Defendant would respectfully show that, if the damages to Plaintiff occurred as alleged, although it is not so acknowledged, then its damages were directly and proximately caused by the acts and omissions of individuals, including Plaintiff, and third persons for whom Defendant is not responsible, and such acts were the sole cause, sole proximate cause, producing cause and new and independent intervening cause of the alleged damages to Plaintiff, if any it has, which is not admitted but is denied.

### VI.

Plaintiff's damages, if any, were caused in whole or in part by the failure to mitigate its alleged damages.

### VII.

Answering further, if further answer be required, Defendant specifically pleads the doctrine of comparative responsibility as set forth in the Tex. Civ. Prac. & Rem. Code, § 33, should it prove to be applicable to the facts of this case.

## VIII.

Defendant further would show that the parties agreed to submit any disputes arising out of the contract to arbitration and hereby invokes the arbitration provision of the contract.

## IX.

Defendant, while continuing to deny any and all liability, would further show that it has at all time acted reasonably, in good faith, and with the prudence and diligence exercised by others in the industry.

WHEREFORE PREMISES CONSIDERED, this Defendant prays that Plaintiff take nothing by its cause of action as against Defendant, and that said Defendant go hence with costs and without day.

Dated: January 2, 2003

Respectfully submitted,

BRACEWELL & PATTERSON, L.L.P.

Roberta J. Hegland
State Bar No. 09375000
Joseph A. Stallone
State Bar No. 00797485
2000 One Shoreline Plaza - South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3700
Telephone No.: (361) 882-6644
Telecopier No.: (361) 903-7000
**ATTORNEYS FOR DEFENDANT**
**J. ALLAN HALL & ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the parties listed below on this the 2nd day of January, 2003:

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Steven E. Walraven
Otto S. Good
Shaddox, Compere, Walraven & Good, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209

Roberta J. Hegland
Joseph A. Stallone



Exhibit "7"

2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | IN THE DISTRICT COURT |
| VS | § § | 138th JUDICIAL DISTRICT |
| COMPANION LIFE INSURANCE COMPANY MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. MICHAEL M. SWETNAM, JR, J. ALLAN HALL & ASSOCIATES, INC. AND MBA OF WYOMING, INC. | § § § § § § § § § | CAMERON COUNTY, TEXAS |

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
JAN 0 7 2003
DISTRICT COURT OF CAM...  ... ...TEXAS
DEPUTY

## DEFENDANT, MBA OF WYOMING, INC..'S ORIGINAL ANSWER TO SAN BENITO CONSOLIDATED SCHOOL DISTRICT'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MBA OF WYOMING, INC., one of the Defendants in the above numbered and entitled cause of action and files this its Original Answer to Plaintiff, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S Original Petition and would show unto the court the following:

### I.

### GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove its charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant pray that they be released, discharged and acquitted of the charges filed against them, that Plaintiff takes nothing by reason

of this suit, and for such other and further relief to which Defendant may be justly entitled and

for which they shall forever pray.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North 1ˢᵗ Street
Harlingen, Texas 78550
(956) 412-7055        Telephone
(956) 412-7105        Telecopier

By: _____

Cindy A. Garcia
State Bar No. 07631710
ATTORNEYS FOR DEFENDANT MBA OF
WYOMING, INC. 'S

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this __ day of January, 2003, a true and correct copy of the
above and foregoing instrument was served in accordance with TRCP 21a, as indicated below,
upon all counsel of record, to-wit:

Mr. Stephen E. Walraven
Shaddox, Compere, Walraven & Good, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209

Ms. Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Ms. Shelby J. Bush
Piper Rudnick LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201

Cindy A. Garcia



Exhibit "8"

RECEIVED

FEB 1 3 2003

CAUSE NO. 2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| v. | § | 138th JUDICIAL DISTRICT |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| MICHAEL M. SWETNAM, JR., | § | |
| J. ALLAN HALL & ASSOCIATES, INC. | § | CAMERON COUNTY, |
| AND MBA OF WYOMING, INC. | § | TEXAS |

