IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED<br>INDEPENDENT SCHOOL DISTRICT<br><br>VS.<br><br>COMPANION LIFE INSURANCE COMPANY,<br>MANAGED BENEFITS ADMINISTRATOR<br>AND INSURANCE CONSULTANTS, INC.,<br>J. ALLAN HALL & ASSOCIATES, INC.,<br>and MBA OF WYOMING, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-03-047 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

The parties, by agreement, pose the following Joint Discovery/Case Management Plan for this case:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended each party.** The parties conferred by telephone on the morning of April 17, 2003. Participating were Stephen E. Walraven for the Plaintiff, Shelby Bush for Defendant, Companion Life Insurance Company, Lesslie Eanes for Defendants, Managed Benefits Administrator & Insurance Consultants, Inc., and MBA of Wyoming, Inc., and Roberta Hegland for Defendant, J. Allan Hall & Associates, Inc.

2. **Cases related to this one pending in other courts:** None

3. **Specify the allegation of federal jurisdiction.** This case has been removed from State Court under this Court's diversity jurisdiction, 28 U.S.C. § 1332a.

4. **Name the parties who disagree and the reasons.** No parties disagree that this Court has jurisdiction.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.** At this time, no party is aware of any additional party that should be included.

6. **List anticipated interventions.** At this time, no party anticipates that any interventions will be filed in this case.

7. **Describe class-action issues.** This case involves no class action issues.

8. **State whether each party represent that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.** The parties have agreed that the initial disclosures required by Rule 26(a) will be completed on or before May 9, 2003.

9. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).** The parties conferred, as set forth

in Item No. 1 above, pursuant to Rule 26(f), and reached agreement on the matters, as set forth in this proposed Joint Discovery/Case Management Plan, and the attached proposed Scheduling Order.

B. **When and to whom the plaintiff anticipates it may send interrogatories.** Plaintiff anticipates sending interrogatories to all Defendants, and anticipates doing so by June 12, 2003.

C. **When and to whom the defendants anticipate they may send interrogatories.** Each Defendant anticipates sending interrogatories to the Plaintiff and the other Defendants, and anticipates doing so by June 12, 2003.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.** Plaintiff anticipates taking depositions of the representatives of the Defendants, and anticipates completing those depositions by August 15, 2003.

E. **Of whom and by when the defendant anticipates taking oral depositions.** Defendants anticipate taking depositions of the Plaintiff, representatives of the other Defendants, and of identified fact witnesses, and anticipates completing those depositions by August 15, 2003.

F. **When the plaintiff (or the other part with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designated responsive experts and provide their reports.** The Plaintiff, and any other party who has the burden of proof on an issue will designate experts and provide reports as required by Rule 26(a)(2)(B), by August 29, 2003. Opposing parties will designate their experts and provide their reports by October 15, 2003.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).** The Plaintiff, or other party with the burden of proof on an issue, anticipates taking depositions of expert witnesses, and anticipates completing those depositions by December 15, 2003.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).** The responding parties anticipate completing expert depositions by December 15, 2003.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.** The parties are in agreement on the discovery plan with one exception: J. Allan Hall & Associates, Inc., prefers a mediation deadline of December 15, 2003, rather than the date of August 15, 2003, agreed to by the other parties..

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.** To date, no discovery beyond initial disclosures has been taken.

12. **State the date the planned discovery can reasonably be completed.** It is anticipated that discovery can reasonably be completed by December 15, 2003.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.** At the Rule 26(f) meeting, the parties discussed the possibility of settlement; and jointly advise the Court that once initial discovery has been completed, settlement and/or mediation of this case may be appropriate.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.** To bring about a prompt resolution of this case, each party has agreed to promptly initiate the initial discovery needed for that party to be in a position to have a meaningful settlement

discussion.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.** From the attorneys' discussion, the parties anticipate that mediation may be an effective technique to resolve this case, once initial discovery has been completed. The parties, at this time, anticipate that they will be prepared to participate in meaningful mediation of this case by August 15, 2003, except for J. Allan Hall & Associates, Inc. J. Allan Hall & Associates, Inc., believes this date should be December 15, 2003.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate th parties' joint position on a trial before a magistrate judge.** As of this time, the parties have not been able to reach an agreement regarding a trial of this case before a magistrate judge. However, consideration of the matter continues, and the parties may reach such an agreement at a later date.

17. **State whether a jury demand has been made and if it was made on time.** A jury demand has been made, and it was made on time.

18. **Specify the number of hours it will take to present the evidence in this case.** The parties anticipate that it will take approximately 60 hours to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.** There are no pending motions that could be ruled on at the initial pretrial and scheduling conference.

20. **List other motions pending.** The only other pending motion is the motion of Companion Life Insurance to compel arbitration.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.** The parties are not aware of other matters peculiar to this case, including discovery, that deserves special attention of the Court at the conference.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    LAW OFFICES OF RENE RAMIREZ
    Celeste Guerra
    1906 Tesoro
    Pharr, Texas 78577
    Telephone: 956/783-7880
    FAX # 956/783-7884
    AND
    SHADDOX, COMPERE, WALRAVEN & GOOD, P.C.
    Stephen E. Walraven
    State Bar No. 20796800
    1250 N. E. Loop 410, Suite 725
    San Antonio, Texas 78209
    Telephone: 210/822-2018
    FAX: 210/822-4068
    **ATTORNEYS FOR PLAINTIFF**

    Stephen E. Walraven
    Date: Apr 28, 2003

Mr. Shelby J. Bush  
State Bar No. 03497045  
PIPER RUDNICK, L.L.P.  
1717 Main Street, Suite 4600  
Dallas, Texas 75201-4605  
Telephone: 214/743-4500  
FAX: 214/743-4545  
**ATTORNEYS FOR DEFENDANT  
COMPANION LIFE INSURANCE COMPANY**

Date: _____

Ms. Roberta J. Hegland  
State Bar No. 09375000  
BRACEWELL & PATTERSON, L.L.P.  
2000 One Shoreline Plaza, South Tower  
800 North Shoreline Boulevard  
Corpus Christi, Texas 78401-3700  
Telephone: 361/882-6644  
FAX: 361/903-7000  
**ATTORNEYS FOR DEFENDANT  
J. ALLAN HALL & ASSOCIATES, INC.**

Date: _____

Ms. Cindy A. Garcia  
State Bar No. 07631710  
Ms. Lesslie Eanes  
State Bar No. 24036513  
THE GARCIA LAW FIRM, P.C.  
201 North 1st Street  
Harlingen, Texas 78550  
Telephone: 956/412-7055  
FAX: 956/412-7105  
**ATTORNEYS FOR DEFENDANTS  
MBA OF WYOMING, INC., AND MANAGED BENEFITS  
ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.**

Date: _____