IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT § § § § | |
| VS. § | CIVIL ACTION NO. B-03-047 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. § § § § § § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** and files this its First Amended Original Complaint, still complaining of **COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC.,** and for its claims, would respectfully show the Court as follows:

**JURISDICTION**

1. This case was removed to this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332.

**PARTIES**

2. Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** ("San Benito CISD" and/or the "School District") is a school district in Cameron County, Texas.

3. Defendant, **COMPANION LIFE INSURANCE COMPANY** ("Companion Life"), of Columbia South Carolina, is an insurance company licensed to sell life, health and accident insurance in the State of Texas, and it does business in Texas. No service of citation is necessary on this Defendant because it has already answered this lawsuit.

EXHIBIT "A"

4. Defendant, **MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.** ("MBAICI"), is a foreign corporation, and has its principal place of business in Salt Lake City, Utah. It is not authorized to do business in the State of Texas but is doing business in this State. No service of citation is necessary on this Defendant because it has previously answered this lawsuit.

5. Defendant, **J. ALLAN HALL & ASSOCIATES, INC.** ("J. Allan Hall"), is a foreign corporation licensed as the d/b/a of James Allan Hall, Individually, and does business in Texas. Mr. Hall has a non-resident agent's license to sell life, health and accident insurance. No service of citation is necessary on this Defendant because it has previously answered this lawsuit.

6. Defendant, **MBA OF WYOMING, INC.** ("MBA"), is a foreign corporation authorized to do business in the State of Texas and does business in Texas. It holds a third-party administrator's license in Texas. No service of citation is necessary on this Defendant because it has previously answered this lawsuit.

### BACKGROUND FACTS

7. Since the mid-1990s, the San Benito CISD has been self-insured with regard to the health insurance benefits which it provides to its employees, and their dependents. However, to protect the School District from large claims each year, it purchased a policy of stop-loss insurance. The stop-loss insurance was purchased by the School District for its sole benefit and the stop-loss insurance in no way affected the benefits owed or paid to the School District's employees and their dependents.

8. During the 2000-2001 school year, the School District purchased stop-loss insurance from Companion Life. Under the terms of the stop-loss policy issued by Companion Life, the School District would pay the first $75,000 incurred by any of its employees or their dependents for covered medical expenses out of its own funds. After expending the sum of $75,000 for any one employee or that employee's dependent, any additional sums spent by the School District for additional covered medical expenses would

be reimbursed by Companion Life, up to a per person policy limit of One Million Dollars.

9.  The policy of insurance referred to above with Companion Life was procured through MBA. J. Allan Hall acted as the agent and representative of Companion Life with respect to providing this policy of stop-loss insurance to the School District.

10. For valuable consideration, MBA further agreed to process all claims made by employees or their dependants of the School District and seek reimbursement from Companion Life for covered medical expenses that exceeded $75,000 for any one claim. Plaintiff alleges that MBA operated as a single business enterprise with MBAICI, and MBAICI is therefore jointly and severally liable for the conduct of MBA.

11. MBA represented to the School District that if medical benefits were incurred during the policy period by an employee and/or an employee's dependent in excess of $75,000, such expenses would be reimbursed by Companion Life to the School District, even if MBA had not yet issued a check for those expenses to the appropriate health care provider.

12. MBA has advised San Benito CISD that it processed claims in this manner because J. Allan Hall represented to MBA that Companion Life's reimbursement of sums due under its policy did not depend on first issuing a check for covered medical expenses for its employees and/or their dependents. MBA asserted that J. Allan Hall had represented that all of its stop-loss policies, including all Companion Life policies, operated in this manner.

13. J. Allan Hall's representations to MBA, and MBA's representations to the School District, contradicted the terms of the policy issued by Companion Life to the School District. MBA never reviewed the Companion Life policy during the time it performed services for the School District, even though this policy contained terms and conditions concerning reimbursement of covered expenses from Companion Life that now forms the basis of Companion Life's denial of the claims made in this lawsuit.

