United States District Court
Southern District of Texas
FILED

NOV 2 8 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-47 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC. | § § § § § § | |

### DEFENDANT MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.'S AND MBA OF WYOMING, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW, Defendants Managed Benefits Administrator and Insurance Consultants, Inc.

("MBAIC") and MBA of Wyoming, Inc. ("MBA"), for their Answer and Counterclaim to Plaintiff's

First Amended Complaint would show unto the Court as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

1.    MBAIC and MBA admit the allegations contained in Paragraph 1.

2.    MBAIC and MBA admit the allegations contained in Paragraph 2.

3.    MBAIC and MBA admit the allegations contained in Paragraph 3.

4.    MBAIC and MBA deny that MBAIC is not authorized to do business in Texas but

is doing business in Texas.  They admit any and all remaining allegations contained in Paragraph 4.

5.    MBAIC and MBA admit the allegations contained in Paragraph 5.

6.    MBAIC and MBA admit the allegations contained in Paragraph 6.

7.    MBAIC and MBA admit that Plaintiff has been self-insured with regard to the health

insurance benefits which it provides to its employees and their dependents and that it has, in the past,

purchased a policy of stop loss insurance. MBAIC and MBA are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and therefore deny same.

8.      MBAIC and MBA admit the allegations contained in Paragraph 8.

9.      MBAIC and MBA admit that J. Allan Hall acted as the agent and representative of Companion Life with respect to the stop loss insurance issued to the Plaintiff for the 2000-2001 school year. MBAIC and MBA deny any and all remaining allegations contained in Paragraph 9.

10.     MBAIC and MBA admit that they entered into a third-party administrator agreement with the Plaintiff. MBAIC and MBA deny any and all remaining allegations contained in Paragraph 10.

11.     MBAIC and MBA deny any and all allegations contained in Paragraph 11.

12.     MBAIC and MBA deny any and all allegations contained in Paragraph 12.

13.     MBAIC and MBA deny any and all allegations contained in Paragraph 13.

14.     MBAIC and MBA admit that Companion Life failed to reimburse Plaintiff for certain sums. MBAIC and MBA deny any and all remaining allegations contained in Paragraph 14.

15.     MBAIC and MBA admit that the Companion Life quote for the 2001-2002 school year was substantially higher than other companies. MBAIC and MBA deny any and all remaining allegations contained in Paragraph 15.

16.     MBAIC and MBA deny any and all allegations contained in Paragraph 16.

17.     MBAIC and MBA are without information and knowledge sufficient to form a belief as to the truth of the allegations contained Paragraph 17 and therefore deny same.

18.     MBAIC and MBA deny any and all allegations contained in Paragraph 18.

19.    MBAIC and MBA deny any and all allegations contained in Paragraph 19.

20.    MBAIC and MBA state that the allegations contained in Paragraph 20 are not directed to them and therefore they make no response.

21.    MBAIC and MBA deny any and all allegations contained in Paragraph 21.

22.    MBAIC and MBA deny any and all allegations contained in Paragraph 22.

23.    MBAIC and MBA state that the allegations contained in Paragraph 23 are not directed to them and therefore they make no response.

24.    MBAIC and MBA state that the allegations contained in Paragraph 24 are not directed to them and therefore they make no response.

25.    MBAIC and MBA deny any and all allegations contained in Paragraph 25.

26.    MBAIC and MBA deny any and all allegations contained in Paragraph 26.

27.    MBAIC and MBA deny any and all allegations contained in Paragraph 27.

28.    MBAIC and MBA deny any and all allegations contained in Paragraph 28.

29.    MBAIC and MBA deny any and all allegations contained in Paragraph 29.

30    MBAIC and MBA deny any and all allegations contained in Paragraph 30.

31.    Answering further and for their First Affirmative Defense, MBAIC and MBA state the Texas Insurance Code is not applicable to them and therefore Plaintiff's cause of action under the Texas Insurance Code fails to state a claim upon which relief can be granted.

32.    Answering further and for their Second Affirmative Defense, MBAIC and MBA state that MBAIC is an improper party to this lawsuit in that they never entered into any contract with Plaintiff nor did they engage in any of the alleged activity.

33.    Answering further for their Third Affirmative Defense, MBAIC and MBA state that Plaintiff fails to state a cause of action upon which relief may be granted.

## COUNTERCLAIM

34.    This Court has jurisdiction pursuant to 22 U.S.C. §13.32 in that MBAIC, MBA and Plaintiff are residents of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

35.    San Benito Consolidated Independent School District ("SBCISD") is a school district in Cameron County, Texas.

36.    Managed Benefits Administrator and Insurance Consultants, Inc. is a foreign corporation with its principal place of business in Salt Lake City, Utah.

37.    MBA of Wyoming, Inc. is a foreign corporation with its principal place of business in Salt Lake City, Utah.

38.    MBA entered into an administrative service agreement with SBCISD to provide administrative services as a third party administrator.   The service agreement contains an indemnification provision which requires that SBCISD to indemnify MBA against any expense, loss, claim or liability, including attorney's fees, arising out of or based upon any act or omission of MBA in providing services under the agreement if made in accordance with the directions of the plan sponsor or plan administrator in good faith.

39.    All action taken by MBA as alleged in Plaintiff's Amended Complaint were undertaken by MBA in accordance with the direction of the Plaintiff's plan sponsor and/or plan administrator in good faith and therefore SBCISD is required to indemnify MBA.

4

40. In the event that MBAIC is considered a successor in interest, it is entitled to the same indemnification.

41. Pursuant to the agreement, SBCISD must indemnify MBA and MBAIC from any and all judgments obtained by it in this lawsuit and must reimburse MBAIC and MBA its reasonable and necessary attorney's fees incurred herein to defend the lawsuit.

42. To date, SBCISD has failed to indemnify MBAIC and MBA and therefore has breached the agreement and caused damages.

WHEREFORE, PREMISES CONSIDERED, Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. respectfully pray that Plaintiff take nothing by the suit; the Court enter a declaration that Plaintiff is contractually obligated to indemnify them including reasonable and necessary attorney's fees and expenses; enter judgment in favor of them and against Plaintiff for the amount of the reasonable and necessary attorney's fees and expenses incurred in defending this lawsuit; award them their costs incurred herein; and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,
**THE GARCIA LAW FIRM, P.C.**
201 North 1ˢᵗ Street
Harlingen, Texas  78550
Telephone: (956) 412-7055
Facsimile:  (956) 412-7105


By:_____
        Cindy A. Garcia
        State Bar No. 07631710
        Lesslie L. Eanes
        State Bar No. 24036513


**ATTORNEYS FOR DEFENDANTS
MANAGED BENEFITS ADMINISTRATOR
AND INSURANCE CONSULTANTS, INC. AND
MBA OF WYOMING, INC.**


## CERTIFICATE OF SERVICE

I do hereby certify that on this _2C_ᵗʰ day of November, 2003, a true and correct copy of the above and foregoing instrument was served in accordance with TRCP 21a, as indicated below, upon all counsel of record, to-wit:

Stephen E. Walraven
Shaddox, Compere, Walraven & Good, P.C.
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

6

Shelby J. Bush
Piper Rudnick
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

Roberta Hegland
Bracewell & Patterson, L.L.P.
2000 Once Shoreline Plaza, South Tower
800 N. Shoreline Blvd.
Corpus Christ, Texas 78403-3700

Cindy A. Garcia