IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAN BENITO CONSOLIDATED §<br>INDEPENDENT SCHOOL DISTRICT §<br>§<br>VS. §<br>§<br>COMPANION LIFE INSURANCE COMPANY, §<br>MANAGED BENEFITS ADMINISTRATOR §<br>AND INSURANCE CONSULTANTS, INC., §<br>J. ALLAN HALL & ASSOCIATES, INC., §<br>and MBA OF WYOMING, INC. § | CIVIL ACTION NO. B-03-047 |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** (hereinafter referred to as "San Benito"), and files this its Answer to the Counterclaim of MBA of Wyoming, Inc. (hereinafter sometimes referred to as "MBA"); and Managed Benefit Administrator and Insurance Consultants, Inc., (hereinafter sometimes referred to as "MBAICI"), (MBA and MBAICI may be hereinafter collectively referred to as the "MBA Defendants"); and for its answer, would show unto Court as follows:

**FIRST DEFENSE**

1. The Counterclaim fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. In violation of Rule 13 of the FEDERAL RULES OF CIVIL PROCEDURE, the MBA Defendants have waived any and all counterclaims by not raising them timely. By waiting until the end of the discovery period to raise an issue known from the beginning of the case, and by failing to seek leave of Court or offer any excuse why the matter was not timely raised, the Counterclaim should be considered waived, and stricken from the case.

**THIRD DEFENSE**

3. Answering the allegations of the Counterclaim, found in Paragraphs 34 through 42 attached to the answer recently filed by MBA and MBAICI, paragraph by paragraph,

Plaintiff answers as follows:

4. With respect to the allegations of Paragraph 34 in the Counterclaim, it is admitted that this Court has jurisdiction over Plaintiff's claims against MBA and MBAICI; however, it is denied that the Defendants have valid claims against Plaintiff in any amount, and it is therefore denied that the claim could exceed $75,000, exclusive of interest and costs.

5. The allegations in Paragraph 35 in the Counterclaim are admitted.

6. The allegations in Paragraph 36 in the Counterclaim are admitted.

7. The allegations in Paragraph 37 in the Counterclaim are admitted.

8. With respect to the allegations in Paragraph 38 in the Counterclaim, the first sentence is admitted. With respect to the allegations in the second sentence of Paragraph 38 in the Counterclaim, it is admitted that an agreement between MBA and Plaintiff has language similar to that found in the second sentence; but it is denied that any such agreement has any relevance or relationship to any matter at issue in this case.

9. The allegations of Paragraph 39 in the Counterclaim are denied.

10. The allegations of Paragraph 40 in the Counterclaim are denied.

11. The allegations in Paragraph 41 in the Counterclaim are denied.

12. With respect to the allegations in Paragraph 42 in the Counterclaim, it is admitted that Plaintiff has not indemnified MBA or MBAICI for anything; it is denied that Plaintiff has any such indemnity obligations, and the balance of that paragraph is denied.

13. To the extent the prayer, or the Counterclaim taken as a whole, asserts or implies that Plaintiff has any obligation to pay any sums to MBA or to MBAICI, such assertions and implications are in all things denied.

### FOURTH DEFENSE

14. MBAICI has vigorously asserted that it is not a party to any contract or agreement with Plaintiff, and so would not be entitled to the benefits of any such agreement as alleged.

**FIFTH DEFENSE**

15.     The indemnity agreement is unenforceable as violative of public policy, in that it does not give fair notice of any intent to shift the fault from a guilty party to an innocent party, and does not comply with the requirements that the language be sufficiently conspicuous. The indemnity agreement here is therefore unenforceable.

**SIXTH DEFENSE**

16.     The indemnity agreement by its terms applies only in limited situations, none of which apply here. Neither MBA or MBAICI were acting in accordance with any instructions or directions of the School District to commit the acts and omissions of negligence made the basis of the claims in this suit.

**SEVENTH DEFENSE**

17.     The indemnity provisions in the agreement have no applicability to any transactions between the parties to that agreement, MBA and San Benito. Another paragraph in that agreement specifically addresses the subject of "Limitation of Liabilities and Obligations." That paragraph sets forth a number of instances in which MBA seeks to contractually avoid liability to the San Benito School District. None of those provisions, however, have any applicability to the claims in this case.

18.     An entirely different section of the paragraph, labeled "Indemnification," addresses the circumstances of MBA's liability for indemnity to the School District, and the School District's liability for indemnity to MBA, when dealing with the claims of third parties. The language asserted by MBA (and MBAICI), is not a limitation on liability, or a release, and has no applicability to claims by and between the San Benito School District and the MBA Defendants.

**EIGHTH DEFENSE**

19.     Pleading in the alternative, the service agreement asserted by the MBA Defendants is ambiguous; and should therefore be construed against the author of the document, MBA. MBA presented the contract to the San Benito School District on a pre-

printed form, on a take-it-or-leave-it basis. The agreement is, at best, ambiguous as to whether or not the indemnification language applies to only third-party claims, or may have some applicability to the relationship between the School Benito School District and MBA. Construing the agreement strictly against MBA, the Court should hold that the language has no applicability to the relationship between the San Benito School District and the MBA Defendants, and provides no basis for MBA bringing the Counterclaim it seeks to assert in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, prays that MBA of Wyoming, Inc., and Managed Benefit Administrator and Insurance Consultants, Inc., take nothing by reason of their Counterclaim, but that Plaintiff recover as prayed for it its Complaint, and for such other and further relief as it may show itself to be justly entitled.

> Respectfully submitted,
>
> LAW OFFICES OF RENE RAMIREZ
> Celeste Guerra
> 1906 Tesoro
> Pharr, Texas 78577
> Telephone: 956/783-7880
> FAX # 956/783-7884
> AND
> SHADDOX, COMPERE, WALRAVEN
>   & GOOD, P.C.
> 1250 N. E. Loop 410, Suite 725
> San Antonio, Texas 78209
> Telephone: 210/822-2018
> FAX: 210/822-4068
>
> By: _____
>     Stephen E. Walraven
>     State Bar No. 20796800
>     Otto S. Good
>     State Bar No. 08139600
> ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel listed below on this 5th day of December, 2003.

                                              STEPHEN E. WALRAVEN
                                              OTTO S. GOOD

**ATTORNEYS FOR DEFENDANT**
**COMPANION LIFE INSURANCE COMPANY**
Mr. Shelby J. Bush
PIPER RUDNICK
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

**ATTORNEYS FOR DEFENDANT**
**J. ALLAN HALL & ASSOCIATES, INC.**
Ms. Roberta J. Hegland
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700

**ATTORNEYS FOR DEFENDANTS**
**MBA OF WYOMING, INC., AND MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.**
Ms. Cindy A. Garcia
THE GARCIA LAW FIRM, P.C.
201 North 1st Street
Harlingen, Texas 78550