United States District Court
Southern District of Texas
FILED

DEC 1 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | |
| VS. | § § | CIVIL ACTION NO. 003-047 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC. | § § § § § § | |

### DEFENDANTS J. ALLAN HALL & ASSOCIATES, INC. AND COMPANION LIFE INSURANCE COMPANY'S JOINT DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME J. Allan Hall & Associates, Inc. and Companion Life Insurance Company, Defendants in the above-numbered and styled cause, and file this their Joint Designation of Expert Witnesses, and hereby designate the following individuals as expert witnesses, subject to further supplementation and/or amendment:

**I.**

Harty, James T.
5881 Hollow Oak Trail
Carmel, Indiana 46033
317.848.2714
317.848.2714 (fax)

Mr. Harty may testify regarding "stop loss insurance" industry practices, contracts/policies, underwriting, and other matters more fully set out in his report. Mr.

Corpus Christi\656277.1

Harty's report and Curriculum Vitae are attached hereto as Exhibit "A". Mr. Harty's fees are $ 150 per hour. He has not testified as an expert witness in the past four years.

## II.

Notice is given that Defendants may call as witnesses at trial certain lay witnesses employed by Defendants whose knowledge, experience or training may qualify their opinions as experts, including, but not limited to:

W. Larry Blagg, Vice President & CFO
J. Allan Hall & Associates, Inc.
55 Monument Circle, Suite 1115
Indianapolis, IN  46204
317.264.0020
317.264.9038 (fax)

(Knowledge of application for reinsurance, contract and claims and industry practices.)

J. Allan Hall, President
J. Allan Hall & Associates, Inc.
55 Monument Circle, Suite 1115
Indianapolis, IN  46204
317.264.0020
317.264.9038 (fax)

(Knowledge of application for reinsurance, contract and claims and industry practices.)

## III.

Notice is given that Defendants may call as witnesses at trial any and all persons who have been deposed in this case or may be deposed in the future, and to offer at trial any and all deposition testimony taken in this case, regardless of whether such deposition testimony may constitute knowledge of facts or expert testimony. To the extent necessary to accomplish this purpose, Defendants hereby designate as expert witnesses

all persons whose deposition testimony has been taken in this cause, or who may be deposed in the future, even though Defendants do not adopt or approve of the testimony of all such witnesses.

## IV.

Defendants incorporate by reference, in their entirety, all depositions taken, or that may be taken in the future in this cause, and all exhibits attached thereto, as expert reports. In addition, Defendants also incorporate by reference all expert reports that have been produced by expert witnesses of Plaintiff and of any other party in this cause. Such testimony, exhibits and reports are submitted by the Defendants as expert reports, although Defendants do not adopt or approve of such expert reports.

## V.

Notice is given that Defendants may call all witnesses designated by the Plaintiff, or any other party properly joined in this action, as either experts or as persons who have knowledge of relevant facts. To the extent necessary to accomplish this purpose, Defendants designate as expert witnesses all persons who have been designated by the Plaintiff, or any other party properly joined in this action, as either experts or as persons who have knowledge of relevant facts in this cause, even though Defendants do not adopt or approve of the testimony of such witnesses.

## VI.

Defendants reserve whatever additional rights they might have regarding experts, pursuant to the Federal Rules of Civil Procedure, the case law construing same, any agreements between the parties herein and the ruling of the trial court.

## VII.

This Designation is intended to serve as a supplementation of any outstanding discovery requests served on Defendants in this matter.

Dated: December 18, 2003                     Respectfully submitted,

BRACEWELL & PATTERSON, L.L.P.       Roberta J. Hegland
                                     State Bar No. 09375000
                                     Federal I.D. No. 6842
                                     Joseph A. Stallone
                                     State Bar No. 00797485
                                     Federal I.D. No. 22343
                                     2000 One Shoreline Plaza - South Tower
                                     800 North Shoreline Blvd.
                                     Corpus Christi, Texas  78401-3700
                                     Telephone No.:  (361) 882-6644
                                     Telecopier No.:  (361) 903-7000
                                     **ATTORNEYS FOR DEFENDANT**
                                     **J. ALLAN HALL & ASSOCIATES, INC.**


PIPER RUDNICK, L.L.P.                Shelby J. Bush
                                     State Bar No. 03497045
                                     1717 Main Street, Suite 4600
                                     Dallas, Texas  75201
                                     Telephone No.: (214) 743-4500
                                     Telecopier No.: (214) 743-4545
                                     **ATTORNEYS FOR COMPANION LIFE INSURANCE**
                                     **COMPANY**

