43

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 1 8 2004

Michael N. Milby
Clerk of Court

SAN BENITO CONSOLIDATED §
INDEPENDENT SCHOOL DISTRICT §
§
VS. § CIVIL ACTION NO. 003-047
§
COMPANION LIFE INSURANCE §
COMPANY, MANAGED BENEFITS §
ADMINISTRATOR AND §
INSURANCE CONSULTANTS, INC., §
J. ALLAN HALL & ASSOCIATES, §
INC., AND MBA OF WYOMING, INC. §

**JOINT MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS
COURT'S ORDER**

TO THE HONORABLE JUDGE OF THIS COURT:

Come now J. Allan Hall & Associates, Inc. ("J. Allan Hall"), Companion Life

Insurance Company ("Companion Life"), and San Benito Consolidated Independent

School District ("SBCISD"), and, pursuant to **FED. R. CIV. P**. 16(f) and **S.D.Tex.L.R.**

16.4.M, file this their motion for sanctions against Defendants Managed Benefits

Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. (collectively

referred to as "MBA") for failure to comply with this Court's Amended Scheduling

Order. In support, the movants would show:

**I.      PROCEDURAL BACKGROUND**

On October 24, 2003, this Court entered an Amended Scheduling Order requiring

the parties to participate in mediation no later than November 15, 2003.  MBA, unable to

participate by that date, requested an extension.  Pursuant to the agreement of the parties

Corpus Christi\656091.1

and this Court's approval, mediation was held in this cause on December 11, 2003 in Brownsville, Texas.

Southern District of Texas Local Rule 16.4.F expressly provides:

16.4.F *Attendance; Authority to Settle.* Party representatives (in addition to litigation counsel) with authority to settle and all other persons necessary to negotiate a settlement, such as insurance carriers, must attend the ADR proceeding.

S.D.Tex.L.R. 16.4.F.

In accordance with this Rule, party representatives with authority to settle and their litigation counsel were in attendance for Defendant J. Allan Hall, Defendant Companion Life, and Plaintiff SBCISD. However, only litigation counsel for MBA was in attendance, with no authority to settle. Only MBA's insurance carrier, AIG, had the exclusive authority to settle, and indeed the AIG adjuster on the file was necessary to negotiate a settlement. Despite an extension of time and the clear requirement that the AIG adjuster participate, he refused to attend or participate in the ADR proceeding, nor did he, nor MBA, notify the undersigned counsel that he would not attend nor did MBA move for a further extension of time. As a result, the mediation was unsuccessful.

## II.   RELIEF REQUESTED BY THIS MOTION

Defendants J. Allan Hall and Companion Life, along with Plaintiff SBCISD, pray this Court to enter an order (1) that a representative of MBA's insurance carrier appear and show cause why they should not personally appear and participate in this Court's ordered mediation and (2) imposing sanctions against the MBA entities, specifically their insurance carrier, for failure to comply with Local Rule 16.4. Federal Rule of Civil Procedure 16(f) and Local Rule 16.4.M provide this Court with the authority to impose

sanctions when the Court's order to mediate – and the attendant guidelines listed in the local rules – are violated.

J. Allan Hall, Companion Life, and SBCISD respectfully pray the Court to enter an order imposing sanctions against the MBA entities in the amount of:

(1) the cost of the ADR mediation fees for each party ($775.00 per party);

(2) J. Allan Hall's attorney fees expended in preparing for and participating in the mediation ($9,988.00) and its expenses and costs associated with the ADR proceeding, including travel expenses incurred by its trial counsel and corporate representative to ensure their attendance at the mediation as required by the Local Rules ($2,627.02);

(3) Companion Life's attorney's fees expended in preparing for and participating in the mediation ($5,813.60) and costs associated with the mediation as set forth in (2) above ($2,207.84); and

(4) SBCISD's attorney's fees expended in preparing for and participating in the mediation ($5,340.00) and costs associated with the mediation as set forth in (2) above ($449.87).

