47

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 3 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED<br>INDEPENDENT SCHOOL DISTRICT | §<br>§<br>§ | |
| **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | CIVIL ACTION B-03-047 |
| COMPANION LIFE INS. CO.,<br>MANAGED BENEFITS ADMINISTRATOR<br>AND INS. CONSULTANTS, INC.,<br>J. ALLAN HALL & ASSOCS., INC.,<br>AND MBA OF WYOMING, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants.** | §<br>§ | |

## ORDER

BE IT REMEMBERED that on March 31, 2004, the Court considered Defendant
J. Allan Hall & Associates, Inc.'s motion for summary judgment [Dkt. No. 14].

## I.    Background

San Benito Consolidated Independent School District ("SBCISD") provides its
employees and their dependents with health benefits.  SBCISD is self-insured and
established a risk pool to provide those health benefits.  Moreover, SBCISD purchased
excess loss insurance to mitigate its risk.  SBCISD purchased an excess loss insurance
policy from Defendant Companion Life Insurance Company ("Companion") to cover the
period from October 1, 2000, to August 31, 2001.  Under the terms of the policy,
SBCISD paid benefits to its employees; however, any payments exceeding $75,000 up
to $1,000,000 per person during a calendar year were submitted to Companion for
reimbursement.  J. Allan Hall & Associates, Inc. ("Hall, Inc." or "Hall") was the general
underwriter for Companion.

Defendant MBA of Wyoming, Inc. and its single business enterprise Managed

Benefits Administrator and Insurance Consultants, Inc. (collectively "MBA"), were the third-party administrator handling SBCISD's employee health benefit plan. MBA was responsible for paying health care providers and submitting documentation to Hall and Companion for covered claims.

SBCISD paid between $800,000 and $900,000 for medical care which was provided during the policy period. Companion refused to reimburse SBCISD claiming that MBA had failed to mail checks to the health care providers before the policy period ended on August 31, 2001. SBCISD and MBA claim that Hall represented to them that despite the prepayment requirement in the contract they would operate on an advance funding basis, *i.e.*, Hall or Companion would pay MBA for covered claims regardless of whether MBA first paid the provider.

As the Companion policy neared expiration, MBA sought proposals or quotes for excess loss insurance from Companion and other insurance companies. Companion and B.C.S. Insurance Company ("BCS") both supplied quotes, and SBCISD submitted its applications in August 2001. BCS's rate was approximately $500,000 less than Companion's, and MBA recommended SBCISD accept the BCS proposal. MBA submitted incomplete paperwork to BCS, thus delaying coverage under the new BCS policy until late in the Fall of 2001. All the while, MBA had lead SBCISD to believe the excess loss policy had been purchased.

SBCISD filed this lawsuit in state district court alleging violations of Articles 21.21 and 21.55 of the Texas Insurance Code; negligent misrepresentation; negligence; and breach of contract. The case was removed based on diversity jurisdiction upon the dismissal of a non-diverse party. The Defendants' various motions for summary judgment and partial summary judgment are now ripe for the Court's consideration. The Court considers only Hall's motion for summary judgment in this order and opinion and will address Companion and MBA's motions for summary judgment in a separate order.

## II.    Summary judgment standard

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and

2

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). *See also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). *See also Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 327, the party "need not negate the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (*citing Celotex*, 477 U.S. at 323). If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Little*, 37 F.3d at 1071 (*citing Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994). *See also* Fed. R. Civ. P. 56(e). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003); *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary Judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

## III. Analysis

### A. The excess loss insurance policy is not a reinsurance contract

Defendants argue at great length that the insurance policy purchased by SBCISD was a reinsurance policy thus falling outside the scope of the Texas Insurance

3

Code. Defendants' arguments serve generally to obfuscate the issue and border on disingenuous. For example, Defendant Hall quotes *Stradley v. Southwestern Life Ins. Co.*, 341 S.W.2d 195, 198 (Tex. Civ. App.–Dallas 1960, writ ref'd n.r.e.), as follows: "reinsurance is a contract whereby, for a consideration, one agrees to indemnify another, wholly or in part, against loss or liability by reason of a risk the latter has assumed under a separate and original contract with a third party . . . ." The ellipses are too well placed. The *Stradley* court wrote "that reinsurance is a contract whereby, for a consideration, one agrees to indemnify another, wholly or in part, against loss or liability by reason of a risk the latter has assumed under a separate and original contract with a third party, **the original insurer**." *Id.* (emphasis added). Defendant Companion also cites *Stradley*, among other cases, for the proposition that the policy at issue is reinsurance. However, the facts in *Stradley,* a reinsurance contract between a primary insurer and another insurance company, differ significantly from the instant case in which a self-insured governmental entity purchased excess loss insurance.

