IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-47 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC. | § § § § § § § | |

## DEFENDANTS MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.'S AND MBA OF WYOMING, INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. and MBA OF WYOMING, INC. (hereafter collectively "MBA"), and for their Reply in Support of their Motion for Partial Summary Judgment state as follows:

### I.

### INTRODUCTION

Plaintiff San Benito Consolidated Independent School District ("San Benito") is asserting four (4) claims against MBA: 1) negligence; 2) breach of contract; 3) negligent misrepresentation; and 4) violations of Article 21.21 of the Texas Insurance Code. MBA's Motion for Partial Summary Judgment involves the negligent misrepresentation and Insurance Code claims. Contrary to the assertion of San Benito, the Motion addresses both the Companion Life policy and the BCS policy. As set forth in their Motion and below, MBA is entitled to summary judgment with respect to the both those policies on both the negligent misrepresentation and Insurance Code claims.

## II.

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

MBA objects to Exhibit 54 on the grounds that San Benito failed to present the requisite foundational evidence and therefore the Exhibit constitutes inadmissible hearsay. San Benito failed to establish that the document constitutes a business record.

## III.

## REPLY

1. The Negligent Misrepresentation Claim Fails As A Matter Of Law.

In its Opposition to the Motion for Partial Summary Judgment, San Benito appears to be arguing that the negligent misrepresentation claims are viable because they deal with the policies of insurance to which MBA is not a party. San Benito's argument is completely misfocused and contravenes their claims in this lawsuit.

There was clearly a contract between San Benito and MBA. In fact, San Benito attached a copy of the contract in support of its Opposition to the Motion for Partial Summary Judgment. San Benito cannot seriously contend that MBA's processing of the claims under the stop loss policy were not subject to that contract. Otherwise, San Benito would not have a breach of contract claim for the matters asserted in this lawsuit. Accordingly, the genesis of San Benito's claims arise out of and are subject to the contract and therefore not subject to a tort claim.

The cases cited by San Benito provide no support for its legal theory in this case. As set forth in its Opposition on page 7, the Texas Supreme Court in *Vale v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129 (Tex. 1988), held that statutory remedies still applied even in the event of a breach of contract claim. The Court did not hold that common law remedies were available in addition to the breach of contract claim. In *Royal Globe Ins. Co. v. Bar Consultants,*

*Inc.*, 577 S.W.2d 688 (Tex. 1979) and *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96 (Tex. 1994), the Texas Supreme Court reaffirmed its holding in *Vale* that statutory claims were not extinguished. Neither of those cases address the issue of whether a common law claim was viable in addition to a breach of contract claim.

The *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988), *Arnold v. Nat'l. County Fire Mutual Ins. Co.*, 729 S.W.2d 165 (Tex. 1987) and *Rocor Int'l. v. Nat'l. Union Fire Ins. Co.*, 77 S.W.3d 253 (Tex. 2002) provide no support for San Benito's theory. Although those cases did adopt a common law claim, the claims involves damages separate and distinct from the breach of contract damages. In *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994), the Texas Supreme Court specifically stated that the damages available for the violation of the duty of good faith and fair dealing are separate and apart from the breach of contract damages. With respect to the *Stowers* doctrine, that doctrine entitles the insured to obtain damages in excess of the policy limits and therefore is completely distinguishable from the alleged contract damages.

In the instant case, the only damages sought by San Benito are the subject matter of the contract. San Benito seeks recovery of the value of the claims which were not reimbursed by Companion Life and J. Allan Hall. Those damages are the exact subject of MBA's alleged obligation to properly file the reimbursement claims and handle the claims if they are reimbursable. Accordingly, San Benito's negligent misrepresentation claim fails as a matter of law.

2.   <u>San Benito Failed To Sustain Its Burden Of Proof.</u>

Assuming, without admitting, that San Benito's negligent misrepresentation claim exists, San Benito failed to sustain its burden of proof with respect to the elements of those claims.

3

San Benito has failed to establish any damages as a result of the alleged negligent misrepresentations. With respect to the BCS policy, San Benito has presented absolutely no evidence that any statements made by MBA with respect to that policy caused that policy not to cover the claims in question. With respect to the Companion Life policy, San Benito's own evidence establishes a lack of proximate cause. In both deposition excerpts cited by San Benito, the deponent testified that there were two (2) grounds upon which payment was not made: 1) the failure to mail the checks out timely; and 2) the failure to have sufficient funds in the bank. San Benito does not claim nor could San Benito claim that any representation by MBA caused the failure to have sufficient funds in the account and therefore San Benito has failed in its burden.

