## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | APR 1 2 2004 |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | Michael N. Milby |
| VS. | § | Clerk of Court |
| | § | CIVIL ACTION NO. B-03-47 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND INSURANCE | § | |
| CONSULTANTS, INC., J. ALLAN HALL | § | |
| & ASSOCIATES, INC., AND MBA OF | § | |
| WYOMING, INC. | § | |

### DEFENDANTS MANAGED BENEFITS ADMINISTRATOR
### AND INSURANCE CONSULTANTS, INC.'S AND
### MBA OF WYOMING, INC.'S LEGAL MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. (collectively "MBA"), pursuant to this Court's Pretrial Order and respectfully submit their Memorandum of Law.

### I.

### FACTUAL BACKGROUND

Plaintiffs, San Benito Consolidated Independent School District ("San Benito") is a political subdivision who developed the San Benito Consolidated Independent School District Employee Benefit Plan which provided health benefits to the District's employees and dependents. In order to administer the Plan, San Benito entered into a contract with MBA to provide third party administration of the Plan. During the 2000-2001 school year, San Benito purchased stop loss insurance from the other Defendants to protect itself against large losses.

This lawsuit involves San Benito's claim that it is entitled to reimbursement for certain sums expended to medical providers. In the First Amended Complaint, San Benito seeks recovery against MBA under theories of negligence, breach of contract, negligent representation and violation of the Texas Insurance Code. At this point, the only legal issues appears to involve the negligent representation and Insurance Code claims.

## II.

## NEGLIGENT REPRESENTATION CLAIM

San Benito seeks recovery under a negligent representation claim. In essence, San Benito alleges that MBA negligently represented that the checks did not have to be mailed to the provider prior to the end of the end of the policy period in order to get reimbursed and the MBA would procure a policy subsequent to the 2000-2001 policy period.

Texas law has not recognized contorts. To determine whether a claim falls under contract or tort law, the substance of the claim must be examined. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617-618 (Tex. 1986). The court must look to both the origin of the duty and the type of damages sought. In *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W.2d 493 (Tex. 1991), the Texas Supreme Court stated that, generally, where there is no legal duty independent of the contractual obligations and the damage is to the subject matter of the contract, the cause of actions sounds in contract, not tort.

The Texas Supreme Court addressed the viability of a negligent misrepresentation claim in *D.S.A., Inc. v. Hillsboro Independent School District*, 973 S.W.2d 662 (Tex. 1998). In *D.S.A.*, the suit arose out of construction of an elementary school. As a result of faulty construction of the roof, the school district brought suit against the construction management firm which was required to oversee the construction project. The school district alleged claims of breach of

2

contract, negligence, negligent misrepresentation and DTPA violations. The Texas Supreme Court determined that a claim for negligent misrepresentation did not lie. In doing so, the Court concluded that the plaintiff must establish an independent injury, separate and apart from the contractual injury in order to establish such a claim. In *D.S.A.*, the only damages sought were for repair and reconstruction of the roof and therefore were only contract damages.

The Austin Court of Appeals addressed the issue in *Agillion, Inc. v. Oliver*, 114 S.W.3d 86 (Tex.App.—Austin 2003, no pet.). In *Oliver*, the tortplaintiff sued for an alleged breach of a severance agreement and brought suit alleging breach of contract and negligent misrepresentation. The court of appeals overturned the portion of the judgment dealing with the negligent misrepresentation claim. The court concluded that there was no viable negligent misrepresentation claim because the only injury was the economic loss pursuant to the terms of the contract and therefore sounded in contract, not tort.

The Houston First Court of Appeals addressed the issued in *Farah v. Mafrige & Kormanik,* 927 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1996, no pet.). The lawsuit involved an alleged legal malpractice claim revolving around a bank's failure to keep its promise to finance a construction business. After the underlying suit was dismissed, the client brought suit against his attorneys claiming that he had a viable negligent, fraud or negligent misrepresentation claim against the bank. The Houston Court of Appeals determined that there was no viable negligent misrepresentation claim. According to the court, the only duties breached were those resulting from the alleged contract between the client and the bank and the only damage was to the subject matter of the alleged contract and therefore the claim sounded in contract not tort.

The instant case falls squarely within the above-cited decisions. The only duty between MBA and San Benito arises out of the contract between the parties. The only damages sought by

San Benito are the sums it claims it should have been reimbursed by the stop loss carrier and therefore there is no negligent misrepresentation claim.

Additionally, a claim for negligent misrepresentation is generally recognized in place of a breach of contract claim and is not usually available when a contract was in force between the parties. *Abbott v. Pollack*, 946 S.W.2d 513, 518 (Tex.App.—Austin 1997, writ den.). In this case, there is no dispute that there was a contract in existence as well as a stop loss policy in existence and therefore there can be no negligent misrepresentation claim.

