IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 003-047 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND | § | |
| INSURANCE CONSULTANTS, INC., | § | |
| J. ALLAN HALL & ASSOCIATES, | § | |
| INC., AND MBA OF WYOMING, INC. | § | |

**DEFENDANT J. ALLAN HALL & ASSOCIATES, INC.'S
MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J. Allan Hall & Associates, Defendant, and before trial of the above entitled and numbered cause has begun, before voir dire examination of the jury, and before receipt of any evidence, make and present this Motion In Limine, asking the Court to instruct all parties, all counsel for parties, and their witnesses to in no way refer to or ask questions about the following matters which would be inadmissible and unduly prejudicial in the trial of this cause, these matters more particularly being:

GRANTED / DENIED

1. Any reference to or evidence of any theory of
   liability or claim for damages which is not properly
   pled in the live pleadings on file at the time of trial.    _____

GRANTED / DENIED

2. Any evidence, reference, statement or innuendo, directly or indirectly, of any complaints of Plaintiff or any other party regarding bad acts on the part of J. Allan Hall not specific to the particularized claims alleged in the live pleadings on file at the time of trial.

_____

3. Any reference to or evidence of any element of damage not properly pled in the live pleadings on file at the time of trial.

_____

4. Any evidence, reference, statement, or innuendo, directly or indirectly, of any misrepresentation by Defendant J. Allan Hall to Plaintiff SBCISD inasmuch as there is no evidence that SBCISD and J. Allan Hall ever interacted.

_____

5. Any evidence, reference, statement or innuendo, directly or indirectly, of any complaints of any other insured or risk pool regarding any alleged bad acts of J. Allan Hall.

_____

6. Any demand for a stipulation or agreement made by plaintiff's attorney or the attorney for any other party in the presence of the jury.

_____

7. That this motion has been filed or any attempt has been made by this defendant to exclude proof or that the Court has excluded proof of any particular matter.

_____

8. Any request or demand from opposing counsel for materials or documents contained in the undersigned's file.

_____

9. That neither plaintiff nor any other party be permitted to call to testify any witnesses that have not been properly and timely designated.

_____

10. That neither plaintiff nor any other party be permitted to attempt to introduce into evidence any photographs, drawings, diagrams, or other documents relevant to the subject matter of this suit not timely identified.

_____


GRANTED / DENIED

15. That neither plaintiff nor any other party be allowed to introduce evidence of special damages other than those that have been property and timely pled.

16. Any statement, reference, question, or document regarding the physical or mental condition of any employee or dependent of an employee of Plaintiff.

17. Any reference or statement, directly or indirectly, concerning any policy or practice of any underwriter of stop loss insurance other than Defendant J. Allan Hall & Associates in this case.

18. Any reference or statement, directly or indirectly, as to the nature or extent of any legal duty owed by Defendant J. Allan Hall & Associates to any other party for the reason that the question or issue of duty is a matter of law for the Court only; therefore, any charge or instructions with respect to this subject is solely within the province of the Court and should come from the Court only.

19. Any statement, reference, question, or document regarding the effect that additional evidence not before the jury has had or might have on the case.

20. Any reference or statement, directly or indirectly, that Defendant J. Allan Hall & Associates is or may have been involved in any related or unrelated, prior or subsequent claims, suits or settlements, or any reference or statement, directly or indirectly, to the amounts involved therein.

21. Any reference or statement, directly or indirectly, regarding past or present earnings, salaries, retirement, and/or benefits of any current or former employee of Defendant, J. Allan Hall & Associates.

22. Any reference or statement, directly or indirectly, to the failure to call any witnesses available equally to either side.

GRANTED / DENIED

23. Any attempt to tender, refer to, read from, offer, or exhibit any statements or reports from any witnesses not present in Court to testify and to be subject to examination by Defendant, J Allan Hall & Associates' counsel with the exception of properly admissible designated deposition testimony or documents that are admissible without testimony from a witness.

24. Any statement, reference, question, or document regarding the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

25. Any reference or statement, inference, or suggestion, directly or indirectly, that Defendant, J. Allan Hall & Associates has not complied with any discovery request.

26. Any reference or statement, inference, or suggestion, directly or indirectly, that Defendant, J. Allan Hall & Associates' witnesses met with counsel prior to trial and/or prepared for trial with the assistance of said counsel.

27. Any statement, reference, question, or document regarding the size of the law firm representing Defendant, J. Allan Hall & Associates in this lawsuit.

28. Any statement, reference, question, or document regarding settlement efforts in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant its Motion in its entirety, and enter its order prohibiting all parties, counsel for parties, and witnesses from in any way referring to or asking questions about, inferring or alluding to, by word, act, deed, or innuendo, any and all of the foregoing matters, at the trial of this case, including the voir dire examination of the jury panel, without first

...

approaching the bench out of the hearing of the jury or jury panel and securing leave of the Court to do so.

Dated: April 12, 2004

Respectfully submitted,

*Roberta J. Hegland by JAS*

Roberta J. Hegland
State Bar No. 09375000
Federal I.D. No. 6842
Joseph A. Stallone
State Bar No. 00797485
Federal I.D. No. 22343
2000 One Shoreline Plaza - South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas 78401-3700
Telephone No.: (361) 882-6644
Telecopier No.: (361) 903-7000
**ATTORNEYS FOR DEFENDANT
J. ALLAN HALL & ASSOCIATES, INC.**

BRACEWELL & PATTERSON, L.L.P.

OF COUNSEL:

Albert George
55 Monument Circle, Suite 1115
Indianapolis, IN 46204
Telephone No.: (317) 264-0020
Facsimile No.: (317) 264-9038

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the parties listed below on this the 12th day of April, 2004:

Celeste Guerra
**LAW OFFICES OF RENE RAMIREZ**
1906 Tesoro
Pharr, Texas 78577

Stephen E. Walraven
Otto S. Good
**SHADDOX, COMPERE, WALRAVEN & GOOD, P.C.**
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209

Cindy A. Garcia
Lesslie L. Eanes
**THE GARCIA LAW FIRM, P.C.**
201 North First Street
Harlingen, Texas 78550

Shelby J. Bush
**PIPER RUDNICK, L.L.P.**
1717 Main Street, Suite 4600
Dallas, Texas 75201

Roberta J. Hegland
Joseph A. Stallone

Corpus Christi\667338.1