56

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-47 |
| | § | |
| COMPANION LIFE INSURANCE | § | |
| COMPANY, MANAGED BENEFITS | § | |
| ADMINISTRATOR AND INSURANCE | § | |
| CONSULTANTS, INC., J. ALLAN HALL | § | |
| & ASSOCIATES, INC., AND MBA OF | § | |
| WYOMING, INC. | § | |

DEFENDANTS MANAGED BENEFITS ADMINISTRATOR
AND INSURANCE CONSULTANTS, INC.'S AND MBA OF
WYOMING, INC.'S OPPOSITION TO JOINT MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE

CONSULTANTS, INC. and MBA OF WYOMING, INC. (collectively "MBA"), and for their

Opposition to the Joint Motion for Sanctions would show unto the Court as follows:

I.

PROCEDURAL BACKGROUND

Although Movants seek to sanction MBA as a result of the Mediation, they fail to accurately

portray the important events surrounding the Mediation. Movants accurately state that the adjuster

for MBA's insurance carrier did not personally attend the Mediation. However, contrary to

Movants' unsupported assertion, he did participate in the ADR proceeding, including more than one

conversation with the Mediator. Additionally, contrary to the assertion of Movants, litigation

counsel for MBA did have authority to settle the case. Movants implicitly concede such as they

make no claim that no settlement offers were made on behalf of MBA at the Mediation. Finally, the

success, or lack thereof, of the Mediation had nothing to do with the lack of personal appearance by

the adjuster but a difference in the parties' view of the case.

## II.

## ARGUMENT

1.    Imposition Of Sanctions Would Be Unjust.

Although not artfully set forth in their Motion, Movants seem to contend that they are entitled

to sanctions either because the AIG adjuster failed to personally appear or MBA acted in bad faith.

Movants cannot succeed on either contention.

With respect to the first contention, Movants have failed to cite any support for the

proposition that sanctions would be just and appropriate for the mere failure to personally attend an

ADR proceeding.  In fact, the cases cited by Movants stand for the opposite proposition.

In *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001), the court specifically found

that the party failed to participate in good faith and based the sanction on that finding.  The court

specifically noted in its opinion that the mediator reported that the party had minimal participation

in the mediation.  It was on the party's actions, not mere the absence of the personal appearance of

the counsel, that the court based its sanctions.

In *Pitman v. Briaker International, Inc.*, 216 F.R.D. 481 (D.Ariz. 2003), the court did not

sanction the party merely for the failure of the insurance company representative to personally attend.

Like *Morgan's Foods*, the court found that the party failed to act in good faith and therefore imposed

sanctions.

In this case, the Movants have not nor can they present any evidence that MBA acted in bad

faith.  In fact, the same rule from which Movants seek sanctions, prohibits them from making their

2

case. Local Rule 16.4.1 governs the confidentiality of ADR proceedings. In sum, it provides that all communications made during an ADR proceeding are confidential, are protected from disclosure, and may not be disclosed to anyone, including the Court, by the provider or parties.

Accordingly, Movants cannot demonstrate that MBA acted in bad faith and therefore cannot establish that sanctions would be just in this case. The Local Rule may be the reason why Movants could not cite this Court to any decision involving the imposition of sanctions for an ADR proceeding after 2000, the year the rule was adopted.

As result of the Local Rule, Movants also cannot establish that there was an causal connection between the unsuccessful Mediation and MBA's actions and therefore are not entitled to sanctions on any grounds.

2.     J. Allan Hall And Companion Life Have No Standing.

J. Allan Hall and Companion Life are Co-Defendants in the lawsuit with MBA but there are no claims between the Co-Defendants. The only claims against J. Allan Hall and Companion Life are those asserted by the Plaintiff.

J. Allan Hall and Companion Life have presented absolutely no legal support for the proposition that Co-Defendants can obtain sanctions against another Defendant as a result of the Co-Defendant's own failure to settle the claims asserted by the Plaintiff. The reason for the admission appears clear: J. Allan Hall and Companion Life have complete and utter control (in addition to the Plaintiff) with respect to whether those claims get settled and MBA is not a party to those claims.

Even if a legal basis existed for such recovery, J. Allan Hall and Companion Life have failed to establish any connection between MBA's actions and their own inability to resolve the Plaintiff's claims against them. As a result, they are not entitled to the relief sought.

3.     The Requested Attorney's Fees And Expenses Are Unreasonable.

Assuming, without admitting, that Movants were entitled to reimbursement of attorney's fees and expenses, Rule 16 of the Federal Rules of Civil Procedure allows for reimbursement of only reasonable attorney's fees and expenses. The attorney's fees and expenses requested by the Movants are not reasonable, especially those sought by J. Allan Hall and Companion Life.

With respect to the attorney's fees and expenses of Roberta J. Hegland, Ms. Hegland charges attorney's fees of $305.00 an hour. That hourly rate is clearly not reasonable and customary. In fact, San Benito's attorney charges only $200.00 an hour.

All the expenses and time of Mr. Albert George are unreasonable and unnecessary. Mr. George is an attorney. There was absolutely no need for him to attend the Mediation as the Mediation could have been attended by his client. The fact that J. Allan Hall chose to employ two (2) attorneys should not be foisted upon MBA. Accordingly, all of Mr. George's time should be ignored.

Mr. George's expenses are also not reasonable. His airfare of $1,792.00 included first class travel for a substantial portion of the trip. Any travel first class is not reasonable nor necessary and therefore must be ignored.

With respect to the attorney's fees for Companion Life, there is no evidence from an individual with personal knowledge. The only "evidence" of those expenses and attorney's fees is

Respectfully submitted,

**THE GARCIA LAW FIRM, P.C.**
201 North 1st Street
Harlingen, Texas  78550
Telephone: (956) 412-7055
Facsimile:  (956) 412-7105


By:_____
          Cindy A. Garcia
          State Bar No. 07631710
          Lesslie L. Eanes
          State Bar No. 24036513

**ATTORNEYS FOR DEFENDANTS**
**MANAGED BENEFITS ADMINISTRATOR**
**AND INSURANCE CONSULTANTS, INC.**
**AND MBA OF WYOMING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the parties listed below on this the ___14th__ day of ___April___, 2004, via U.S. First Class Mail, Postage Prepaid:

Stephen A. Walravan                     Shelby J. Bush
Otto S. Good                            Piper Rudnick, L.L.P.
Shaddox, Compere, Walraven & Good, P.C. 1717 Main Street
1250 N.E. Loop 410, Suite 725           Suite 4600
San Antonio, Texas  78209               Dallas, Texas  75201

Roberta J. Hegland
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Blvd.
Corpus Christi, Texas  78401-3700

Celeste Guerra
Law Office of Rene Ramirez
1906 Tesoro
Pharr, Texas  78577

_____
CINDY A. GARCIA

5