61

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC.** | § | **Cause No. B-003-047** |
| **Defendants.** | § | |

**COMPANION LIFE INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Companion Life Insurance Company ("Companion Life" or "Defendant") files this Unopposed Motion for Leave to File Original Answer to Plaintiff's First Amended Complaint and would respectfully show this Honorable Court the following:

1. Plaintiff originally filed this case in State Court.

2. Defendant filed its Original Answer in accordance with Texas State law in the State Court action on December 30, 2003.

3. Since that time, all parties have engaged in discovery and further factual and legal investigation of this case.

4. Defendant seeks leave of the Court to file its attached Original Answer to Plaintiff's First Amended Complaint in a traditional Federal Court format, and to conform to the facts as it presently understands them.

5. Plaintiff would not be prejudiced by the filing of Defendant's Original Answer to Plaintiff s First Amended Complaint because no new defenses or claims that have not been previously identified in pleadings and/or discovery are being added by this amendment. In fact, by specifically admitting and/or denying allegations in Plaintiff's First Amended Complaint, Defendant's proposed amendment may benefit all parties by streamlining the trial of this case.

6. Under the liberal pleading amendment standards embodied by Rule 15(a) of the Federal Rules of Civil Procedure, leave to file should be granted. *See, e.g., Lowrey* v. *Texas* A&M *University System,* 117 F.3d 242, 245 (5th Cir. 1997) (citing *Foman* v. *Davis,* 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason -- such as undue delay, bad faith . . . [or] undue prejudice to the opposing party . . . the leave sought should, as the rules require, be 'freely given.'")

7. Defendant has attached to this Motion, Defendant Companion Life Insurance Company's Original Answer to Plaintiff's Amended Complaint as Exhibit 1.

**Prayer**

**For these reasons,** Defendant requests the Court grant this Unopposed Motion for Leave and order the Clerk to file Companion Life Insurance Company's Original Answer to Plaintiff's Amended Complaint

Respectfully submitted,

PIPER RUDNICK LLP

By: ______________________________
Shelby J. Bush
State Bar No. 03497045

1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4500 (telephone)
(214) 743-4545 (facsimile)

COUNSEL FOR COMPANION LIFE INSURANCE COMPANY

**CERTIFICATE OF CONFERENCE**

I, Shelby J. Bush, hereby certify that I have conferred with counsel for all other parties and there is no objection to the substance of the subject motion.

______________________________
Shelby J. Bush

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served in compliance with Federal Rules of Civil Procedure on this 21st day of April, 2004 to the following counsel of record:

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Stephen R. Walraven
Shaddox, Compere, Walraven & Good, P.C.
1250 N.E. Loop 410, Suite 725
San Antonio, TX 78209

Roberta Hegland
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, TX 78403-3700

Cindy A. Garcia
The Garcia Law Firm, P.C.
201 North 1st Street
Harlingen, Texas 78550

Shelby J. Bush

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., MICHAEL M. SWETNAM, JR., J. ALLAN HALL & ASSOCIATES, INC., AND MBA OF WYOMING, INC.** | § | **Cause No. B-003-047** |
| | § | |
| **Defendants.** | § | |
| | § | |

**COMPANION LIFE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Companion Life Insurance Company ("Companion Life" or "Defendant") files its Original Answer to Plaintiff's First Amended Complaint (the "Complaint") and Affirmative Defenses (subject to its right to compel arbitration), and states as follows:

**ADMISSIONS AND DENIALS**

1. Defendant admits that this case was removed pursuant to diversity jurisdiction.

2. Defendant is admits the allegations contained within paragraph 2 of the Complaint.

3. Defendant admits that it is a South Carolina corporation with its principal place of business in South Carolina and further admits that it is authorized to conduct business in Texas and does conduct business in Texas.





4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint. Therefore, the allegations are denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint. Therefore, the allegations are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint. Therefore, the allegations are denied.

7. Defendant admits that Plaintiff sponsored a self-funded employee health benefit plan at least during the time-frame from October 1, 2000 through August 31, 2001. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in the first two sentences of paragraph 8 of the Complaint. Defendant admits the allegation contained in the third sentence to the extent that all conditions precedent were not met under the stop-loss contract in order to trigger an obligation under the contract to reimburse appropriate requests for reimbursement. Restated, Defendant admits that once a self-funded plan incurs and pays benefits up to the specific deductible delineated in a stop-loss contract, the stop-loss carrier will reimburse covered claims upon proof of payment according to the terms of the specific stop-loss contract.

