*63*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § | |
| vs. | § § | CIVIL ACTION NO. B-03-047 |
| COMPANION LIFE INSURANCE COMPANY, MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., J. ALLAN HALL & ASSOCIATES, INC., and MBA OF WYOMING, INC. | § § § § § § | |

## JOINT MOTION TO SUPPLEMENT PROPOSED PRETRIAL ORDER

TO THE HONORABLE UNITED STATE DISTRICT COURT:

NOW COMES Plaintiff, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, and Defendants, MBA OF WYOMING, INC., AND MANAGED BENEFITS ADMINISTRATOR AND INSURANCE CONSULTANTS, INC., and file this their Motion to Supplement the Pretrial Order, and as grounds therefor, would show unto the Court as follows:

In the preparation and filing of the Pretrial Order, certain matters were inadvertently omitted. Counsel for Plaintiff was under the impression that certain matters would be filed directly by counsel for MBA, and vis-a-versa. There was no disagreement but that those materials would be included. Those materials consist of MBA's Witness List, and MBA's Exhibit List. Copies of those lists are attached hereto.

Secondly, in the preparation of the Proposed Joint Pretrial Order, three additional contested issues of fact, requested by MBA were inadvertently omitted. A corrected version of the contested issues of fact, including those three additional contested issues of fact, as the last three questions, is also attached.

WHEREFORE, PREMISES CONSIDERED, the parties hereto pray that leave be granted to supplement the Pretrial Order by including the three attachments; that is, MBA's Witness List,

MBA's Exhibit List, and the supplemented Contested Issues of Fact, as attached hereto.

Respectfully submitted,

LAW OFFICES OF RENE RAMIREZ
Celeste Guerra
1906 Tesoro
Pharr, Texas 78577
Telephone: 956/783-7880
FAX # 956/783-7884
AND
SHADDOX, COMPERE, WALRAVEN
   &amp; GOOD, P.C.
1250 N. E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: 210/822-2018
FAX: 210/822-4068

By: _____
        Stephen E. Walraven
        State Bar No. 20796800
        Otto S. Good
        State Bar No. 08139600
**ATTORNEYS FOR PLAINTIFF**

THE GARCIA LAW FIRM, P.C.
201 North 1st Street
Harlingen, Texas 78550
Telephone: 956/412-7055
FAX: 956/412-7105

By: _____
        Cindy A. Garcia
        State Bar No. 07631710
**ATTORNEYS FOR DEFENDANTS,**
**MBA OF WYOMING, INC., AND MANAGED**
**BENEFITS ADMINISTRATOR AND INSURANCE**
**CONSULTANTS, INC.**

## CERTIFICATE OF CONFERENCE

On April 20, 2004, I conferred with opposing counsel in this case on the above matters, and they have no objection to this Motion.

_____
STEPHEN E. WALRAVEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel listed below on this ___ 2 1 5 7 ___ day of April, 2004.

STEPHEN E. WALRAVEN
OTTO S. GOOD

ATTORNEYS FOR DEFENDANT
COMPANION LIFE INSURANCE COMPANY
Mr. Shelby J. Bush
PIPER RUDNICK
1717 Main Street, Suite 4600
Dallas, Texas 75201-4605

ATTORNEYS FOR DEFENDANT
J. ALLAN HALL & ASSOCIATES, INC.
Ms. Roberta J. Hegland
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700

ATTORNEYS FOR DEFENDANTS
MBA OF WYOMING, INC., AND MANAGED BENEFITS
ADMINISTRATOR AND INSURANCE CONSULTANTS, INC.
Ms. Cindy A. Garcia
THE GARCIA LAW FIRM, P.C.
201 North 1st Street
Harlingen, Texas 78550

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | CASE NO: B-030-47 |
| VS | **WITNESS LIST** |
| COMPANION LIFE INSURANCE COMPANY, ET AL. | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record |
| Judge Hilda G. Tagle | |
| List of<br>Managed Benefits Administrator and Insurance<br>Consultants, Inc. and MBA of Wyoming, Inc. | Proceeding                                    Date |

1.      Mr. Don Merrill
        3625 Southwest Temple
        Salt Lake City, Utah 84115
        (801) 743-6003

        Mr. Merrill is expected to testify regarding the July 1999 meeting, industry practice and procedure with respect to "advanced funding," communications with the School District regarding the handling of the claims and the handling of claims under the policy. Mr. Merrill may also testify regarding the corporate structure of the MBA Defendants.

2.      Ms. Phyllis Merrill
        3625 Southwest Temple
        Salt Lake City, Utah 84115
        (801) 743-6003

        Ms. Merrill is expected to testify regarding the July 1999 meeting and communications with the School District regarding the handling of claims.

3.      Mr. Glade Nixon – by deposition
        3625 Southwest Temple
        Salt Lake City, Utah 84115
        (801) 743-6003

        Mr. Nixon is expected to testify regarding the handling of the request for reimbursement to J. Allan Hall and Companion Life under the 2000-2001 stop loss policy.