## DEFENDANT, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.'S ORIGINAL ANSWER AND VERIFIED DENIAL TO SAN BENITO CONSOLIDATED SCHOOL DISTRICT'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.,** one of the Defendants in the above numbered and entitled cause of action and files this its Original Answer and Verified Denial to Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S** Original Petition and would show unto the court the following:

### I. GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove its charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II. VERIFIED DENIAL

Defendant asserts a verified denial as authorized by Rule 93 of the Texas Rules of Civil Procedure. Defendant asserts that there is a defect of parties. The Administrative Service

Agreement pertinent to this suit is between San Benito Consolidated Independent School District and MBA of Wyoming, Inc. Managed Benefits Administrator and Insurance Consultants, Inc. was not a party to such agreement or any other agreement with the Plaintiff. Defendant Managed Benefits Administrator and Insurance Consultants, Inc. was never a party to any contractual agreement or business relationship with Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant pray that they be released, discharged and acquitted of the charges filed against them, that Plaintiff takes nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which they shall forever pray.

Respectfully submitted,

**THE GARCIA LAW FIRM, P.C.**
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

By:_____
Cindy A. Garcia
State Bar No. 07631710
Lesslie L. Eanes
State Bar No. 24036513
**Attorneys for Defendant Managed Benefits Administrator and Insurance Consultants, Inc.**

## CERTIFICATE OF SERVICE

I do hereby certify that on this _12th_ day of February, 2003, a true and correct copy of the above and foregoing instrument was served in accordance with TRCP 21a, as indicated below, upon all counsel of record, to-wit:

Stephen E. Walraven
Shaddox, Compere, Walraven & Good, P.C.
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Shelby J. Bush
Piper Rudnick
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

Roberta Hegland
Bracewell & Patterson, L.L.P.
2000 Once Shoreline Plaza, South Tower
800 N. Shoreline Blvd.
Corpus Christ, Texas 78403-3700

Mr. Barton H. Kunz II
Ms. Karra J. Porter
Christiansen & Jensen Law Firm
50 South Main Street, Suite 1500
Salt Lake City, Utah 84144

Mr. Michael Swetman, Jr., Pro Se
Swetman Insurance Services
Post Office Box 1008
San Benito, Texas 78586


_____

Cindy A. Garcia

# VERIFICATION

**THE STATE OF**       §
                             §

**COUNTY OF CAMERON** §

       BEFORE ME, the undersigned authority, a notary public in and for the aforementioned state and county, on this day personally appeared Cindy A. Garcia, whose name is subscribed hereto, who being by me first duly sworn upon oath, stated that she is the Attorney for the Defendants, MBA of Wyoming and Managed Benefits Administrator and Insurance Consultants, Inc. in this action; that she has read the above Defendant's Original Answer; and that every statement contained in Defendant's Original Answer is within her personal knowledge and is true and correct.

 

Cindy A. Garcia

 

      SUBSCRIBED AND SWORN TO BEFORE, on this the _12th_ day of _February_, 2003, by the said _Cindy A. Garcia_, witness may hand and official seal of office.

CHRISTINA C. PEREZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 21, 2004

Notary Public, State of
My Commission Expires: _Nov. 21, 2004_



Exhibit "9"



**RECEIVED**

FEB 1 2 2003

CAUSE NO. 2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | IN THE DISTRICT COURT |
| vs. | § § | 138TH JUDICIAL DISTRICT |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | § § § § § § § | CAMERON COUNTY, TEXAS |

---

### INTERLOCUTORY DEFAULT JUDGMENT

On the 5th day of February, 2003, came on to be heard the above-entitled and numbered cause wherein SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is Plaintiff and COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. are Defendants. The Plaintiff appeared by and through its representative and Attorneys of Record and announced ready for trial. The Defendants COMPANION LIFE INSURANCE COMPANY, MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. have appeared by filing written answers; however, the Defendant MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., although duly and legally cited to appear and answer herein, failed to appear and answer and wholly made default.