14. Contrary to these representations made by J. Allan Hall and MBA, in excess of $800,000 of payments made by the School District on behalf of its employees and their dependents were not reimbursed by Companion Life. Also contrary to these representations

of J. Allan Hall and MBA, Companion Life asserted that although the medical expenses had been incurred during the policy period, Companion Life was refusing to provide reimbursement to the School District for a sum in excess of $800,000 because MBA had not mailed the checks during the policy period.

15. The Companion Life policy period ended on August 31, 2001. Shortly before this date, MBA undertook to place new stop-loss insurance on behalf of the School District for the 2001-2002 school year. MBA prepared the paperwork to solicit proposals for stop-loss insurance, and obtained quotations from both Companion Life, and another entity known as B.C.S. Insurance Company. The application and other appropriate documents were completed in August, 2001. The proposal from Companion Life was approximately $500,000 higher than the proposal from B.C.S., and MBA recommended that the School District accept the B.C.S. proposal.

16. Unfortunately, the paperwork submitted to B.C.S. by MBA was inadequate and incomplete. Although MBA continued to reassure the School District that it had purchased stop-loss insurance from B.C.S., B.C.S. had in fact had not provided the stop-loss insurance. Late in the Fall of 2001, when the application paperwork had been corrected, and B.C.S. had obtained the proper disclosures, it became apparent that there were a number of claims which might have been covered by the new stop-loss policy had it already been purchased. This is true because the new policy would have provided coverage for covered medical expenses incurred over a three-month period of time prior to the expiration of the old policy, and paid during the twelve-month policy period of the new policy. B.C.S. declined to provide the stop-loss insurance for benefits already paid by the School District and severely limited the amount it would pay for other named employees and their dependents. These sums, would have been reimbursed to the School District had the stop-loss insurance been properly and timely renewed for the 2001-2002 school year. If properly handled by MBA, this coverage would have overlapped with the Companion Life coverage, to some extent.

17. Defendant, J. Allan Hall, on behalf of itself and its principal, Companion Life,

has taken the position in this lawsuit that the Companion Life policy was a policy of reinsurance and that Companion Life was therefore a reinsurer. Defendant, J. Allan Hall, has further taken the position that it is a reinsurance manager. Plaintiff believes and so believing alleges it to be a fact that Defendant, J. Allan Hall, has taken this position to receive the benefit of certain defenses available under the Reinsurance Act. Plaintiff would show the Court that J. Allan Hall is not licensed as a reinsurance manager in the State of Texas as is required by TEX. INS. CODE, §21.07-7.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION - VIOLATIONS OF TEX. INS. CODE ART. 21.21

18. All Defendants have violated the provisions of TEX. INS. CODE Art. 21.21, including, but not limited to, the following:

　　1. Misrepresenting the terms of the policy issued by Companion Life.

　　2. In misrepresenting to the Plaintiff material facts and policy provisions relating to coverages at issue.

　　3. In making untrue statements of material fact.

　　4. In failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

　　5. In making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

### SECOND CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION

19. MBA made negligent representations to the School District, each representation of which was a proximate cause of Plaintiff's damages, including but not limited to the following:

　　1. Representing to the School District that it was not necessary to pay covered medical expenses for its employees and/or their dependents during the policy period for covered medical expenses incurred during the policy period.

  2. In representing to the School District that it had purchased a new stop-loss policy from BCS that would commence immediately upon the expiration of the Companion Life policy.

20. J. Allan Hall made negligent representations, each of which were a proximate cause of Plaintiff's damages, including but not limited to representing to MBA that Companion Life would provide advanced funding for covered medical expenses incurred by employees, and their dependents, of the School District, even though MBA had not paid these covered medical expenses prior to seeking reimbursement from Companion Life. Companion Life is vicariously liable for the conduct of J. Allan Hall.

### THIRD CAUSE OF ACTION - NEGLIGENCE

21. MBA and/or MBAICI committed various acts and omissions of negligence, each act or omission of which was a proximate cause of Plaintiff's damages, including but not limited to the following:

  1. In failing to read the policy and verify that its terms and conditions were consistent with MBA's expectations and J. Allan Hall's representations.

  2. In failing to read the Companion Life policy at issue and pay covered claims so as to obtain reimbursement from Companion Life according to the terms of its policy.