OF COUNSEL:

Albert George
55 Monument Circle, Suite 1115
Indianapolis, IN  46204
Telephone No.:  (317) 264-0020
Facsimile No.:  (317) 264-9038

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the parties listed below on this the 18th day of December, 2003:

Celeste Guerra
**LAW OFFICES OF RENE RAMIREZ**
1906 Tesoro
Pharr, Texas  78577

Stephen E. Walraven
Otto S. Good
**SHADDOX, COMPERE, WALRAVEN & GOOD, P.C.**
1250 N. E. Loop 410, Suite 725
San Antonio, Texas  78209

Cindy A. Garcia
Lesslie L. Eanes
**THE GARCIA LAW FIRM, P.C.**
201 North First Street
Harlingen, Texas  78550

Shelby J. Bush
**PIPER RUDNICK, L.L.P.**
1717 Main Street, Suite 4600
Dallas, Texas  75201

                                                                  Roberta J. Hegland
                                                                  Joseph A. Stallone



Exhibit "A"

Case 1:03-cv-00047   Document 38   Filed in TXSD on 12/19/2003   Page 6 of 10

JAMES T. HARTY, FLMI
Insurance Consultant
5881 Hollow Oak Trail
Carmel, IN 46033

December 18, 2003

Mr. Albert George, Esq.
GARRISON & KIEFER, P.C.
8720 Castle Creek Parkway, Suite 200
Indianapolis, IN 46250

Ms. Roberta J. Hegland, Esq.
Bracewell & Patterson
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, TX 78401-3700

Mr. Shelby Bush
Piper Rudnick
1717 Main Street, Suite 4600
Dallas, TX 75201-4605

Re: San Benito ISD vs. J. Allan Hall & Associates, Inc., et.al.

Dear Mr. George, Ms. Hegland, and Mr. Bush:

As requested by Mr. George, enclosed I provide a copy of my *Curriculum Vitae* and my written opinion.

For purposes of this engagement the following documents are material to forming my opinion expressed in the attached findings:

(a) Stop Loss Quote – For 10/01/00 effective date
(b) Stop Loss Contract – Effective 10/1/2000
(c) Daily Group Check Registers 9/30/01 – 12/14/01
(d) Application Dated 8/24/01
(e) Schedule of Excess Loss (eff. 9/1/01)
(f) Transmittal Letter of Stop Loss Contract dated 11/16/2000 from Don Merrill of MBA to Lorenzo Sanchez of San Benito ISD
(g) Letter of 4/10/02 from Celeste Guerra to Phyllis Merrill of MBA
(h) Fax of 11/5/01 from Carol Frandson of MBA to Janie of San Benito ISD
(i) Letter dated 2/26/02 from Celeste Guerra to Joe Gonzalez
(j) Letter dated 11/15/01 from Gloria Boyce to NIIS/APEX to Celeste Guerra
(k) Amended Complaint dated 8/12/03
(l) Letter dated 1/16/01 from Don Merrill of MBA to Jamie Gonzalez of San Benito ISD

Sincerely,

James T. Harty

Enclosures

## OBSERVATIONS AND OPINION

(1) Specific advance is not a standard, integral part of the traditional reinsurance (also known as "stop-loss" coverage) arrangement between reinsurers and self-insured health and welfare plans.

(2) In response to a Request for Proposal from MBA, the Proposal to MBA dated 8/29/00 contains no quote providing a specific advance (referred to by some as "simultaneous reimbursement"), with a commensurate premium charge.

(3) The Application received, which is part of the Stop Loss contract, also does not apply for the specific advance option.

(4) A page in the Stop Loss contract, "CLSPOL JAH002213" states, "Read Your Contract Carefully."

(5) The Stop Loss contract in Section IV, Claims Provisions, item 1, "Payment of Claim" states: "All expenses as they become payable under the Employee Benefit Plan shall be paid by the Contractholder." Section IV, Claims Provisions, item 2 "Warranty" states: "...the Contractholder warrants that all monies necessary to pay for Services and supplies have been paid to the respective providers of medical services or supplies to which the claim relates."

(6) An advanced funding is an advance of money, an extra-contractual loan for which interest is either charged directly, or is indirectly charged as an interest assumption not separately identified, but included in the premium for the specific coverage.

(7) Sound underwriting practice does not routinely make advanced funding available, because the nature of the product is applicable to very few cases. Indeed, if a self-funded plan does not have sufficient funds on hand and sufficient cash flow to pay anticipated claims based on its past claim experience, then it probably should not self-insure at all, but should fully-insure its medical benefits rather than risk the inability to meet its obligations.