### III.  **AUTHORITIES IN SUPPORT OF THIS MOTION**

It is well settled that Federal Rule of Civil Procedure 16(f) empowers this Court to impose as sanctions "the reasonable expenses incurred by any non-compliance with this rule, including attorney's fees," "if a party or party's attorney fails to obey a scheduling or pretrial order" and/or "fails to participate in good faith." **FED. R. CIV. P.** 16(f). Southern District of Texas Local Rule 16.4.M reinforces this sanctions authority: **"FED. R. CIV. P.** 16(f) sanctions apply to violations of this [Alternative Dispute Resolution] rule," which includes, as stated, the requirement that party representatives with authority to settle, as

well as insurance carrier representatives necessary to negotiate settlement, attend the ADR proceeding. **S.D.Tex.L.R.** 16.4.M.

Numerous federal case authority supports the imposition of sanctions in this case. In an Eighth Circuit decision on facts strikingly similar to those herein, the appellate court upheld a district court order of sanctions against a party for failure to comply with the local rules regarding ADR conferences. In ***Nick v. Morgan's Foods, Inc.***, 270 F.3d 590, 593 (8th Cir. 2001), the district court ordered the parties to mediate; upon Morgan's Foods' request, the court agreed to extend the first mediation deadline. When the mediation was ultimately held, opposing party Nick appeared personally, along with her counsel. *Id.* Morgan's Foods, however, was only represented by outside counsel and a corporate representative "who had no independent knowledge of the facts of the case and had permission to settle for up to $500." *Id.* Strikingly similar to this case, "any settlement offer over $500 had to be relayed by telephone to [Morgan's Foods' in-house counsel Barton] Craig, who chose not to attend the ADR conference . . . ." *Id.* The ADR conference ended abruptly without settlement. *Id.*

On Nick's motion, the district court entered sanctions against Morgan's Foods and its outside counsel, which had advised Mr. Craig not to attend the mediation, "for failing to participate in good faith in the ADR process"; Nick was awarded attorney's fees and costs arising out of her participation in the mediation. ***Nick***, 270 F.3d. 590, 594. The district court ordered payment of: (1) ADR conference fees in the amount of $506.25; (2) attorney's fees expended by Nick totaling $2,275.00; and (3) a $1,500 fine payable to the Clerk of the District Court. *Id.* The Eighth Circuit affirmed, noting that "part of the purpose of the sanctioning power – the power at issue here – is to control litigation and to

preserve the integrity of the judicial process." *Nick*, 270 F.3d at 594; *see also Pitman v. Briaker Int'l, Inc.*, 216 F.R.D. 481, 483-85 (D. Ariz. 2003) (holding that failure of insurance company representative, who had authority to settle, to appear for settlement conference was sanctionable conduct and taxing fees and costs against offending party and its attorney) (citing *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D. Kentucky 1987)) .

The Fifth Circuit likewise approves the imposition of sanctions when a party fails to comply with a mediation order; the offending party must pay "all costs associated with the mediation," and in one case, the attendant motion to dismiss. *See, Scaife v. Associated Air Center, Inc.*, 100 F.3d 406, 412 (5th Cir. 1996). In *Scaife*, the mediation order entered by the district court expressly provided that the named parties must be present and business entities must be represented by an executive officer with authority to negotiate a settlement. Further, all persons necessary to the decision to settle were required to be present. *Id.*, 100 F.3d at 408. Despite the court's instruction that Scaife, the corporate representative for party Scaife Flight Operations, was expected to attend the mediation, Scaife did not appear. *Id.* Associated Air Center filed a motion to dismiss with prejudice as a sanction for Scaife's failure to attend. *Id.*

Scaife was ordered to pay all of Associated Air's expenses associated with the mediation, including attorney's fees incurred in preparing for and attending the mediation, as well as attorneys fees and expenses associated with the hearing on the motion to dismiss. *Id.*, 100 F.3d at 408-409, 412.

## IV. SANCTIONS TO WHICH THE PARTIES ARE ENTITLED IN THIS CASE

As set forth herein, J. Allan Hall expended $9,988.00 in attorney's fees in preparing for and attending the court-ordered mediation in this case, and further incurred

$2,627.02 in expenses associated with the travel of its trial counsel and corporate representative with authority to settle to Brownsville, Texas, the situs of the mediation. (*See,* Affidavits of Roberta J. Hegland and Albert George, attached hereto as Exhibits 1 and 2, respectively, and incorporated herein by reference as if set forth in full). It should be noted that J. Allan Hall's corporate representative, Albert George, traveled from Indianapolis, Indiana expressly for the mediation and its attorney traveled from Corpus Christi, Texas. (*Id.*) J. Allan Hall also paid $775.00 in mediation fees.