Equally unavailing are Defendants' citation of *E-Z Mart Stores, Inc. v. Hale*, 883 S.W.2d 695, 700 (Tex. App.–El Paso 1994, writ denied), for the proposition that a self-insured places itself in the role of an insurer. In *E-Z Mart*, the employer disposed of its workmen's compensation insurance and "expressly stated '[t]he Company has assumed the role of your Workmen's Comp Insurance Company.'" *Id.* Thus the court concluded: "E-Z Mart made an unqualified decision to place itself in the position of an insurer. We will hold it to its decision." *Id.* The court affirmed the lower court's decision imposing liability for breach of good faith and fair dealing because E-Z Mart was in effect an insurer. Defendant Companion argues that SBCISD has made the same decision, *i.e.* to self-insure; therefore, like E-Z Mart, SBCISD is an insurer and, naturally, the contract is for reinsurance not simply insurance.

These arguments completely overlook the Texas Legislature's pronouncement that a risk pool "is not insurance or an insurer under the Insurance Code" and "may not represent to persons who apply for coverage or who are covered by the pool that the coverage being provided is insurance . . .." TEX. LOC. GOV'T CODE ANN. § 172.014 (Vernon1999) & § 172.005(d) (Vernon Supp. 2004). These statutory requirements take

4

SBCISD out of the factual basis for the *E-Z Mart* court's holding.

On the issue of whether the policy is for insurance or reinsurance, only Plaintiff has briefed consistent and cogent arguments among the raft of motions, responses, replies, and sur-replies. In sum, Plaintiff argues it is not in the business of insurance and by statute cannot be an insurer; therefore, the excess loss policy cannot be a contract for reinsurance because the Texas Insurance Code requires both parties to a reinsurance contract be insurers.

Reinsurance is defined by Texas statutory law.

"Reinsurance" means a written contract that transfers for consideration an insurance risk of loss between insurers and indemnifies a ceding insurer against all or part of the loss that the latter may sustain under an insurance policy it has issued or assumed, but does not mean a contract for the bulk sale, transfer, and assumption of direct insurance policy liability to the insureds.

TEX. INS. CODE art. 21.07-7, § 2(9). Moreover, the Code defines who is and is not an insurer. "'Insurer' means a commercially domiciled insurer or other person legally organized in this state to do business as an insurance company . . .." TEX. INS. CODE art. 21.07-7, § 2(5) (including a non-exclusive list of organizations qualifying as an insurer). In light of the dearth of case law on this particular issue in this particular factual situation, the Court finds Plaintiff's argument persuasive and holds the excess loss insurance at issue in this case is not reinsurance.

### B.   Defendant Hall's motion for summary judgment

SBCISD alleges two causes of action against Defendant Hall. First, SBCISD alleges Hall violated the Texas Insurance Code Article 21.21, § 4(1) & (11)(a), (b), (c), by misrepresenting facts regarding whether he and Defendant Companion would advance funds. Second, Plaintiff alleges a cause of action for common law negligent misrepresentation, "including but not limited to representing to MBA that Companion Life would provide advance funding for covered medical expenses incurred by employees, and their dependents, of the School District, even though MBA had not paid these covered medical expenses prior to seeking reimbursement from Companion Life." Pl.'s First Am. Original Compl., ¶ 20.

5

Dismissing Defendant Hall's arguments based on the assumption that the policy at issue is for reinsurance, the Court addresses only the remaining arguments, namely that agents are not liable under the contracts executed by their principals; that Hall cannot be liable because he was precluded by his General Manager's Agreement with Companion from settling claims worth more than $100,000; and that SBCISD's claim accrued after the policy expired. *See* Hall's Mot. Summ. J., ¶¶ 5-7. Defendant Hall also argues that Plaintiff's claims for negligent misrepresentation must fail because the alleged misrepresentations were made by Hall to MBA, not to Plaintiff, and MBA did not justifiably rely on any misrepresentation. *See* Hall's Reply, ¶¶ 20-25.

Defendant Hall's first three arguments are easily disposed of because they are based on the incorrect assumption that Plaintiff's claims are based in contract rather than tort. Plaintiff has not alleged a breach of contract claim against Defendant Hall. Therefore, the Court only addresses Defendant Hall's argument that the complaint must fail because the alleged misrepresentations were made by Hall to MBA, not to Plaintiff.