San Benito also failed, with respect to the Companion Life policy, to create a fact issue with respect to whether MBA failed to exercise reasonable care or competence in obtaining or communicating the information. In its Opposition, San Benito argues that the alleged failure of MBA to read the policy constitutes negligence. However, San Benito's focus is misplaced.

In the deposition excerpts attached by San Benito, Mr. Merrill of MBA testifies that the advanced funding was an administrative procedure and would not necessarily be included in the policy. Merrill deposition, page 93, lines 21-25. Accordingly, the focus is not on what the policy contained but the actual statements made to MBA by Mr. Hall. San Benito has presented absolutely no evidence that MBA was negligent or failed to exercise reasonable care in relying upon the statements made by Mr. Hall and therefore San Benito's claim must fail.

3.      <u>The Texas Insurance Code Is Not Applicable.</u>

In its Opposition, San Benito argues that its Insurance Code claims are proper because it is acting as an insured, not a plan administrator with respect to the claims made the basis of the lawsuit. Although clever, San Benito's argument must fail.

San Benito presents absolutely no legislative history to support its proposition. To support its proposition, San Benito relies upon Chapter 846 of the Texas Insurance Code which deals with multiple employer welfare arrangements. San Benito does not nor cannot assert that the plan in question falls within that statute. San Benito seems argue by analogy that if the Insurance Code is applicable to multiple employee plans, it must be applicable in this case.

In fact, the provision cited by San Benito actually supports the position taken by MBA in this case. Chapter 846.003 provides:

> (a) A multiple employer welfare arrangement is exempt from the operation of all insurance laws of the state, except laws that are made applicable by their specific terms or as specified in this section or chapter.

The provision proceeds to then list twenty-five (25) separate statute sections including Article 21.21 of the Texas Insurance Code. The provision is clear and unambiguous and evidences the legislature's intent to not completely exempt the plans from insurance laws of the State of Texas.

In contrast to Chapter 846, Chapter 172.014 of the Texas Local Government Code provides as follows:

> A risk pool created under this chapter is not insurance or an insurer under the Insurance Code and other laws of this state, and the State Board of Insurance does not have jurisdiction over a pool created under this chapter.

There are absolutely no exceptions or exemptions set forth in the statutory section. Had the legislative wanted to make some type of exemption, it clearly knew how to do so. Its failure to provide any exceptions mandates the conclusion that all items involving a Texas Political Subdivision Uniform Group Benefits Program are exempt from the Texas Insurance Code.

San Benito does not dispute that this case involves a Texas Political Subdivision Uniform Group Benefits Program and therefore its claims under the Texas Insurance Code are not viable as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. respectfully pray that their Motion be granted; that the Court enter an Order granting them judgment against Plaintiff with respect to Plaintiff's negligent misrepresentation and Texas Insurance Code claims; and for such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    **THE GARCIA LAW FIRM, P.C.**
    201 North 1st Street
    Harlingen, Texas 78550
    Telephone: (956) 412-7055
    Facsimile:  (956) 412-7105

    By: _/s/ Cindy A. Garcia_
    Cindy A. Garcia
    State Bar No. 07631710
    Lesslie L. Eanes
    State Bar No. 24036513

    **ATTORNEYS FOR DEFENDANTS**
    **MANAGED BENEFITS ADMINISTRATOR**
    **AND INSURANCE CONSULTANTS, INC.**
    **AND MBA OF WYOMING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the parties listed below on this the ___ day of April, 2004, via U.S. First Class Mail, Postage Prepaid:

Stephen A. Walravan  
Otto S. Good  
Shaddox, Compere, Walraven & Good, P.C.  
1250 N.E. Loop 410, Suite 725  
San Antonio, Texas  78209

Shelby J. Bush  
Piper Rudnick, L.L.P.  
1717 Main Street  
Suite 4600  
Dallas, Texas  75201

Roberta J. Hegland  
Bracewell & Patterson, L.L.P.  
2000 One Shoreline Plaza-South Tower  
800 North Shoreline Blvd.  
Corpus Christi, Texas  78401-3700

Celeste Guerra  
Law Office of Rene Ramirez  
1906 Tesoro  
Pharr, Texas  78577

_____  
CINDY A. GARCIA