### III.

### INSURANCE CODE CLAIM

Local Government Code Section 172.001 *et seq.* governs Texas Political Subdivisions Uniform Group Benefits Program. Section 172.003(3) defines "Political Subdivision" as a county, municipality, special district, school district, junior college district, housing authority or other political subdivision of the state. Accordingly, San Benito's health plan is governed by the Statute.

Section 172.014 Application of Certain Laws provides as follows:

> A risk pool created under this chapter is not insurance or an insurer under the Insurance Code and other laws of this state, and the State Board of Insurance does not have jurisdiction over a pool created under this chapter.

In *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex.App.—Fort Worth 1995, no writ), the court addressed the issue of the applicability of a claim under the Texas Insurance Code to agents of a governmental risk pool. An employee of the City of Colleyville was injured on the job and received benefits pursuant to the City's self-insured workers' compensation plan. The defendant was hired to provide adjusting services for the plan. The employee brought suit against the defendant under the Texas Deceptive Trade Practices Act. The court concluded that

there was no cause of action under the Deceptive Trade Practices Act or Insurance Code. The court reasoned that since the plan was not subject to the Insurance Code, the administrators of the plan, as agents of the plan, were also not subject to the Texas Insurance Code.

In this case, there is absolutely no dispute that San Benito is subject to the Act and that MBA was providing services on behalf of San Benito with respect to the health program. Accordingly, the Insurance Code does not apply to the actions of MBA.

Respectfully submitted,
**THE GARCIA LAW FIRM, P.C.**
201 North 1st Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

By:_____
Cindy A. Garcia
State Bar No. 07631710
Lesslie L. Eanes
State Bar No. 24036513

**ATTORNEYS FOR DEFENDANTS
MANAGED BENEFITS ADMINISTRATOR
AND INSURANCE CONSULTANTS, INC.
AND MBA OF WYOMING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the parties listed below on this the 12th day of April, 2004, via U.S. First Class Mail, Postage Prepaid:

Stephen A. Walravan
Otto S. Good
Shaddox, Compere, Walraven & Good, P.C.
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209

Shelby J. Bush
Piper Rudnick, L.L.P.
1717 Main Street
Suite 4600
Dallas, Texas 75201

Roberta J. Hegland
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3700

Celeste Guerra
Law Office of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

CINDY A. GARCIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-47 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND INSURANCE | § | |
| CONSULTANTS, INC., J. ALLAN HALL | § | |
| & ASSOCIATES, INC., AND MBA OF | § | |
| WYOMING, INC. | § | |

**DEFENDANTS MANAGED BENEFITS ADMINISTRATOR AND
INSURANCE CONSULTANTS, INC.'S AND MBA OF WYOMING, INC.'S
PROPOSED JURY INSTRUCTIONS**

QUESTION _____

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

a.   San Benito Consolidated Independent School District   _____

b.   MBA of Wyoming, Inc.   _____

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Accepted:   _____
Rejected:   _____
Modified:   _____

_____
District Judge

PJC 4.1, PJC 2.1, PJC 2.4

QUESTION _____

If you have answered "Yes" to Question _____ for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

QUESTION _____

What percentage of the negligence that caused the injury do you find to be attributable to each of those listed below and found by you, in your answer to Question _____, to have been negligent?

a.    San Benito Consolidated Independent School District     _____ %

b.    MBA of Wyoming, Inc.     _____ %

Total     _____ 100 _____ %

Accepted: _____
Rejected: _____
Modified: _____

_____
District Judge

PJC 4.3

QUESTION _____

Did MBA of Wyoming, Inc. make a negligent misrepresentation on which San Benito Consolidated Independent School District justifiably relied?

Negligent misrepresentation occurs when—

    a.    a party makes a representation in the course of his business or in a transaction in which he has a pecuniary interest,

    b.    the representation supplies false information for the guidance of others in their business, and

    c.    the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

Answer: _____

Accepted: _____
Rejected: _____
Modified: _____

_____
District Judge

PJC 105.16

If your answer to Question _____ is "Yes," then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate San Benito Consolidated Independent School District for its damages, if any, that were proximately caused by such negligent misrepresentation?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

The pecuniary loss, if any, otherwise suffered as a consequence of San Benito Consolidated Independent School District's reliance on the misrepresentation.

You are further instructed that the pecuniary loss, if any, must be separate and distinct from the loss, if any, suffered by San Benito Consolidated Independent School District as a result of any failure to mail checks.

Do not add any amount for interest on past damages, if any.

Answer in dollars and cents for damages, if any, that—

were sustained in the past;        Answer: _____


Accepted: _____
Rejected: _____
Modified: _____

                                            _____
                                            District Judge

PJC 110.21; *D.S.A., Inc. v. Hillsboro Independent School District,* 973 S.W.2d 662 (Tex. 1998).