9. Defendant admits that J. Allan Hall acted as the agent and representative of Companion Life with respect to providing the stop-loss contract to Plaintiff. Defendant denies that such stop-loss contract is a "policy of insurance". Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint. Therefore, the allegations are denied.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint. Therefore, the allegations are denied.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint. Therefore, the allegations are denied.

13. Defendant denies that J. Allan Hall made any representations to MBA as alleged in paragraph 12 if that is the "representation" referred to in paragraph 13. Defendant admits that the stop-loss contract at issue in this suit contained terms and conditions concerning reimbursement of covered expenses that now forms the basis of Defendant's refusal to reimburse Plaintiff and the claims made the basis of this lawsuit. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint. Therefore, the allegations are denied.

14. Defendant denies that J. Allan Hall made any representations to MBA as alleged in paragraph 12 if that is the "representation" referred to in paragraph 14. Defendant admits that Plaintiff, on behalf of certain employee benefit plan beneficiaries, apparently paid providers in excess of $800,000 but denies that any of that money was paid so as to qualify for reimbursement under the stop-loss contract and thus the money was not reimbursed. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint. Therefore, the allegations are denied.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits that it is a reinsurer that the stop-loss contract at issue in this lawsuit is a policy of reinsurance. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint. Therefore, the allegations are denied

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint does not contain allegations requiring a response from this Defendant. To the extent any such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint does not contain allegations requiring a response from this Defendant. To the extent any such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint does not contain allegations requiring a response from this Defendant. To the extent any such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

**Affirmative Defenses**

1. Plaintiff's Complaint and the causes of action contained therein fail to state a claim upon which relief can be granted.

2. Companion Life is not liable to Plaintiff because all conditions precedent to payment on the stop-loss contract were not performed.

3. Plaintiff's claims are barred by the doctrine of equitable estoppel.

4. Plaintiff has no standing to bring suit in this Court because of the arbitration clause.

5. Plaintiff's claims, if any, are preempted by ERISA. Accordingly, Plaintiff's state law claims should be dismissed.

6. Companion Life affirmatively pleads the pre-judgment interest limitations contained in section 41.007 of the Texas Civil Practices and Remedies Code.

7. Companion Life affirmatively pleads the pre-judgment interest limitations contained in Chapter 304 of the Finance Code.

8. Companion Life's actions or omissions were not the sole proximate cause of any damages suffered by Plaintiff.

9. Plaintiff did not comply with the formal notice requirements of the Texas Insurance Code.

10. Companion Life pleads that Plaintiff's own comparative negligence bars its recovery in whole or in part.

11. Plaintiff's claims are barred because some or all of the damages claimed by Plaintiff were caused by factors outside the control of Companion Life, by the actions of third parties, or by Plaintiff's own actions.

12. Companion Life further alleges that its actions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff and constitute lawful, proper and justified means to further its sole purpose of engaging in and continuing its business. By reason thereof, Plaintiff is barred, in whole or in part, from any recovery on the alleged causes of action in Plaintiff's Complaint.

13. Companion Life further alleges that Plaintiff, in the exercise of reasonable diligence, could have mitigated the alleged monetary damages to itself, if any, and that Plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged monetary damages. By reason thereof, Plaintiff is barred, in whole or in part, from recovering all alleged monetary damages from Companion Life.

## Prayer

**For these reasons,** Companion Life asks the court to dismiss this action, to render a take-nothing judgment against Plaintiff, assess costs against Plaintiff, and award Companion Life all other relief to which it is entitled.

Respectfully submitted,

PIPER RUDNICK LLP

By:____________________________
Shelby J. Bush
State Bar No. 03497045

1717 Main Street, Suite 4600
Dallas, Texas 75201
(214) 743-4500 (telephone)
(214) 743-4545 (facsimile)

COUNSEL FOR COMPANION LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served in compliance with Federal Rules of Civil Procedure on this 21st day of April, 2004 to the following counsel of record:

Celeste Guerra
Law Offices of Rene Ramirez
1906 Tesoro
Pharr, Texas 78577

Stephen R. Walraven
Shaddox, Compere, Walraven & Good, P.C.
1250 N.E. Loop 410, Suite 725
San Antonio, TX 78209

Roberta Hegland
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, TX 78403-3700

Cindy A. Garcia
The Garcia Law Firm, P.C.
201 North 1st Street
Harlingen, Texas 78550

____________________________
Shelby J. Bush