4.    Ms. Carol Frandsen – by deposition

Ms. Frandsen is expected to testify regarding the mailing of checks to medical providers, the held check list, and her conversations with San Benito regarding release of those checks.

5.    Mr. Doug Routh – by deposition
530 Donald Street
Sonoma, CA 95476

Mr. Routh is expected to testify regarding the July 1999 meeting and his knowledge of industry practices and procedures with respect to "advanced funding" and J. Allan Hall's practices and procedures with respect to "advanced funding."

6.    Mr. J. Allan Hall – by deposition
55 Monument Circle, Suite 1115
Indianapolis, IN 46204
(317)264-0020

Mr. Hall is expected to testify regarding the July 1999 meeting with MBA.

7.    Mr. William Blagg – by deposition
55 Monument Circle, Suite 1115
Indianapolis, IN 46204
(317)264-0020

Mr. Blagg is expected to testify regarding turn around time of claims under the stop loss policy and why the claims were denied.

8.    Mr. Roy Franklin Hutchinson – by deposition
212 Bithynia Circle
Irmo, South Carolina  29063

Mr. Hutchinson is expected to testify regarding the handling of claims for reimbursement under the Companion Life stop loss policy of insurance.


If any other witnesses to be called at trial become known, their names, addresses and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, <br><br> VS <br><br> COMPANION LIFE INSURANCE COMPANY, ET AL. | CASE NO: B-030-47 |
| | **EXHIBIT LIST** |
| | Case Manager: Stella Cavazos <br> Court Reporter: Breck Record |
| Judge Hilda G. Tagle | |
| List of <br> Managed Benefits Administrator and Insurance Consultants, Inc. and MBA of Wyoming, Inc. | Proceeding                    Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Application for Companion Life Policy 99-2000 (Depo. Ex. 6) (SB 00025-28) | | |
| 2 | Application for Companion Life Policy 2000-01 (CL 80-83 (Depo. Ex. 7) | | |
| 3 | Companion Life 2000-01 Policy (CL 85-99) (Dep. Ex. 8) | | |
| 4 | Administrative Service Agreement -2000 (SB 01-08) (Depo. Ex. 15) | | |
| 5 | 10/15/2000 Fax from MBA to SBCISD (SB 464-465) (Depo. Ex. 20) | | |
| 6 | 10/25/02000 Fax from MBA to SBCISD (SB 442-443) Depo. Ex. 22) | | |
| 7 | 11/5/2001 Fax from MBA to SBCISD (SB 429) (Depo. Ex. 23) | | |
| 8 | 10/1/2001 Fax from MBA to SBCISD (SB 489) (Depo. Ex. 26) | | |
| 9 | Administrative Service Agreement 1995 (SB 193-199) (Depo. Ex. 27) | | |
| 10 | Memorandum to File (MBA 50) (Depo. Ex. 29) | | |
| 11 | 6/3/99 Letter from Hall (SB 520-522) (Depo. Ex. 39) | | |
| 12 | 8/17/01 Held Check List (MBA 28) | | |
| 13 | 8/24/01 Held Check List (SB 649) | | |
| 14 | 8/30/01 Held Check List (SB 648) | | |
| 15 | 9/7/01 Held Check List (SB 647) | | |
| 16 | 9/14/01 Held Check List (SB 646) | | |
| 17 | 9/21/01 Held Check List (SB 645) | | |
| 18 | 9/28/01 Held Check List (SB 644) | | |
| 19 | First Notice of Claim (Depo. Ex. 58) | | |
| 20 | Notification of Claim (Depo. Ex. 59) | | |
| 21 | Specific Claim Reimbursement (Depo. Ex. 60) | | |
| 22 | J. Allan Hall Claim Form (Depo. Ex. 61) | | |
| 23 | Claim Form (Depo. Ex. 65) | | |
| 24 | Sanchez 11/8/01 Fax (SB 741) | | |
| 25 | BCS Application 10/2/01 (SB 903-908) | | |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SAN BENITO CONSOLIDATED          §
INDEPENDENT SCHOOL DISTRICT      §
                                 §
vs.                              §                 CIVIL ACTION NO. B-03-047
                                 §
COMPANION LIFE INSURANCE COMPANY,§
MANAGED BENEFITS ADMINISTRATOR   §
AND INSURANCE CONSULTANTS, INC., §
J. ALLAN HALL & ASSOCIATES, INC.,§
and MBA OF WYOMING, INC.         §

## CONTESTED ISSUES OF FACT
### (SUPPLEMENTED)

1.    Whether or not it was the custom and practice of MBA and J. Allan Hall to process all stop-loss claims, as an administrative matter, on the basis that advanced funding was being provided, regardless of any contract language to the contrary.

2.    Whether or not J. Allan Hall and Companion Life waived compliance with a policy requirement that checks be mailed with sufficient funds on deposit, prior to the end of the policy year, to be reimbursable.