Citation was served according to law and returned to the clerk where it remained on file for the time required by law. The Court has read the pleadings and papers on file, and is of the opinion that Defendant MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. has by its default admitted the allegation of Plaintiff's Original Petition and that the cause of action is unliquidated, and, on good and sufficient evidence presented to the Court, finds that Plaintiff should recover from Defendant MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. the sum of Nine Hundred Thousand Five Hundred Thirty-Three and No/100 Dollars ($900,533.00).

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, do have and recover from MANAGED BENEFITS

ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., one of the Defendants in this case, the sum

of Nine Hundred Thousand Five Hundred Thirty-Three and No/100 Dollars ($900,533.00) together

with post-judgment interest thereon at the rate of ten percent (10%) per annum from the date of this

judgment until paid, together with all costs of Court to the present date.

SIGNED this 5th February, 2003.

COPIES TO: **FEB – 7 2003**



JUDGE PRESIDING

AGREED TO AND APPROVED:
ATTORNEYS FOR PLAINTIFF
SHADDOX, COMPERE,
        WALRAVEN & GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas  78209
210/822-2018
210/822-4068 (Facsimile)

By:_____
        STEPHEN E. WALRAVEN
        State Bar No. 20796800
        OTTO S. GOOD
        State Bar No. 08139600

FILED _2:17_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
FEB 0 5 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

Rosa Maria Ochoa

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing INTERLOCUTORY DEFAULT
JUDGMENT will be delivered in accordance with Tex. R. Civ. P. 21(a) to the following attorneys of
record:

ATTORNEYS FOR DEFENDANTS
COMPANION LIFE INSURANCE COMPANY
Mr. Shelby J. Bush
PIPER RUDNICK
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

ATTORNEYS FOR DEFENDANT
J. ALLAN HALL & ASSOCIATES, INC.
Ms. Robert J. Hegland
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700

PRO SE DEFENDANT
Mr. Michael N. Swetnam, Jr.
P. O. Box 1008
San Benito, Texas 78586

ATTORNEYS FOR DEFENDANT
MBA OF WYOMING, INC.
Ms. Cindy A. Garcia
THE GARCIA LAW FIRM, P.C.
201 North 1st Street
Harlingen, Texas 78550

on this the _6_ day of February, 2003.

_____
STEPHEN E. WALRAVEN
OTTO S. GOOD



Exhibit "10"

01/29/03  14:08 FAX 210 822 4068        SHADDOX COMPERE WALRAVEN                    @005

NO. 2002-11-4661-B

| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | 138th JUDICIAL DISTRICT |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING NONSUIT WITHOUT PREJUDICE

On the below date, in the above-styled and numbered cause, came Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, by and through its attorneys of record, and Defendant, **MICHAEL M. SWETNAM, JR.**, pro se, and requested to take a Nonsuit Without Prejudice as to all of the claims against each other, and it appeared to the Court that such request was well taken and such Motion should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that all of the claims brought by Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, against the Defendant, **MICHAEL M. SWETNAM, JR.**, only, be and the same are hereby NONSUITED and DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all of the claims brought by Defendant, **MICHAEL M. SWETNAM, JR.**, in his Counterclaim against Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** and others as set forth therein, be and the same are hereby NONSUITED and DISMISSED WITHOUT PREJUDICE.

It is FURTHER ORDERED that costs are to be taxed to the party incurring same; and it appearing to the Court that all costs have been or will be paid, let no execution issue.

SIGNED this 18th day of February, 2003.