  3. In failing to timely renew the stop-loss policy for the School District for the 2001-2002 school year.

  4. In failing to properly prepare the applications, disclosures, and other required paperwork for the renewal of the stop-loss policy for the 2001-2002 school year.

MBAICI is jointly and severally liable for the conduct of MBA, and MBA is jointly and severally liable for the conduct of MBAICI.

### FOURTH CAUSE OF ACTION - BREACH OF CONTRACT

22. MBA breached its contract with the School District in failing to timely and properly pay covered medical expenses in accordance with the Companion Life policy and seek reimbursement from Companion Life in a timely manner. MBA and/or MBAICI also

breached their contract to timely purchase stop-loss insurance for the 2001-2002 policy period. Such breaches of contract was a proximate cause of Plaintiff's damages.

23.   MBA and Companion Life's agent, J. Allan Hall, had followed a practice and course of dealing over several years of reimbursing claims without first requiring that checks had been mailed to health care providers. Such course of dealing constitutes a modification of the written contracts, and/or estops Companion Life from asserting otherwise. Plaintiff and MBA acted in reasonable reliance on this course of dealing, in how MBA processed the claims. Companion Life's refusal to pay such claims is a breach of contract, as modified, and a breach of its obligations under promissory estoppel. Such breaches proximately caused damage to Plaintiff.

### FIFTH CAUSE OF ACTION - VIOLATIONS OF TEX. INS. CODE, ART. 21.55

24.   Companion Life has violated the provisions of TEX. INS. CODE, Art. 21.55 including but not limited to its failure to reimburse the School District for the covered claims of certain employees and/or their dependents when these claims exceeded $75,000. The School District is entitled to the statutory damages provided by Art. 21.55 as hereinafter set forth.

### DAMAGES

25.   Plaintiff's actual damages are in excess of $800,000, which represents the sum of money for which it has not been reimbursed by Companion Life.

26.   As to the First Cause of Action for violations of TEX. INS. CODE, Art. 21.21, Plaintiff is entitled to its actual damages, and to the extent that the trier of fact finds that any of the Defendants knowingly committed the acts complained of, Plaintiff seeks additional damages not to exceed three times the amount of actual damages. In addition, Plaintiff is entitled to the reasonable and necessary attorney's fees incurred in prosecuting this lawsuit.

27.   As to the Second Cause of Action for negligent misrepresentation, Plaintiff is entitled to its actual damages as set forth above.

28.   As to the Third Cause of Action for negligence, Plaintiff is entitled to its actual

damages as set forth above.

29. As to the Fourth Cause of Action for breach of contract, Plaintiff is entitled to its actual damages as set forth above and the reasonable and necessary attorney's fees incurred in prosecuting this lawsuit.

30. As to the Fifth Cause of Action for violations of TEX. INS. CODE, Art. 21.55, Plaintiff is entitled to 18 percent per annum on the amount of its actual damages, together with reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, prays that upon final trial, Plaintiff recover its damages as set forth above, pre-judgment interest and post-judgment interest as permitted by law, attorney's fees, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF RENE RAMIREZ
Celeste Guerra
1906 Tesoro
Pharr, Texas 78577
Telephone: 956/783-7880
FAX # 956/783-7884
AND
SHADDOX, COMPERE, WALRAVEN
  & GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: 210/822-2018
FAX: 210/822-4068

By:_____
  Stephen E. Walraven
  State Bar No. 20796800
  Otto S. Good
  State Bar No. 08139600
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel listed below on this ___ day of August, 2003.

STEPHEN E. WALRAVEN
OTTO S. GOOD

**ATTORNEYS FOR DEFENDANT**
**COMPANION LIFE INSURANCE COMPANY**
Mr. Shelby J. Bush
PIPER RUDNICK
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

**ATTORNEYS FOR DEFENDANT**
**J. ALLAN HALL & ASSOCIATES, INC.**
Ms. Roberta J. Hegland
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700

**ATTORNEYS FOR DEFENDANTS**
**MBA OF WYOMING, INC., AND MANAGED BENEFITS**
**ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.**
Ms. Cindy A. Garcia
THE GARCIA LAW FIRM, P.C.
201 North 1st Street
Harlingen, Texas 78550