(8) In the years 1999 and 2000, although many companies made advanced funding available as an option, many did not do so, nor was it universally or automatically included in reinsurance contracts, but was available upon request within the application for reinsurance at a charge, and would usually appear as an endorsement to the policy.

(9) MBA and its attorney obviously understood that the plan must first pay the underlying claim before submitting them to the reinsurer for reimbursement, because MBA by Mr. Don Merrill in a letter of January 16, 2001 to Ms. Janie Gonzalez states, "As a result her claim did not qualify for *reimbursement* by the reinsurance carrier under the terms of the contract in effect at the time of her claim;" and in SBCISD's Amended Complaint, paragraph 8, states "...any additional sums spent by the School District for additional Covered Medical expense would be *reimbursed* by Companion Life ...." (italics added) Ms. Guerra states in her letter of February 26, 2002 to Mr. Joe D. Gonzales, Superintendent of Schools, "Our contract with Companion Life requires that the District pay claims as all expenses become payable under the Employee Benefit Plan. It is thereafter imperative that we determine when the claims in dispute were actually paid." In my opinion, these references suggest that MBA and the School District fully understood that no stop-loss claims would be reimbursed until after claims were first paid by the School District's plan.

(10) It is my opinion that had San Benito paid the claims in dispute as they were incurred gradually from month-to-month from early 2001, an advanced funding endorsement was not needed and should not have been included.

(11) In insurance marketing custom and practice, it would have been unethical for MBA to have insisted upon and sold, or for J. Allan Hall & Associates, Inc. to have charged, an additional premium for an insurance product the School District did not need. The only two probable motives for doing so would have been:

> (a) Advanced Funding relieves the TPA of responsibility for adjudicating and deciding claims, and makes the adjudication dependent upon the prior decision of the reinsurer, which is contrary to the function of reinsurance.
> and/or
>
> (b) to earn a larger commission upon a larger and unnecessary premium;

(12) Within the last couple of years more companies have offered advanced funding and some routinely, and in my opinion, thoughtlessly sell it as a marketing gimmick whether or not needed for sound insurance planning.

James T. Harty



December 18, 2003

Roberta J. Hegland, Partner
Board Certified,
Civil Trial and Personal Injury Trial Law
Texas Board of Legal Specialization

2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone: 361.866.7226
Fax: 361.903.7000
roberta.hegland@bracepatt.com

Mr. Juan Barbosa
United States District Clerk
Brownsville Division
1158 Federal Building
600 E. Harrison St.
Brownsville, Texas 78520-7114

United States District Court
Southern District of Texas
RECEIVED

DEC 1 9 2003

Michael N. Milby, Clerk

Re: *San Benito Consolidated Independent School District vs. J. Allan Hall & Associates, et al.*; Civil Action No. 003-047 in the United States District Court, Southern District of Texas, Brownsville Division

Dear Mr. Barbosa:

Enclosed please find the original and two copies of the following document(s) for filing in this matter:

1. **Defendants J. Allan Hall & Associates, Inc. and Companion Life Insurance Company's Joint Designation of Expert Witnesses**

Please return the extra copy of this document which I ask that you date stamp as of the time of filing as proof of same. By copy hereof, all counsel of record are being notified of this filing.

Thank you for your courtesy and cooperation in this regard.

Very truly yours,

Bracewell & Patterson, L.L.P.

*Roberta J. Hegland*
Roberta J. Hegland

RJH/jje
Enclosures



Corpus Christi\625263.6

Houston   Austin   Corpus Christi   Dallas   Fort Worth   San Antonio   Washington, D.C.   Northern Virginia   London   Almaty



United States District Clerk
December 18, 2003
Page 2

cc:

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577
*By Certified Mail – Return Receipt Requested*
*No. 7160 3901 9844 4849 3093*

Steven E. Walraven
Otto S. Good
Shaddox, Compere, Walraven & Good, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
*By Certified Mail – Return Receipt Requested*
*No. 7160 3901 9844 4849 3109*

Shelby J. Bush
Piper Rudnick, L.L.P.
1717 Main Street, Suite 4600
Dallas, Texas 75201
*By Certified Mail – Return Receipt Requested*
*No. 7106 4575 1294 4217 2447*

Cindy A. Garcia
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550
*By Certified Mail – Return Receipt Requested*
*No. 7160 3901 9844 4849 3116*

Corpus Christi\625263.6