Defendant Companion Life expended $5,813.60 in attorney's fees and $2,207.84 in expenses for attendance at the mediation, as well as $775.00 in mediation fees. (*See* Declaration of Roy Hutchison, attached hereto as Exhibit 3 and incorporated herein by reference as if set forth in full). It should be noted that Companion's corporate representative, Roy Hutchison, traveled from South Carolina, expressly for the mediation and its attorney traveled from Dallas, Texas.

Finally, SBCISD expended $5,340.00 in attorney's fees, $449.87 in expenses, and $775.00 in mediation fees associated with the December 11, 2003 mediation unsuccessfully held in this cause. (*See* Affidavit of Stephen E. Walraven, attached hereto as Exhibit 4 and incorporated herein by reference as if set forth in full). It should be noted that SBCISD's attorney traveled from San Antonio, Texas expressly for the mediation.

The MBA entities should each be sanctioned for their failure to comply with this court's Amended Scheduling Order and the Local Rules of the Southern District of Texas. Their insurance adjuster, who had the authority to settle, did not appear as required by this Court's order and the Local Rules. Failure to appear, and/or failure to participate in

good faith, is sanctionable conduct. Pursuant to **FED. R. CIV. P.** 16(f) and **S.D.Tex.L.R.** 16.4.M, this Court should award to the parties in compliance with its order, J. Allan Hall, Companion Life and SBCISD, the amount of their fees and expenses as set forth above.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, J. Allan Hall & Associates, Inc., Companion Life Insurance Company, and San Benito Consolidated Independent School District collectively pray this Court to enter an order that a representative of MBA's insurance carrier appear and show cause why they should not personally appear and participate in this Court's ordered mediation and that this Court enter an order sanctioning Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. for their violation of this Court's Amended Scheduling Order, specifically, failure to ensure that party representatives with authority to settle and all other persons necessary to negotiate a settlement, such as insurance carriers, were in attendance for the Court-ordered ADR proceeding in this cause. J. Allan Hall, Companion Life, and SBCISD respectfully pray this Court to enter an order imposing sanctions against both MBA entities for the attorney's fees expended in preparation for and attendance at the mediation in this cause, travel expenses associated with such attendance, and mediation fees expended by each of these three parties. The parties further pray for all other and further relief to which they are justly entitled.

Dated:  February 16, 2004                Respectfully submitted,

BRACEWELL & PATTERSON,          Roberta J. Hegland
L.L.P.                          State Bar No. 09375000
                                Federal I.D. No. 6842
                                Joseph A. Stallone
                                State Bar No. 00797485
                                Federal I.D. No. 22343
                                2000 One Shoreline Plaza - South Tower
                                800 North Shoreline Blvd.
                                Corpus Christi, Texas  78401-3700
                                Telephone No.:  (361) 882-6644
                                Telecopier No.:  (361) 903-7000
                                **ATTORNEYS FOR DEFENDANT**
                                **J. ALLAN HALL & ASSOCIATES, INC.**

OF COUNSEL:

Albert George
55 Monument Circle, Suite 1115
Indianapolis, IN  46204
Telephone No.:  (317) 264-0020
Facsimile No.:  (317) 264-9038

PIPER, RUDNICK, L.L.P.          Shelby J. Bush   by permission RJH
                                State Bar No. 03497045
                                1717 Main Street, Suite 4600
                                Dallas, Texas  75201
                                Telephone No.:  (214) 743-4500
                                Telecopier No.:  (214) 743-4545
                                **ATTORNEYS FOR DEFENDANT**
                                **COMPANION LIFE INSURANCE COMPANY**

LAW OFFICES OF RENE
RAMIREZ

And

SHADDOX, COMPERE,
WALRAVEN & GOOD, P.C.