1.  **Plaintiff has alleged Article 21.21 claims against Defendant Hall and there are genuine issues of material fact for resolution by a jury**

Plaintiff maintains it has alleged viable claims against Hall under article 21.21 of the Texas Insurance Code. Article 21.21 of the Texas Insurance Code provides an extensive list of acts or practices forbidden as unfair or deceptive in the business of insurance. TEX. INS. CODE ANN. art. 21.21 § 4 (Vernon Supp. 2004). The Texas Insurance Code permits a private cause of action against "any person" who commits one of the prohibited acts or practices. *See* TEX. INS. CODE ANN. article 21.21 § 16 (Vernon Supp. 2004). Texas courts have recognized that the statutory language is broad enough to permit in the appropriate circumstances a cause of action against an insurance agent who engages in unfair or deceptive acts or practices. In the two most prominent cases, *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App.–Austin 1991, no writ), Texas courts acknowledged that a sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss,

6

and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *See Garrison*, 966 S.W.2d 482 (affirming the denial of summary judgment in case in which the agent misrepresented the amount of premium due under the policy)*; Lexington Ins. Co. v. Buckingham Gate, Ltd.*, 993 S.W.2d 185, 195 (Tex. App.–Corpus Christi 1999, pet. denied) (finding that an agent's statement that a policy "cover[ed] all risks," when the policy had several exclusions, was an actionable misrepresentation); *Gros*, 818 S.W.2d 908 (affirming a jury verdict for the insured in a case in which the agent misrepresented that damage to home from mudslide was covered under homeowner's policy).  Defendant Hall's only arguments against the article 21.21 claims are futile attempts to deflect liability by labeling the excess loss policy a reinsurance contract.  The Court having disposed of that argument, Defendant Hall's motion for summary judgement on the article 21.21 claim is unavailing.

## 2.    Plaintiff has alleged a negligent misrepresentation claim against Defendant Hall and there are genuine issues of material fact for resolution by a jury

Texas law permits an action for negligent misrepresentation and has adopted the definition contained in the Restatement (Second) of Torts.  *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994); *Southwestern Clinic of Bone & Joint Diseases v. Farmers Ins. Group*, 850 S.W.2d 750, 752 (Tex. App.–Corpus Christi 1993, no writ). Under Texas law, the elements of negligent misrepresentation are:

(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest;
(2) the defendant supplies "false information" for the guidance of others in their business;
(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and
(4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991); *see also Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 908 (Tex. App.–Houston [1st Dist.] 1995, writ denied); *Tri-Legends Corp. v. Ticor Title*

7

*Ins. Co.*, 889 S.W.2d 432, 442 (Tex. App.--Houston [14th Dist.] 1994, writ denied); *Southwestern Clinic of Bone & Joint Diseases*, 850 S.W.2d at 753; *see also Calhoun*, 34 F.3d at 1298 n. 4 (quoting Restatement (Second) of Torts § 552(1) (1977)); *Richter, S.A. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1185 (5th Cir. 1991); *Geosearch, Inc. v. Howell Petroleum Corp.*, 819 F.2d 521, 524 (5th Cir. 1987); *Rosenthal v. Blum*, 529 S.W.2d 102, 104 (Tex. Civ. App.–Waco 1975, writ ref'd n.r.e.). The duty under this tort has been narrowly extended beyond parties in contractual privity and may include intended beneficiaries or parties who forseeably would rely upon a defendant's representations. *See Calhoun*, 34 F.3d at 1298 (citing *Cook Consultants v. Larson*, 700 S.W.2d 231, 234-35 (Tex. App.–Dallas 1985, writ ref'd n.r.e.)). Liability under Restatement (Second) of Torts, § 552 is limited to persons (1) whom the maker of the representation intends to benefit, or (2) to a limited group of persons for whose benefit the maker intends to supply the information or knows that the recipient intends to supply it.[1] Plaintiff has alleged a cause of action for which Hall may be liable. Thus Defendant Hall's arguments against Plaintiff's negligent misrepresentation claim fail.

## IV.    Conclusion

For the foregoing reasons Defendant J. Allan Hall & Associates, Inc.'s motion for summary judgment [Dkt. No. 14] is hereby **DENIED**.

DONE at Brownsville, Texas, this 31st day of March 2004.

Hilda G. Tagle
United States District Judge

---

[1]    When a fraud is worked upon an agent, the fraud is considered as worked upon his principal who is damaged thereby. *See* Restatement (Second) of Agency § 315. The Court refrains from finding that MBA is SBCISD's agent because that issue has not been briefed and the contract between MBA and SBCISD specifically states that MBA is an independent contractor.

8