QUESTION _____

Did any of the following engage in any unfair or deceptive act or practice that caused damages to San Benito Consolidated Independent School District?

"Unfair or deceptive act or practice" means any of the following:

Making or causing to be made any statement misrepresenting the terms, benefits or advantages of the stop loss insurance policy issued by Companion Life or

Making any misrepresentation relating to the stop loss insurance policy issued by Companion Life by:

a.  making any untrue statement of a material fact; or

b.  failing to state a material fact that is necessary to make other statement not misleading, considering the circumstances under which the statements are made; or

c.  making any statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact.

Answer "Yes" or "No" for each of the following:

a.  Companion Life Insurance Company          _____

b.  J. Allan Hall & Associates, Inc.              _____

c.  MBA of Wyoming, Inc.                        _____

Accepted:     _____
Rejected:     _____
Modified:     _____

_____
District Judge

PJC 102.14, PJC 102.16, PJC 102.19

If your answer to Question _____ is "Yes" for any of the entities, then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

Did any of the following engage in such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

Answer "Yes" or "No" for any entity which you answered "Yes" in Question _____ .

a.   Companion Life Insurance Company            _____

b.   J. Allan Hall & Associates, Inc.            _____

c.   MBA of Wyoming, Inc.                         _____

Accepted:    _____
Rejected:    _____
Modified:    _____

_____
District Judge

PJC 102.21(Modified)

If your answer to Question _____ is "Yes" for any of the entities, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate San Benito Consolidated Independent School District for its damages, if any, that were caused by such unfair or deceptive act or practice?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

The sums San Benito Consolidated Independent School District would have been reimbursed under the stop loss insurance policy

Answer:          $_____

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Accepted:         _____
Rejected:         _____
Modified:         _____

                              _____
                              District Judge

PJC 110.13

If your answer to Question _____ is "Yes" for any of the entities, then answer the following question. Otherwise, do not answer the following question.

QUESTION _____

What sum of money, if any, in addition to actual damages, should be awarded to San Benito Consolidated Independent School District against the following entities because of the entities' conduct was committed knowingly?

Answer in dollars and cents, if any.

a.    Companion Life Insurance Company                 $_____

b.    J. Allan Hall & Associates, Inc.                          $_____

c.    MBA of Wyoming, Inc.                                        $_____

Accepted:        _____
Rejected:        _____
Modified:        _____

_____
District Judge

PJC 110.11

QUESTION _____

Did MBA of Wyoming, Inc. fail to comply with the Administrative Service Agreement, dated October 10, 2000?

You are instructed to only consider MBA of Wyoming, Inc.'s actions with respect to its review, coordination and processing of claims and whether it prepared the checks or drafts for disbursement from the fund or documentation to support these disbursements.

Answer "Yes" or "No."

Answer: _____

Accepted: _____
Rejected: _____
Modified: _____

_____
District Judge

PJC 101.2 (Modified)

If your answer to Question _____ is "Yes," then answer the following question. Otherwise, do not answer the following question.

QUESTION _____:

What sum of money, if any, if paid now in case, would fairly and reasonably compensate San Benito Consolidated Independent School District for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

The sum, if any, that San Benito Consolidated Independent School District would have been reimbursed from the stop loss insurance policy for the claims made the basis of the lawsuit.

Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages, if any, that—

      were sustained in the past;      Answer: _____

Accepted:     _____
Rejected:     _____
Modified:     _____

_____
District Judge

PJC 110.2 (Modified)

QUESTION _____:

Do you find that the acts or omissions, if any, of MBA of Wyoming, Inc. in providing services under the Administrative Services Agreement were made in accordance with the directions of San Benito Consolidated Independent School District in good faith.

Answer "Yes" or "No."

Answer: _____

Accepted: _____
Rejected: _____
Modified: _____

_____
District Judge

Administrative Services Agreement, ¶ 9.

If your answer to Question _____ is "Yes," then answer the following question. Otherwise, do not answer the following question.

You should only assign percentages to the entities you find caused the damage. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The responsibility attributable to any one named below is not necessarily measured by the number of acts or omissions found.

QUESTION _____:

For each entity found by you to have caused the damages to San Benito Consolidated Independent School District, find the percentage caused by:

| | | | |
|---|---|---|---|
| a. | Companion Life Insurance Company | _____ | % |
| b. | J. Allan Hall & Associates, Inc. | _____ | % |
| c. | MBA of Wyoming, Inc. | _____ | % |
| | Total | _____100_____ | % |

Accepted:     _____
Rejected:     _____
Modified:     _____

_____
District Judge

PJC 110.32

## MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC. AND MBA OF WYOMING, INC. PROPOSED VOIR DIRE QUESTIONS

Defendants, Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc., submits the following proposed voir dire questions:

1.    Do you know any of the facts of this case through other personal knowledge or friends?

2.    Do you understand that this is a civil case?  This means that it is a civil dispute rather than a criminal prosecution.