3.    Whether or not J. Allan Hall and Companion Life are estopped to assert the breach of the condition precedent, that checks be mailed, with sufficient funds on deposit, prior to the end of the policy period, to be reimbursable.

4.    Whether or not MBAW and MBAICI are a "single business enterprise."

5.    Whether or not MBA of Wyoming, Inc., breached its contract to process health benefit claims, exceeding the $75,000 deductible, in a manner for them to be reimbursable under the Companion Life stop-loss policy.

6.    Whether or not MBAW was negligent in the processing of stop-loss claims, which negligence proximately caused damages to the San Benito Consolidated Independent School District.

7.    Whether or not MBAICI was negligent in the processing of health care claims, which negligence proximately caused damages to the San Benito Consolidated Independent School District.

8.     Whether or not MBAW was negligent in failing to read and understand the Companion Life stop-loss policy, and determine that the terms were as J. Allan Hall represented and as MBA expected, which negligence proximately caused damages to the San Benito Consolidated Independent School District.

9.     Whether or not MBAICI was negligent in failing to read and understand the Companion Life stop-loss policy, and determine that the terms were as J. Allan Hall represented and as MBA expected, which negligence proximately caused damages to the San Benito Consolidated Independent School District.

10.     Whether or not J. Allan Hall misrepresented the terms of the Companion Life policy, which misrepresentation was a producing cause of damages to the San Benito Consolidated Independent School District.

11.     Whether or not J. Allan Hall misrepresented material facts pertinent to the Companion Life policy, concerning the administrative handling of claims consistent with advanced funding, which was a producing cause of damages to the San Benito Consolidated Independent School District.

12.     Whether or not MBAW misrepresented the terms of the 2001-2002 stop-loss policy, as covering the claims being denied by Companion Life, which representation was a producing cause of damages to the San Benito Consolidated Independent School District.

13.     Whether or not MBAICI misrepresented the terms of the 2001-2002 stop-loss policy, as covering the claims being denied by Companion Life, which representation was a producing cause of damages to the San Benito Consolidated Independent School District.

14.     Whether or not J. Allan Hall negligently misrepresented that for all of its stop-loss policies it would process claims on an advanced funding basis, which representation was false, and which representation was relied on by San Benito Consolidated Independent School District and its agents, proximately causing damages to the San Benito Consolidated Independent School District.

15.     Whether or not MBAW and/or MBAICI was acting as the agent of the School District regarding the purchase of the stop-loss insurance at issue in this case, the representations made regarding that stop-loss insurance, and administering the stop-loss insurance program.

16.     What are the reasonable and necessary attorney's fees and expenses incurred by the San Benito Consolidated Independent School District in bringing this case, through trial, and what are the reasonable and necessary attorney's fees and expenses which will, in all probability, be incurred should this case be appealed.

17.     Whether or not J. Allan Hall & Associates, Inc., is a corporation duly organized and existing under the laws of a state other than Texas with its principal place of business located in a state other than the State of Texas, and whether J. Allan Hall & Associates does not hold a managing general agents license from the Texas Department of Insurance.

18.     Whether or not J. Allan Hall is admitted by Secretary of State certificate of admission to do business in the State of Texas, and, whether in the State of Texas, a general agent's license is only required for property and casualty insurance, not for other types of insurance as that at issue here.

19.     Whether or not at all relevant times, J. Allan Hall & Associates, Inc., was acting as the managing general underwriter and agent of Companion Life Insurance Company with respect to the policies of stop-loss insurance and claims at issue in this case.

20.     Whether or not J. Allan Hall & Associates, Inc., and Companion Life Insurance Company refused to reimburse San Benito Consolidated Independent School District for the claims made the basis of the lawsuit.

21.     Whether or not the amount of claims, submitted for reimbursement and rejected for reimbursement by J. Allan Hall & Associates, Inc., and Companion Life Insurance Company total $907,126.88.

22.     Whether or not the only reason for J. Allan Hall & Associates, Inc., and Companion Life Insurance Company's decision not to reimburse those $907,126.88 in claims, is the failure by San Benito Consolidated Independent School District to satisfy, as a condition precedent, the requirement of the term "paid," as set forth in the stop-loss policy.

23.     Whether or not the balance in the School District's account on which MBA personnel wrote checks to pay health insurance claims to health care providers, for the period of August 23 through August 31, 2001, at all times contained $736,570.52, or more, and whether that sum

Page 3 of 4

represented the balance of that account as of August 31, 2001.

24.    Whether or not at all relevant time periods, San Benito Consolidated Independent School District had sufficient funds available in one or more checking accounts to pay the entire $907,126.88 in health care claims.

25.    Whether or not MBA informed San Benito Consolidated Independent School District that it was holding checks to medical providers.

26.    Whether or not San Benito Consolidated Independent School District instructed MBA not to release the held checks prior to August 31, 2001.

27.    Whether or not MBA's actions in handling the claims in question were made in accordance with the directions of San Benito Consolidated School District in good faith.