FILED 1:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

FEB 18 2003

DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY
Rosa Maria Ochoa

JUDGE PRESIDING



COPIES TO:

APPROVED:

LAW OFFICES OF RENE RAMIREZ
Celeste Guerra
1906 Tesoro
Pharr, Texas 78577
Telephone: 956/783-7880
FAX # 956/783-7884
AND
SHADDOX, COMPERE, WALRAVEN
 & GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: 210/822-2018
FAX: 210/822-4068

By:_____
       Stephen E. Walraven
State Bar No. 20796800
       Otto S. Good
State Bar No. 08139600
ATTORNEYS FOR PLAINTIFF

_____
MICHAEL N. SWETNAM, JR., Pro Se
Swetnam Insurance Services
P. O. Box 1008
San Benito, Texas 78586
Telephone: 956/399-4190
FAX: 956/399-4476


HON. SHELBY J. BUSH
HON. CINDY GARCIA
HON. ROBERTA J. HEGLAND




Page -2-



Exhibit "11"

CAUSE NO. 2002-11-4661-B

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| v. | § | 138th JUDICIAL DISTRICT |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| MICHAEL M. SWETNAM, JR, | § | |
| J. ALLAN HALL & ASSOCIATES, INC. | § | |
| AND MBA OF WYOMING, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING ASIDE DEFAULT JUDGMENT AND GRANTING A NEW TRIAL

**ON THIS DAY,** came on to be heard Defendant Managed Benefits Administrator Consultants, Inc.'s Motion for New Trial and to Set Aside Default Judgment in the above entitled and numbered cause, and this Court, after considering the pleadings, evidence and arguments of counsel, finds that said Motion should be granted. The Court hereby finds that the Defendant did not act with intentional or conscious disregard in failing to answer the Plaintiffs' lawsuit. It is therefore,

**ORDERED** that the Motion of Defendant Managed Benefits Administrator Consultants, Inc. for New Trial and to set Aside the Default Judgment is hereby **GRANTED;** it is further

**ORDERED** that the Default Judgment previously entered in this cause on February 5, 2003, shall be and the same hereby is, set aside and held for naught as to Defendant, Managed Benefits Administrator Consultants, Inc. *Ct. will grant 5 of days to be pd to plaintiff for the costs*

SIGNED this ___ day of _____,2003.

_____
JUDGE PRESIDING

7

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

FEB 28 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS



Exhibit "12"