*Celeste Guerra* *by permission Agb*

Celeste Guerra
1906 Tesoro
Pharr, Texas  78577
Telephone No.:  (956) 783-7880
Telecopier No.:  (956) 783-7884

and

Stephen E. Walraven
State Bar No. 20796800
Otto S. Good
State Bar No. 08139600
1250 N.E. Loop 410, Suite 725
San Antonio, Texas  78209
Telephone No.:  (210) 822-2018
Telecopier No.:  (210) 822-4068
**ATTORNEYS FOR PLAINTIFF**
**SAN BENITO CONSOLIDATED INDEPENDENT**
**SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the parties listed below on this the _11th_ day of _February_ 2004:

Celeste Guerra
**LAW OFFICES OF RENE RAMIREZ**
1906 Tesoro
Pharr, Texas  78577

Stephen E. Walraven
Otto S. Good
**SHADDOX, COMPERE, WALRAVEN & GOOD, P.C.**
1250 N. E. Loop 410, Suite 725
San Antonio, Texas  78209

Cindy A. Garcia
Lesslie L. Eanes
**THE GARCIA LAW FIRM, P.C.**
201 North First Street
Harlingen, Texas  78550

Shelby J. Bush
**PIPER RUDNICK, L.L.P.**
1717 Main Street, Suite 4600
Dallas, Texas  75201

Roberta J. Hegland
Joseph A. Stallone

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 003-047 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, | § | |
| INC., AND MBA OF WYOMING, INC. | § | |

### AFFIDAVIT OF ROBERTA J. HEGLAND

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF NUECES | § |

BEFORE ME the undersigned authority did personally appear ROBERTA J. HEGLAND, who is personally known to me, and first being by me duly sworn did upon her oath state as follows:

"I, the undersigned ROBERTA J. HEGLAND am over the age of 21 years, and competent to testify, and make this affidavit based upon my personal knowledge. The statements contained herein are true and correct."

"I am lead counsel of record for Defendant J. Allan Hall & Associates, Inc., in the above-styled and numbered cause. As counsel of record for J. Allan Hall & Associates, Inc., I attended the Court-ordered mediation conducted in this case in Brownsville, Texas, on December 11, 2003."

"In connection with the mediation, J. Allan Hall & Associates, Inc. incurred the mediation fee of $775.00 (Seven hundred and seventy-five dollars and no cents). In

Corpus Christi\645080.2

addition, J. Allan Hall & Associates, Inc. incurred attorney's fees for preparation and attendance at the mediation. My usual and customary attorney's fees are $305.00 (Three hundred and five dollars and no cents) per hour. In preparing for and participating in the mediation, I spent 17.6 hours total, for a total of $5,368.00 (Five thousand, three hundred and sixty-eight dollars and no cents) in attorney's fees. In addition, I incurred $241.05 (Two hundred and forty-one dollars and five cents) in travel expense to travel from Corpus Christi, Texas to Brownsville, Texas round trip. In addition, I incurred $118.65 (One hundred and eighteen dollars and sixty-five cents) in hotel expenses in Brownsville, Texas. J. Allan Hall & Associates, Inc.'s total legal expenses incurred as a result of my participation in and attendance at the mediation was $5,727.70 (Five thousand, seven hundred and twenty-seven dollars and seventy cents)."

FURTHER AFFIANT sayeth not.

Roberta J. Hegland

SUBSCRIBED AND SWORN TO before me on this _16th_ day of _February_ 2004.



TRENA L. JACKSON
Notary Public, State of Texas
My Commission Expires Apr 05 2004

Notary Public, State of Texas

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 003-047** |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, INC., | § | |
| AND MBA OF WYOMING, INC. | § | |

## AFFIDAVIT OF ALBERT GEORGE

Comes now, Albert George, attorney for J. Allan Hall & Associates, Inc., being duly sworn upon his oath, states that he makes this Affidavit upon his personal knowledge and that he is competent to testify to the statements contained herein in support of expenses incurred by J. Allan Hall & Associates, Inc. for Affiant's travel to and from Brownsville, Texas to attend the court-ordered mediation in this cause on December 11, 2003, and Affiant shows this honorable Court the following:

1. Affiant's fee to J. Allan Hall & Associates, Inc. is Two Hundred Dollars ($200.00) per hour, including travel time. On the dates of December 10th, 11th and 12th, 2003, Affiant expended twenty-three and one tenth (23.1) hours in round trip travel from and to his home near Anderson, Indiana, to Brownsville, Texas, in conferring with local counsel, and in attendance at the mediation, for a total of attorney fees of Four Thousand Six Hundred Twenty Dollars ($4,620.00), as shown by a copy of such fee bill attached hereto as Exhibit "A."