3.    Do you understand that the role of the jury is to be the "judge" of the disputed facts in the case?  This means that each juror must listen to the evidence admitted in court and decide the relative value of that evidence to resolve questions that will be presented to the jury at the conclusion of the evidence.

4.    Do you understand that the parties are entitled to prove facts by circumstantial evidence?  This means, for example, that testimony by a witness who observed a wet umbrella at the front door of a home may be sufficient to prove that it was raining outside, even though there is no testimony that anyone looked or went outside to see whether it was raining.

5.    Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents that person from treating both sides of the dispute the same before hearing any evidence?  For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a juror in an automobile collision case in which one party alleged the other was intoxicated.

6.    Do you understand that the jury-selection process is the sole opportunity that the litigants will have to learn if you have had experiences or have feelings or knowledge that may influence how you view the evidence in this case?

7.    Are you acquainted with the plaintiff in this case?

8.    Are you acquainted with the defendant in this case?

9.    Do you recognize any of the attorneys who are here?

10.    The attorneys in this case are Stephen E. Walraven, Otto S. Good, Celeste Guerra, Norton A. Colvin, Jr., Shelby J. Bush, Roberta J. Hegland, Joseph A. Stallone, and Cindy A. Garcia.  Have you, anyone close to you, or any member of your family (including your spouse, children, stepchildren, parents, brothers, sisters, children-in-law, brothers-in-law, sisters-in-law, or parents-in-law) ever been represented by any of these attorneys?

11.    The following are potential witnesses in this case: Janie Gonzalez and Lorenzo Sanchez Do you know, or do you think you know, any of these people?

12.    Do you know anyone else on the jury panel?

13.    Have you, anyone close to you, or any member of your family ever worked for or been employed by any of the following companies: San Benito Consolidated Independent School District?

14.    Have you, anyone close to you, or any member of your family ever studied law?

15.    Do any of you have a spouse who is a lawyer or who has studied law?

16.    Have you, anyone close to you, or any member of your family ever been employed as a claims investigator, a claims adjuster, or a claims handler?

17.    Have you, anyone close to you, or any member of your family ever been employed as a police officer, sheriff, constable, or other law enforcement officer?

18.    Have you ever served in the armed forces?

19.    Have you ever been a witness at a trial, civil or criminal?

20.    Have you ever been a juror in a trial, civil or criminal?

21.    If yes, were you the presiding juror?

22.    If you were a juror in a civil trial, did the jury reach a verdict?

23.    Has anyone close to you or any member of your family ever been involved as a plaintiff, defendant, or witness in a civil case or ever attended court for any reason?

24.    If yes, is that civil case still pending?

25.    Based on what you have heard about the facts of this case, was the civil action in which your friend or relative was involved similar in any way to this case?

26.    Was there anything about the civil case in which your friend or relative was involved that you believe could have an impact on your ability to be a fair and impartial juror in this case?

27.    Have you ever been a defendant in a suit brought for damages?

28.    If yes, is that case still pending?

29.    Based on what you have heard about the facts of this case, is the civil action in which you are or were a defendant similar in any way to this case?

30.    Is there anything about the civil case in which you are or were a defendant that you believe could have an impact on your ability to be a fair and impartial juror in this case?

31.    Have you ever been a plaintiff in a suit?

32.    If yes, is that case still pending?

33.    Based on what you have heard about the facts of this case, is the civil action in which you are or were a plaintiff similar in any way to this case?

34.    Is there anything about the civil case in which you are or were a plaintiff that you believe could have an impact on your ability to be a fair and impartial juror in this case?

35.    Have you read any advertisements, articles, or editorials concerning lawsuits or jury awards?

36.    Are you a member of any organization that pertains to the justice system or reform or modification of the justice system?

37.    This case is expected to last seven days.  Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

38.    Do you have any physical disability or condition that would interfere with your serving as a juror in this case?

39.    Would you be paid by your employer during jury service?

40.    Have you heard anything during this jury-selection process that causes you concern about your ability to be a fair and impartial juror in this case?

41.    Is there any matter that you would like to discuss privately that bears on your ability to serve as a juror in this case?

42.    Are you or anybody in your family employed as insurance agents or brokers?  If "yes," please describe their employment.

43.    Have you or anybody in your family had an unpleasant experience connected with payments by an insurance company of medical bills?  Would this effect your ability to be fair and impartial?

44.    Are you or anybody in your family employed in a Human Relations or Employee Benefit program position?   Please describe the duties and responsibilities?