RUN DATE 02/28/03
RUN TIME 10:10 AM

PAGE: 01

* * * C L E R K ' S   E N T R I E S * * *

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

2002-11-004661-B

VS

00041006            (06)        11    21    02

COMPANION LIFE INSURANCE COMPANY, ET AL

HON. STEPHEN E. WALRAVEN
1250 N. E. LOOP 410, SUITE 725
SAN ANTONIO, TX.        78209 0000

SHADDOX,
COMPERE, WALRAVEN &

DAMAGES

6032S601
MICHAEL N. SWETNAM, JR.
P.O. BOX 1008
SAN BENITO, TEXAS        78586 0000

30.00

| Date | Entry |
|---|---|
| 11/21/02 | ORIGINAL PETITION FILED |
| 11/21/02 | CITATION: COMPANION LIFE INSURANCE COMPANY |
| 11/21/02 | SERVED: 12/10/02   FILED: 12/26/02 |
| 11/21/02 | CITATION: J. ALLAN HALL & ASSOCIATES, INC. |
| 11/21/02 | SERVED: 12/02/02   FILED: 12/19/02 |
| 11/21/02 | CITATION: MICHAEL M. SWETNAM JR. |
| 11/21/02 | SERVED: 12/06/02   FILED: 12/19/02 |
| 11/21/02 | CITATION SEC. OF STATE (CM): MANAGED |
| 11/21/02 | SERVED: 12/12/02   FILED: 12/26/02 |
| 11/21/02 | CITATION COMM. OF INSUR. (CM): MBA OF |
| 11/21/02 | WYOMING, INC. |
| 11/21/02 | SERVED: 12/03/02   FILED: 12/06/02 |
| 11/21/02 | JURY FEE: Pd. by HON. STEPHEN E. WALRAVEN |
| 12/12/02 | ORIGINAL ANSWER: MICHAEL M. SWETNAM JR. |
| 12/12/02 | DEFT, MICHAEL N. SWETNAM, JR.'S FIRST REQUEST FOR PRODUCTION/RO |
| 12/12/02 | DEFT, MICHAEL N. SWETNAM, JR.'S FIRST REQUEST FOR ADMISSION/RMO |
| 12/23/02 | ORIGINAL ANSWER: J. ALLAN HALL & ASSOCIATES, INC. |
| 12/30/02 | ORIGINAL ANSWER: COMPANION LIFE INSURANCE COMPANY |
| 01/03/03 | ORIGINAL ANSWER: J. ALLAN HALL & ASSOCIATES, INC. (SUBJECT TO PLEA IN ABATEMENT) |
| 02/05/03 | INTERLOCUTORY DEFAULT JUDGMENT  M.LOPEZ/RMO (MANAGED BENEFITS ADMINISTRATOR & INSURANCE CONSULTANTS, INC.) |
| 02/05/03 | ORDER GRANTING NONSUIT WO/PREJUDICE   RGARZA/RMO (MICHAEL M. SWETNAM, JR.) (AND DEFT, COUNTERCLAIM AGAINST |
| 02/18/03 | PLAINTIFF) |
| 02/18/03 | HEARING ON DEFT, MANAGED BENEFITS ADMIS.& INSURANCE CONSULTANTS |
| 02/21/03 | INC.'S MOTION FOR NEW TRIAL AND TO SET ASIDE DEFAULT JUDGMENT |
| 02/21/03 | IS SET FOR FEBRUARY 28, 2003 AT 9:00 A.M., AS PER ORDER |
| 02/21/03 | SIGNED. RGARZA/RMOCHOA |
| 02/21/03 | PARTIES APPEARED. EVIDENCE PRESENTED. ARGUMENTS HEARD. |
| 02/18/03 | M/NEW TRIAL GRANTED. COURT WILL GRANT $5,000.00 TO PLAINTIFF |
| 02/21/03 | FOR COSTS FOR PROCEEDING WITH THE DEFAULT. RGARZA/CAP |
| 02/28/03 | |
| 02/28/03 | |
| 02/28/03 | |
| 02/28/03 | |

RUN DATE 02/28/03
RUN TIME 10:10 AM

PAGE: 02
2002-11-004661-B

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

VS

COMPANION LIFE INSURANCE COMPANY, ET AL

* * * C L E R K ' S   E N T R I E S * * *

00041006
HON. STEPHEN E. WALRAVEN
1250 N. E. LOOP 410, SUITE 725
SAN ANTONIO, TX.    78209 0000

6025601
MICHAEL N. SWETNAM, JR.
P.O. BOX 1008
SAN BENITO, TEXAS    78586 0000

(06)    DAMAGES    11    21    02

SHADDOX,
COMPERE, WALRAVEN &    30.00

01/03/03 DEFT, J. ALLAN HALL & ASSOCIATES,
INC.'S PLEA IN ABATEMENT (RMO)
(RMOCHOA)
01/06/03 DEFT'S MOTION TO REMAND (RMOCHOA)
01/06/03 DEFT'S PLEA FOR JURISDICTION (RMOCHOA)
01/06/03 DEFT'S PLEA FOR JURISDICTION (RMOCHOA)
01/06/03 DEFT'S MOTION FOR FORUM NON CONVENIENS
(RMOCHOA)
01/07/03 ORIGINAL ANSWER: MBA OF WYOMING, INC.
(RMOCHOA)
01/09/03 DEFT, MICHAEL N. SWETNAM, JR.'S MOTION
TO DISMISS (RMOCHOA)
01/22/03 DEFT, MICHAEL N. SWETNAM, JR., COUNTER
CLAIM AGAINST PLTF,
01/22/03 SAN BENITO CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT, SAN
01/22/03 SAN BENITO CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT'S BOARD
01/22/03 OF TRUSTEES, MR. MARIO SILVA,
INDIV., & IN HIS OFFICIAL
01/22/03 CAPACITY AS A BOARD TRUSTEE, MR.
HECTOR LEAL, INDIV., & IN
01/22/03 HIS OFFICIAL CAPACITY AS A BOARD
TRUSTEE, MR. MANUEL GONZALES
01/22/03 INDIV., & IN HIS OFFICIAL CAPACITY
AS A BOARD TRUSTEE, MR.
01/22/03 LEO RAMIREZ, INDIV., & IN HIS
OFFICIAL CAPACITY AS A BOARD
01/22/03 TRUSTEE, MR. JOE G. GONZALEZ, INDIV.
& IN HIS OFFICIAL