2. Affiant's transportation costs from Affiant's home near Anderson, Indiana to Corpus Christi, Texas were:

| | |
|---|---|
| Home to and from Indianapolis International Airport, 122 miles @ $.30 per mile | $36.60 |
| Airport Parking (Exhibit "B") | $ 26.40 |
| Air travel to and from Corpus Christi, TX (Exhibit "C") | $1,792.00 |
| Lodging and meals in transit and in Corpus Chrsiti and Brownville (Exhibit "D") | $ 412.32 |

Affiant's total fees and expenses, all of which have been paid by his client, J. Allan Hall & Associates, Inc., a defendant in this cause, and all of which were directly connected to Affiant's attendance at said mediation are Six Thousand Eight Hundred Eighty-Seven Dollars and 20/100 ($6,887.32).

Affiant says nothing further.


I affirm under the penalties for perjury that the foregoing representations are true to the best of my knowledge and belief.

_____
Albert George

STATE OF INDIANA
COUNTY OF _MARION_

Before me, a notary public in and for the State of Indiana, Albert George appeared _JANUARY 26,_____, 2004, and being duly sworn upon his oath affirmed the truth of his representations in this Affidavit.

Witness my hand and notarial seal.

_____
NOTARY PUBLIC
My commission expires: _11-18-2009_

2

**ALBERT GEORGE**
Attorney at Law
3620 Woodglen
Anderson, IN 46011

J. Allan Hall & Associates, Inc.
55 Monument Circle, Suite 1115
Indianapolis, IN 46204                                     January 14, 2004

---

### INVOICE
From December 1, 2003 through December 31, 2003

|  | HOURS |
|---|---|
| **December 10, 2003** | |
| To Corpus Christi, Texas to attend court-ordered mediation in San Benito ISD vs. JAH | 8.0 |
| **December 11, 2003** | |
| Attend mediation in Texas in San Benito ISD vs. JAH | 8.0 |
| **December 12, 2003** | |
| Attend mediation in Texas in San Benito ISD vs. JAH; Return trip to Indianapolis | 7.1 |
| **Total Hours** | 23.1 |

| | | |
|---|---|---|
| 23.1 hours @ $200.00/hour | **TOTAL:** | $ 4,620.00 |

**Expenses:**

| | |
|---|---|
| Transportation costs from home to Indianapolis Airport and return(122 miles @ $.30 mile) | $    36.60 |
| Airport Parking | $    26.40 |
| American Airlines Ticket to and from Corpus Christi, TX | $ 1,792.00 |
| Lodging and meals in transit and in Corpus Christi and Brownville, TX | $  412.32 |
| **TOTAL EXPENSES:** | $ 2,267.32 |

*Exhibit "A"*                    **TOTAL DUE:**        **$ 6,887.32**

```
INDY PARK RIDE AND FLY
1740 S HIGH SCHOOL RD
INDIANAPOLIS IN 46241

TERMINAL 1.0.1              320178
KEYBOARD D:       000916436050T

VISA
43867X3509477X
SALE                  EXP : 06 05
BATCH 000681         TRACE: 554779
DATE: NOV 25 03       TIME:  12:08
AUTH: 072X0681   AUTH NO: 384447
APR DOG: A

TOTAL             $26.40
```

```
** TGI FRIDAY'S #0802 **
        DFW AIRPORT
    TERMINAL B GATE-12
Date:          Dec10'03 12:08PM
Card Type:     VISA
Acct #:        XXXXXXXXXXXX8477
Exp Date:      06/05
Auth Code:     384447
Check:         3318
Table:         42/1
Server:        51 JENNIFER
        / ALBERT GEORGE

Subtotal:
                   9.21
TIP
              $___1.50

TOTAL
              $___10.71
                                S
```

** GUEST COPY **

*Exhibit "B"*



**Itinerary/Receipt**

ALBERT GEORGE
3620 WOODGLEN WAY
ANDERSON, IN   46011

E-Ticket Confirmation/Record Locator- EMOWJZ                    DATE OF ISSUE- 25NOV03

Thank you for choosing American Airlines/American Eagle.

If you have a U.S. DOMESTIC E-TICKET, check in for your flight using the airport
SELF-SERVICE CHECK-IN machine or FLIGHT CHECK-IN at AA.COM between
1 and 30 hours prior to flight time.   Use the E-Ticket confirmation/record locator
above to select or change your seat and obtain a boarding pass.  On day of
departure,  you will be required to present a government-issued photo-ID at the
airport.