DATE 02/28/03
RUN TIME 10:10 AM
PAGE: 03

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC

VS

COMPANION LIFE INSURANCE COMPANY, ET. AL

* * * * C L E R K ' S   E N T R I E S * * * *

00041006
HON. STEPHEN E. WALRAVEN
1250 N. E. LOOP 410, SUITE 725
SAN ANTONIO, TX.    78209 0000

60325601
MICHAEL N. SWETNAM, JR.
P. O. BOX 1008
SAN BENITO, TEXAS     78586 0000

(06)

DAMAGES

SHADDOX,
COMPERE, WALRAVEN &

2002-11-004661-B

11    21    02

30.00

| Date | Entry |
|---|---|
| 01/22/03 | CAPACITY AS A BOARD TRUSTEE, MR. OSCAR DE LA FUENTE, INDIV., MR. & IN HIS OFFICIAL CAPACITY AS A BOARD TRUSTEE, MR. JOE D. |
| 01/22/03 | GONZALEZ, INDIV., & IN HIS CAPACITY AS EMPLOYEE, MR. LORENZO |
| 01/22/03 | SANCHEZ, INDIV. & IN HIS CAPACITY AS EMPLOYEE (RMOCHOA) |
| 01/23/03 | COMPANION LIFE'S MOTION TO COMPEL ARBITRATION AND BRIEF IN |
| 01/23/03 | SUPPORT (RMOCHOA) |
| 02/05/03 | CERTIFICATE OF LAST KNOWN ADDRESS OF MANAGED BENEFITS ADM. AND |
| 02/05/03 | INSURANCE CONSULTANTS, INC. (RMOCHOA) |
| 02/11/03 | DEFT'S MOTION FOR NONSUIT WITHOUT PREJUDICE (RMOCHOA) |
| 02/11/03 | PLF'S MOTION FOR NONSUIT WITHOUT PREJUDICE (RMOCHOA) |
| 02/11/03 | COMPANION LIFE INSURANCE CO.'S MOTION TO STAY DISCOVERY AND |
| 02/11/03 | FOR PROTECTIVE ORDER (RMOCHOA) |
| 02/11/03 | NOTICE OF HEARING ON MOTION TO COMPEL (RMOCHOA) |
| 02/18/03 | ORIGINAL ANSWER: MANAGED BENEFITS ADMINISTRATOR &INS. CONSULT. |
| 02/21/03 | DEFT, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, |
| 02/21/03 | INC.'S MOTION FOR NEW TRIAL AND TO SET ASIDE DEFAULT JUDGMENT |

```
* * * C L E R K ' S   E N T R I E S * * *

                                                                2002-11-004661-B

SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRIC          (06)        11  21  02

                                     00041006
                                     HON. STEPHEN E. WALRAVEN
                                     1250 N. E. LOOP 410, SUITE 725
                                     SAN ANTONIO, TX.    78209 0000

                                                           DAMAGES              30.00

                VS                                                    SHADDOX,
                                                                     COMPERE, WALRAVEN &

COMPANION LIFE INSURANCE COMPANY, ET. AL

                                     60325601
                                     MICHAEL N. SWETNAM, JR.
                                     P.O. BOX 1008
                                     SAN BENITO, TEXAS         78586 0000
```