If  the credit card used to purchase this ticket belongs to you, you may be required
to present the credit card.   See the ENDORSEMENT section below for fare rules
pertaining to your ticket.

Endorsements/Restrictions -
NOREF/CHG100PLUSFARDIF/CXL BY FLT TIME OR NO VALUE

| PASSENGER | TICKET NUMBERS | FARE-USD | TRANS TAX | OTHER TAXES | TICKET TOTAL |
|-----------|----------------|----------|-----------|-------------|--------------|
| ALBERT GEORGE | 0012126550981-82 | 1624.18 | 121.82 | 46.00 | 1792.00 |
| | | | | | ============ |
| | | | | | 1792.00 |

Payment Type - Visa XXXXXXXXXXXX8477

10DEC - WEDNESDAY
      LV   INDIANAPOLIS      932A   FLT1067    AMERICAN AIRLINES
      AR   DALLAS FT WORTH   1055A             FIRST

         ALBERT GEORGE               CONT BKFST
                                       SEAT  6F

      LV   DALLAS FT WORTH   1259P   FLT3739    AMERICAN AIRLINES
      AR   CORPUS CHRISTI    220P              ECONOMY
OPERATED BY AMERICAN EAGLE
         ALBERT GEORGE                SEAT 14D

   12DEC - FRIDAY
      LV   CORPUS CHRISTI    1100A   FLT3566    AMERICAN AIRLINES
      AR   DALLAS FT WORTH   1219P             ECONOMY
OPERATED BY AMERICAN EAGLE

*Exhibit "C"*

# AmericanAirlines®

**OMNI CORPUS CHRISTI  HOTEL**
**900 NORTH SHORELINE BOULEVARD**
**CORPUS CHRISTI   TX   78401**
**Tele- 361-887-1600      Fax- 361-887-6715**

GEORGE, AL

C/O 800 N SHIORELINE
CORPUS CHRISTI   TX   78403

452
154
KNB
1 / 0

| 12/11/03 | 12/12/03 | | | BAR | BAR | | 10027174£ |
|----------|----------|-----|----------------------------|-----|------------------------------|---|-----------|
| 12/11/03 | 452 | REPUBLIC OF TEXAS | | 452/3114/20:43/REPUBLIC OF TEX | ✗ | | $55.00 |
| 12/11/03 | 452 | ROOM CHARGE | | #452 GEORGE, AL | | | $154.00 |
| 12/11/03 | 452 | CITY OCC TAX - 9% | | CITY OCC TAX - 9% | | | $13.86 |
| 12/11/03 | 452 | STATE OCC TAX - 6% | | STATE OCC TAX - 6% | | | $9.24 |
| 12/12/03 | 452 | VISA | | VISA | | | ($232.10) |
| 12/12/03 | 452 | GLASS PAVILION RESTAURANT | | 452/1289/06:54/GLASS PAVILION | | | $11.51 ✓ |
| 12/12/03 | 452 | VISA | | VISA | | | ($11.51) |

*✗ Dinner*

*✓ breakfast*

*Exhibit "D"*
*Page 1*

**TOTAL DUE:**      $0.00



**Residence Inn by Marriott**
3975 North Expressway
Brownsville, TX 78520
(956) 350-8100

Guest Folio Summary

| | | | | |
|---|---|---|---|---|
| | | | | Page |
| Guest Name | AL GEORGE | | Folio Number | EW-819 |
| | 800 NORTH SHORE LINE | | Suite Number | 129 |
| | SUITE 2000 SOUTH TOWER | | Suite Type | STQT |
| | CORPUS CHRISTI TX 78403 | | No. of Guest | 1 |
| | BRACEWELL AND PATTERSON | | Rate | 105.00 |
| | | | Account Number | SAN |

| Arrive | 10Dec03 | Time | 4:58 PM | Depart | 11Dec03 | Time | 8:38 A |
|---|---|---|---|---|---|---|---|

| Date | | Description | Charges | Credits |
|---|---|---|---|---|
| 10Dec03 | R1129 | Room Charge-Studio 1-4 | 105.00 | |
| 10Dec03 | T2129 | State Occupancy Tax | 6.30 | |
| 10Dec03 | T3129 | City Tax | 7.35 | |
| 11Dec03 | VI 8:38 | Paid-Visa | | 118. |

```
+-------------------------------------------------+
|              VIXXXXXXXXXXXX8477                  |
|              Amount:    118.65                   |
|            --> SIGNATURE ON FILE <--             |
+-------------------------------------------------+
```

Checked Out                                    .00

**Guest Signature**

The management is not responsible for any valuables not secured in safety-deposit boxes
Provided at the front office. I agree that my liability for charges is not waived and agree
to be held personally liable in the event that the indicated person, company or association
fail to pay any part or the full amount of such charges.