02/21/03   (RMOCHOA)
02/21/03   MOTION FOR NONSUIT WITHOUT
           PREJUDICE/GMedrano
02/21/03   (AS TO PLTF, SAN BENITO CISD
           AGAINST MICHAEL M. SWETNAM, JR)
02/21/03   MOTION FOR NONSUIT WITHOUT
           PREJUDICE/GMedrano
02/21/03   (AS TO DEFT, MICHAEL M SWETNAM
           JR.'S COUNTERCLAIM AGAINST
           PLTF, SAN BENITO C.I.S.D.)

Exhibit "13"

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | **B-03-047** |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, INC., | § | |
| AND MBA OF WYOMING, INC. | § | |

## INDEX OF EXHIBITS TO NOTICE OF REMOVAL

Exhibit 1:   Plaintiff's Original Petition

Exhibit 2:   Processes of Service on Defendants

Exhibit 3:   Michael N. Swetnam, Jr.'s Original Answer and Special Exceptions

Exhibit 4:   Michael N. Swetnam's Counter Claim

Exhibit 5:   Companion Life Insurance Company's Original Answer and Special Exceptions Subject to Motion to Compel Arbitration

Exhibit 6:   J. Allan Hall & Associates, Inc.'s Original Answer Subject to Plea in Abatement

Exhibit 7:   MBA of Wyoming, Inc.'s Original Answer and Verified Denial to Original Petition

Exhibit 8:   Managed Benefits Administrator and Insurance Consultants, Inc.'s Original Answer and Verified Denial to Original Petition

Exhibit 9:   Interlocutory Default Judgment

Exhibit 10:   Order Granting Nonsuit Without Prejudice

Exhibit 11:   Order Setting Aside Default Judgment and Granting a New Trial

Exhibit 12:   State Court's Civil Docket Sheet

Exhibit 13:   Index of Exhibits to Notice of Removal

Exhibit 14:   List of All Counsel of Record



Exhibit "14"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-047 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, INC., | § | |
| AND MBA OF WYOMING, INC. | § | |

**LIST OF ALL COUNSEL OF RECORD**

Celeste Guerra
**LAW OFFICES OF RENE RAMIREZ**
1906 Tesoro
Pharr, Texas 78577
956.783.7880
956.783.7884 (fax)
**ATTORNEYS FOR PLAINTIFF**

Stephen E. Walraven
State Bar No. 20796800
Otto S. Good
State Bar No. 08139600
**SHADDOX, COMPERE, WALRAVEN & GOOD, P.C.**
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
210.822.2018
210.822.4068 (fax)
**ATTORNEYS FOR PLAINTIFF**

Roberta J. Hegland
State Bar No. 09375000
Federal I.D. No. 6842
Joseph A. Stallone
State Bar No. 00797485
**BRACEWELL & PATTERSON, L.L.P.**
2000 One Shoreline Plaza - South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas  78401-3700
Telephone No.:   (361) 882-6644
Telecopier No.:   (361) 903-7000
**ATTORNEYS FOR DEFENDANT, J. ALLAN HALL & ASSOCIATES, INC.**

Shelby J. Bush
State Bar No. 03497045
**PIPER RUDNICK, L.L.P.**
1717 Main Street, Suite 4600
Dallas, Texas  75201
214.743.4500
214.743.4545 (fax)
**ATTORNEYS FOR DEFENDANT, COMPANION LIFE INSURANCE COMPANY**

Cindy A. Garcia
State Bar No. 07631710
Lesslie L. Eanes
State Bar No. 24036513
**THE GARCIA LAW FIRM, P.C.**
201 North First Street
Harlingen, Texas  78550
956.412.7055
956.412.7105
**ATTORNEYS FOR DEFENDANTS, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. AND MBA OF WYOMING, INC.**