*Exhibit "D"*
*Page 2*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| SAN BENITO CONSOLIDATED § | |
| INDEPENDENT SCHOOL DISTRICT § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. B-003-047 |
| § | |
| COMPANION LIFE INSURANCE § | |
| COMPANY, MANAGED BENEFITS § | |
| ADMINISTRATOR AND § | |
| INSURANCE CONSULTANTS, INC., § | |
| MICHAEL M. SWETNAM, JR., § | |
| J. ALLAN HALL & ASSOCIATES, § | |
| INC., AND MBA OF WYOMING, INC. § | |
| § | |
| Defendants. § | |

## DECLARATION OF ROY HUTCHISON

"I, Roy Hutchison, certify and state as follows:

1.    I am the corporate representative for Companion Life Insurance Company.  On December 11, 2003, I was required to attend a mediation in the above-named matter.

2.    In so doing, I incurred travel expenses and costs and was inconvenienced in attending such mediation when one of the co-defendants in this matter failed to bring a client representative and that same co-defendant's insurance contact, although attended telephonically, was ill-prepared to make any kind of an settlement offer.

3.    More specifically, I incurred the following expenses: (1) airfare $1,438.35, (2) parking and mileage $42.00, (3) taxi $12.90, (4) hotel $100.57, and (5) meals $54.98.

--DALLDOCS:182405.v1

4.     Additionally, Companion Life Company hired an attorney to handle this matter. Companion Life Company's attorney, Shelby J. Bush, traveled to and attended this mediation. In so doing, Mr. Bush incurred the following expenses: (1) airfare $322.50, (2) parking $16.49, (3) car rental $79.88, (4) meals $50.90, and (5) hotel $89.27.  Mr. Bush's attorney fees for preparing for and attending the mediation amounted to $5,813.60.

5.     I declare under penalty of perjury that the foregoing is true and correct."

ROY HUTCHISON

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | |
| vs. | § § § | CIVIL ACTION NO. B-03-047 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | § § § § § § | |

## AFFIDAVIT OF STEPHEN E. WALRAVEN

STATE OF TEXAS          §

COUNTY OF BEXAR        §

I, the undersigned, STEPHEN E. WALRAVEN, am over 21 years of age, am competent to make Affidavits, and testify to the matters herein based on personal knowledge.

I am counsel of record for Plaintiff, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, in the above-styled and numbered cause. A mediation was conducted in this case in Brownsville on December 11, 2003, at the offices of Rodriguez & Colvin in Brownsville, Texas. The mediator was Steven W. Fieldcamp of Corpus Christi, Texas, and his fee for the mediation was $775.00 per party. SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT paid him that amount to serve as a mediator on that day.

In preparation for that mediation, I made several phone calls with mediators and opposing counsel regarding scheduling, and met with the San Benito Consolidated Independent School District School Board to discuss its position regarding settlement, and to insure that its representatives had the appropriate authority for the mediation. On December 10, I traveled to Brownsville, incurring the expenses for airline travel from San Antonio to Harlingen, a rental car, and a hotel for the night of December 10, 2003. Those travel expenses totaled $449.87. SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT has reimbursed my firm for those expenses.

I spent 26.7 hours, in total, preparing for, traveling to, and participating in the mediation. My hourly rate, which is the usual and customarily hourly rate for such legal work by a lawyer with my experience in Brownsville, Texas, is $200 per hour. The total sum for that work at $200 an hour

is $5,340; and the SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT has paid my firm that amount for those services.

FURTHER AFFIANT SAITH NOT.

STEPHEN E. WALRAVEN

Subscribed and sworn to before me this the _10th_ day of February, 2004

Notary Public, State of Texas